**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DOROTHY MARSHALL LIVING TRUST, et al. on behalf of itself and all similarly situated persons and entities,** | § § § | |
| ***Plaintiffs*,** | § § | **CIVIL ACTION NO. 3:26-cv-01083** |
| **v.** | § § | |
| **LINEBARGER GOGGAN BLAIR & SAMPSON, LLP, a Texas limited liability partnership, et al.,** | § § § § | |
| ***Defendants*.** | § § | |

**MUNICIPAL DEFENDANTS' APPENDIX IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT AND SUPPORTING MEMORANDUM**

Defendants Dallas County, Dallas County Hospital District (improperly named Parkland Hospital District), Dallas College, Dallas County School Equalization Fund, Dallas Independent School District, and the City of Dallas (collectively, the "Municipal Defendants") file this Appendix in support of their Motion to Dismiss Plaintiffs' Second Amended Complaint and Supporting Memorandum (the "Appendix"). The Appendix contains the following exhibits:

| **Exhibit** | **Description** | **Appendix Number** |
|---|---|---|
| Exhibit A | Final Judgment in *County of Dallas, et al. v. Frank W. Marshall, et al.*, No. TX-86-30635 in the 191st District Court, Dallas County, Texas (judgment for tax years 1975-1989) | App. 1-5 |
| Exhibit B | Final Judgment in *County of Dallas, et al. v. Frank W Marshall, et al.*, No. TX-94-30164 in the 95th District Court, Dallas County, Texas (judgment for tax years 1990-1994) | App. 6-20 |

| Exhibit | Description | Appendix Number |
|---|---|---|
| Exhibit C | Plaintiffs' First Amended Petition in *Dallas Co., et al. v. Dorothy Marshall Living Trust*, No. TX-22-01916 in the 192nd Judicial District Court, Dallas County, Texas | App. 21-67 |
| Exhibit D | Relevant Portions of Defendant's Amended Answer, Counterclaim and Addition of Third-Party Defendant in *Dallas Co., et al. v. Dorothy Marshall Living Trust*, No. TX-22-01916 in the 192nd Judicial District Court, Dallas County, Texas | App. 68-83 |
| Exhibit E | Relevant Portions of Defendant's Second Amended Answer to Plaintiffs' Amended Petition and First Amended Third-Party Petition in *Dallas Co., et al. v. Dorothy Marshall Living Trust*, No. TX-22-01916 in the 192nd Judicial District Court, Dallas County, Texas | App. 84-106 |
| Exhibit F | Relevant Portions of Defendant's Response to First Amended Motion for Summary Judgment (Oral Hearing Requested) in *Dallas Co., et al. v. Dorothy Marshall Living Trust*, No. TX-22-01916 in the 192nd Judicial District Court, Dallas County, Texas | App. 107-141 |
| Exhibit G | Order Granting Plaintiffs' Application of Writ of Scire Facias in *County of Dallas, et al. v. Frank W. Marshall, et al.* No. TX-86-30635(T-G) in the 134th Judicial District Court, Dallas County, Texas | App. 142-144 |
| Exhibit H | Order Granting Plaintiffs' Application of Writ of Scire Facias in *County of Dallas, et al. v. Frank W. Marshall, et al.*, No. TX-94-30164 (T-D) in the 95th Judicial District Court, Dallas County, Texas | App. 145-147 |
| Exhibit I | Notice of Appeal of Order Granting Plaintiffs' Application of Writ of Scire Facias in *County of Dallas, et al. v. Frank W. Marshall, et al.*, No. TX-86-30635 in the 134th Judicial District Court, Dallas County, Texas | App. 148-151 |
| Exhibit J | Notice of Appeal of Plaintiffs' Application of Writ of Scire Facias in *County of Dallas, et al. v. Frank W. Marshall, et al.*, No. TX-94-30164 in the 95th Judicial District Court, Dallas County, Texas | App. 152-155 |

| Exhibit | Description | Appendix Number |
|---|---|---|
| Exhibit K | Docket Sheet of Pending Application for Writ of Mandamus *In Re Dorothy Marshall Living Trust*, No. 26-1019 in the Texas Supreme Court | App. 156-159 |
| Exhibit L | Order Denying Relator's Petition for Mandamus in *In Re Dorothy Marshall Living Trust*, No. 05-25-00363-CV in the Court of Appeals Fifth District of Texas at Dallas | App. 160-161 |
| Exhibit M | Order Denying Relator's Motion for En Banc Consideration in *In Re Dorothy Marshall Living Trust*, No. 05-25-00363-CV in the Court of Appeals Fifth District of Texas at Dallas | App. 162-163 |
| Exhibit N | Order Granting Third-Party Defendant's Traditional Motion for Summary Judgment in *Dallas Co., et al. v. Dorothy Marshall Living Trust*, No. TX-22-01916 in the 192nd Judicial District Court, Dallas County, Texas | App. 164-167 |
| Exhibit O | Memorandum Opinion Denying Relator's Petition for Writ of Mandamus in *In Re Dorothy Marshall Living Trust*, No. 05-26-00860-CV in the Court of Appeals Fifth District of Texas at Dallas | App. 168-170 |
| Exhibit P | Order Granting Third-Party Defendant's Motion to Sever and Motion for Sanctions Against Third-Party Plaintiff's Attorneys Stephen G. Gleboff and Joan E. Marshall in *Dallas Co., et al. v. Dorothy Marshall Living Trust*, No. TX-22-01916 in the 192nd Judicial District Court, Dallas County, Texas | App. 171-181 |

Dated: September 30, 2026

Respectfully submitted,

**TROUTMAN PEPPER LOCKE LLP**

*<u>/s/ Robert T. Mowrey</u>*
**Robert T. Mowrey**
State Bar No. 14607500
rob.mowrey@troutman.com
**Roger B. Cowie**
State Bar No. 00783886
roger.cowie@troutman.com
**Kaci M. Jones**
State Bar No. 24136933
kaci.jones@troutman.com
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T: (214) 740-8000
F: (214) 740-8800

*Counsel for Defendants Dallas County, Dallas County Hospital District (improperly named Parkland Hospital District), Dallas College, Dallas County School Equalization Fund, Dallas Independent School District, and the City of Dallas*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 30, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the counsel who have registered with this Court.

*<u>/s/ Robert T. Mowrey</u>*
Robert T. Mowrey

# EXHIBIT A

T58/165

86-30635-T-G

| | | |
|---|---|---|
| COUNTY OF DALLAS, ET AL | : | IN THE DISTRICT COURT |
| VS. | : | 134TH JUDICIAL DISTRICT |
| FRANK W. MARSHALL | : | DALLAS COUNTY, TEXAS |

## FINAL JUDGMENT

On this day came on to be heard the above-entitled and numbered cause, and appeared the Plaintiffs, COUNTY OF DALLAS, CITY OF DALLAS AND DALLAS INDEPENDENT SCHOOL DISTRICT, by and through their attorney of record, and announced ready, and appeared the Defendants, FRANK W. MARSHALL AND DOROTHY MARSHALL, ~~in person and~~ by attorney and announced ready, and waived jury trial and the Court proceeded to hear and consider the pleadings, the evidence and argument of counsel; and upon a hearing of Plaintiffs' Petition and after consideration of all matters of record in this cause, the Court is of the opinion that the law and the facts are with the Plaintiffs and that the Plaintiffs should recover judgment as is hereinafter provided.

It is therefore ORDERED, ADJUDGED AND DECREED by the Court that the Plaintiff, COUNTY OF DALLAS, do have and recover judgment against the Defendants, FRANK W. MARSHALL AND DOROTHY MARSHALL, in the sum of $26,705.11, said amount being taxes, penalty and interest duly levied and assessed by said Plaintiff on real property situated at:

PART LOT 10 AND 11 ABRAMS HTS SITUATED IN CITY BLOCK 5585-12 IN THE CITY OF DALLAS, DALLAS COUNTY, TEXAS, AS SHOWN BY A DEED





25×10

OF RECORD IN VOLUME 70160 PAGE 673 OF THE DEED RECORDS OF DALLAS COUNTY, TEXAS,

within Dallas County, Texas, for the fiscal years 1975-~~1989~~ 1988, assessed ~~and market value being $809,710.00~~, for a total judgment with interest thereon from this date at 10% per annum; and the sum of $146.03, which the Court finds to be a reasonable attorney's fee to be charged as costs of Court; and it is further ORDERED AND DECREED by the Court that said Plaintiff's superior tax lien be, and the same is, foreclosed on the above described parcel of land against Defendants, FRANK W. MARSHALL AND DOROTHY MARSHALL.

It is further ORDERED, ADJUDGED AND DECREED that the Plaintiff, COUNTY OF DALLAS, do have and recover judgment against Defendants, FRANK W. MARSHALL AND DOROTHY MARSHALL, in the sum of $973.56, said amount being the taxes prorated for 1989 to the date of this judgment.

It is further ORDERED, ADJUDGED AND DECREED that the Plaintiff, CITY OF DALLAS AND DALLAS INDEPENDENT SCHOOL DISTRICT, do have and recover judgment against Defendants, FRANK W. MARSHALL AND DOROTHY MARSHALL, in the sum of $124,097.47, said amount being the taxes, penalty and interest duly levied and assessed by said Plaintiff on real property situated at:

PART LOT 10 AND 11 ABRAMS HTS SITUATED IN CITY BLOCK 5585-12 IN THE CITY OF DALLAS, DALLAS COUNTY, TEXAS, AS SHOWN BY A DEED OF RECORD IN VOLUME 70160 PAGE 673 OF THE DEED RECORDS OF DALLAS COUNTY, TEXAS,





25×

within Dallas County, Texas and for the fiscal years 1974-~~1989~~ 1988, assessed ~~and market value being $809,710.00,~~ for a total judgment with interest thereon from this date at 10% per annum; and the sum of $814.00, which the Court finds to be a reasonable attorney's fee to be charged as costs of Court; and it is further ORDERED and DECREED by the Court that said Plaintiff's superior tax lien be, and the same is foreclosed on the above-described parcel of land against Defendants, FRANK W. MARSHALL AND DOROTHY MARSHALL.

It is further ORDERED, ADJUDGED AND DECREED that the Plaintiff, CITY OF DALLAS AND DALLAS INDEPENDENT SCHOOL DISTRICT, do have and recover judgment against Defendants, FRANK W. MARSHALL AND DOROTHY MARSHALL, in the sum of $5,428.68, said amount being the taxes prorated for 1989 to the date of this judgment.

It is further ORDERED AND DECREED by the Court that execution and order of sale do issue commanding the Sheriff or any Constable of Dallas County to seize and sell the parcel of land as under execution and that the proceeds of such sale be applied first to the costs of making said sale and costs of Court and then to the payment of the judgments herein recovered and the balance, if any, to the person or persons legally entitled thereto.

It is further ORDERED AND DECREED by the Court that the tax lien upon the hereinbefore described parcel of land securing the payment of said respective amounts be and the same is hereby foreclosed.





25×

The sale of said parcel of land shall be made subject to the rights of redemption as provided by law.

Further Plaintiffs, COUNTY OF DALLAS, CITY OF DALLAS AND DALLAS INDEPENDENT SCHOOL DISTRICT, shall recover as a part of the costs the sum of $100.00 for ascertaining the name and identity as to owners, mortgagees, and description of property as prescribed by statutes.

It is further ORDERED that $100.00 shall be added as a fee for the Master in Chancery for the Civil District Courts, of Dallas County, Texas as provided in Sec. 1.13 Vernon's Texas Tax Code Annotated.

It is further ORDERED, ADJUDGED AND DECREED that all court costs herein be taxed against the Defendants, FRANK W. MARSHALL AND DOROTHY MARSHALL.

And it is further ORDERED AND DECREED by the Court that Writ of Possession do issue to the purchasers of said parcel of land within thirty (30) days from and after the expiration of the two-year period of redemption provided by law in cases of foreclosure sale of real estate for taxes.

It is further ORDERED AND DECREED by the Court that the judgments herein recovered and all court costs herein shall be paid out of the proceeds of the sale of the above-described parcel of land and not otherwise.

SIGNED this 17 day of August, 1989.

JUDGE PRESIDING

FINAL JUDGMENT PAGE 4

Former Judge 305th Judicial District Court 134th 101st Judicial District

# EXHIBIT B

090

NO. 94-30164-T-D

| | | |
|---|---|---|
| COUNTY OF DALLAS, ET AL | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 95TH JUDICIAL DISTRICT |
| | § | |
| FRANK W. MARSHALL, ET AL | § | DALLAS COUNTY, TEXAS |

FINAL JUDGMENT 143T/101

On the 2nd day of November, 1994, came on to be heard the above-entitled and numbered cause, and appeared the Plaintiffs, COUNTY OF DALLAS, in its own behalf, and on behalf of other political subdivisions whose taxes are collected by the Dallas County Tax Assessor Collector, the DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, the PARKLAND HOSPITAL DISTRICT and the DALLAS COUNTY SCHOOL EQUALIZATION FUND, and the the CITY OF DALLAS, in its own behalf, and on behalf of other politicial subdivisions whose taxes are collected by the City of Dallas Tax Collector, the DALLAS INDEPENDENT SCHOOL DISTRICT and the DALLAS COUNTY EDUCATION DISTRICT, and announced ready, and the Defendants, Frank W. Marshall, appeared in person and by attorney and announced ready; Dorothy Marshall, appeared by attorney and announced ready; and the Defendants, the RTC As Receiver For Bright Banc Savings Association #6952 (In Rem Only), and the United States of America on behalf of its agency the Internal Revenue Service (In Rem Only), filed an answer and having been duly notified, failed to appear; and the Defendant, C. H. McKerreghan (In Rem Only), appeared in person; and the Defendant, Interfederal Capital, Inc., (In Rem Only), having filed a waiver of service, and having been duly notified, failed to appear.

It appearing to the Court that the date and time for the appearance of the Defendants has passed and that the return of service has been on file herein in the manner and for the length of time provided by law, and the parties having waived a jury, the court proceeded to hear and consider the pleadings, the evidence, and argument of counsel.

And upon hearing of Plaintiffs' Petition and after consideration of all matters of record in this cause, the Court is of the opinion and finds that the law and the facts are with the Plaintiffs and that Plaintiffs should recover judgment as is hereinafter provided.

It is, therefore, ORDERED, ADJUDGED, AND DECREED by the Court that the Plaintiffs, COUNTY OF DALLAS, the DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, the PARKLAND HOSPITAL DISTRICT and the DALLAS COUNTY SCHOOL EQUALIZATION FUND, do have and recover judgment against the Defendants, Frank W. Marshall (In Rem Only), Dorothy Marshall, the RTC As Receiver For Bright Banc Savings Association #6952 (In Rem Only), the United States of America on behalf of its agency the Internal Revenue Service (In Rem Only), Interfederal Capital, Inc. (In Rem Only), and C. H. MCKerreghan (In Rem Only), for the year 1990 in the sum of $3,401.06, plus 10% per annum from this date until paid.

It is, therefore, ORDERED, ADJUDGED, AND DECREED by the Court that the Plaintiffs, COUNTY OF DALLAS, the DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, the PARKLAND HOSPITAL DISTRICT and the DALLAS COUNTY SCHOOL EQUALIZATION FUND, do have and recover judgment

against the Defendants, Frank W. Marshall, Dorothy Marshall, the RTC As Receiver For Bright Banc Savings Association #6952 (In Rem Only), the United States of America on behalf of its agency the Internal Revenue Service (In Rem Only), Interfederal Capital, Inc. (In Rem Only), and C. H. McKerreghan (In Rem Only), for the years 1991 - 1993 in the sum of $10,007.27, plus 10% per annum from this date until paid.

It is further ORDERED, ADJUDGED, AND DECREED by the Court that the Plaintiffs, the CITY OF DALLAS and the DALLAS INDEPENDENT SCHOOL DISTRICT, have and recover of and from the Defendants, Frank W. Marshall (In Rem Only), Dorothy Marshall, the RTC As Receiver For Bright Banc Savings Association #6952 (In Rem Only), the United States of America on behalf of its agency the Internal Revenue Service (In Rem Only), Interfederal Capital, Inc. (In Rem Only), and C. H. McKerreghan (In Rem Only), for the year 1990 in the sum of $16,813.43, plus 10% per annum from this date until paid.

It is further ORDERED, ADJUDGED, AND DECREED by the Court that the Plaintiffs, the CITY OF DALLAS, the DALLAS INDEPENDENT SCHOOL DISTRICT and the DALLAS COUNTY EDUCATION DISTRICT, have and recover of and from the Defendants, Frank W. Marshall, Dorothy Marshall, the RTC As Receiver For Bright Banc Savings Association #6952 (In Rem Only), the United States of America on behalf of its agency the Internal Revenue Service (In Rem Only), Interfederal Capital, Inc. (In Rem Only), and C. H. McKerreghan (In Rem Only), for the years 1991 - 1993, in the sum of $49,013.02 at 10% per annum from this

date until paid.

All of the above awarded amounts are taxes, penalties, interest, and collection fees duly levied and assessed by Plaintiffs on real property situated at:

PART OF LOT 10 AND 11-150X364.4X122X353.1, BROOKVIEW DRIVE, SUNNYBROOK ESTATES, CITY BLOCK 5585-12, SITUATED IN THE CITY OF DALLAS, DALLAS COUNTY, AS SHOWN BY A DEED OF RECORD IN VOLUME 70160 PAGE 673 OF THE DEED RECORDS OF DALLAS COUNTY, TEXAS, AND MORE COMMONLY ADDRESSED AS 4930 BROOKVIEW DRIVE, DALLAS, DALLAS COUNTY, TEXAS, AND FURTHER DESCRIBED IN EXHIBIT "A" ATTACHED HERETO.

In the event that the property described above is sold pursuant to this Court Order, COUNTY OF DALLAS, the DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, the PARKLAND HOSPITAL DISTRICT and the DALLAS COUNTY SCHOOL EQUALIZATION FUND, shall recover from the proceeds of such sale, in addition to the above amounts, the current year's taxes, which the Court finds to be $1,851.30.

In the event that the property described above is sold pursuant to this Court Order, the CITY OF DALLAS and the DALLAS INDEPENDENT SCHOOL DISTRICT, shall recover from the proceeds of such sale, in addition to the above amounts, the current year's taxes, which the Court finds to be $9,443.16.

Further that the appraised and market value of said property is $683,270.00.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that any amount of money remaining after the taxes, penalties, interest and costs have been paid according to the terms of this judgment, said amount

shall be paid to the United States of America to be applied to the satisfaction of the outstanding federal tax lien plus statutory additions set out in said cause.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the United States of America retains its right of redemption in the foreclosed property pursuant to 28 U.S.C §2410 AND 26 U.S.C. § 7425(d).

Further Plaintiffs shall recover as a part of the costs the sum of $125.00 for ascertaining the name and identity as to owners, mortgagees, and description of property as prescribed by statutes.

It is further ORDERED AND DECREED by the Court that execution and order of sale do issue commanding the Sheriff or any Constable of Dallas County to seize and sell the parcel of land as under execution and that the proceeds of such sale be applied first to the costs of making said sale and costs of Court and then to the payment of the judgments herein recovered and the balance, if any, to the person or persons legally entitled thereto.

It is further ORDERED AND DECREED by the Court that the tax liens upon the hereinbefore described tracts securing the payment of said respective amounts be and the same are hereby foreclosed.

The sale of said tracts of land shall be made subject to the rights of redemption as provided by law.

And it is further ORDERED AND DECREED by the Court that Writ of Possession do issue to the purchasers of said parcel of land within twenty (20) days from and after the expiration of the redemption period as provided by law in cases of foreclosure sale

of real estate for taxes.

It is further ORDERED AND DECREED by the Court that the judgments herein and all costs of suit recovered shall be paid out of the proceeds of the sale or sales of the above-described parcels of land, and that Plaintiffs may pursue legal remedies for personal liability against Defendants as allowed by law.

Further, all costs of court are hereby taxed against the Defendants for which let execution issue.

Any relief not herein expressly granted is denied.

SIGNED this the 4th day of November, 1994.

JUDGE PRESIDING

Former Judge 110th Judicial District Court Sitting for Judge 160th Judicial District Court Sitting for Judge 95th Judicial District Court Dallas County, Texas

EXHIBIT A

GF-70-F-34723-vmt
Deed/assump.+ 2nd. $3.50 ff

AUG-18-70 120926 70-LS

STATE OF TEXAS
COUNTY OF DALLAS

DEED RECORD

KNOW ALL MEN BY THESE PRESENTS:

That we,

EDWARD F. SAVILLE and wife, CHARLOTTE A. SAVILLE,

of Dallas County, Texas, in consideration of the sum of TEN & NO/100 - - - - - - - - - - - - - - - - - - DOLLARS ($ 10.00 ) cash and other good and valuable considerations, to said grantors in hand paid by the grantees hereinafter named, the receipt of which is hereby acknowledged, AND THE FURTHER CONSIDERATION of the assumption and agreement by the grantees herein to pay off and discharge as the same shall become due and payable the unpaid principal balance amounting to FORTY ONE THOUSAND SEVEN HUNDRED SIX & 79/100 - - - Dollars, - - - ($41,706.79) - - - as of August 1, 1970, with interest paid to August 1, 1970, owing on that one certain promissory note dated September 17, 1964, in the original principal sum of $47,500.00, executed by VALENTINE J. MILLERS and wife, URSULA WOLF MILLERS, payable to the order of DALLAS FEDERAL SAVINGS AND LOAN ASSOCIATION, in monthly installments ~~of - each~~, as therein specified, with interest at the rate ~~of~~ provided therein; ~~per cent per annum~~, and which said note is secured by vendor's lien retained in deed of even date therewith from KARL R. MIRKES, ET UX to VALENTINE J. MILLERS, ET UX, recorded in Volume 405, Page 626 of the Deed Records of Dallas County, Texas, and being additionally secured by deed of trust of even date therewith to LLOYD S. BOWLES, ET AL, Trustee, recorded in Volume 405, Page 1567, of the Deed of Trust Records of Dallas County, Texas.

TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

AND THE FURTHER CONSIDERATION of the execution and delivery by the grantees herein of their one certain promissory note dated August 11, 1970, in the principal sum of ELEVEN THOUSAND & NO/100 DOLLARS, payable to grantors herein, bearing interest at the rate ~~of~~ provided therein; ~~per cent per annum~~, and payable at the rate ~~of $~~ specified therein; ~~per month, the first payment being due on the — day of — 19—, and a like installment being due and payable on the — day of each and every month thereafter until both principal and interest are fully paid;~~ said note being additionally secured by vendor's lien

VOL PAGE
70160 0673



EXHIBIT A

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN DALLAS
COUNTY CLERK'S OFFICE

retained in this deed and deed of trust of even date herewith to LYNN E. NICHOLSON , Trustee;

have GRANTED, SOLD AND CONVEYED, and by these presents do GRANT, SELL AND CONVEY unto FRANK W. MARSHALL and wife, DOROTHY MARSHALL,

of Dallas County, Texas, all that certain property situate in the County of Dallas , State of Texas, described as follows, to-wit:

BEING part of LOTS 10 and 11, in BLOCK 12/5585 of SUNNYBROOK ESTATES, a Subdivision of the City of Dallas, Texas, according to the Map thereof recorded in Volume 5 at Page 13 of the Map Records of Dallas County, Texas, and being more particularly described by metes and bounds as follows:

BEGINNING at the North corner of Lot 10 and the East corner of Lot 11, said point being in the Southwest line of Brookview Drive; THENCE in a Northwesterly direction and along the Southwest line of Brookview Drive, a distance of 90 ft. to an iron pipe for corner; THENCE in a Southerly direction, 364.4 ft. to an iron pipe in the Southwest line of Lot 11, 62 ft. Northwest of the South corner of Lot 11; THENCE in a Southeasterly direction along the Southwest line of Lots 10 and 11, a distance of 122 ft. to an iron pipe 60 ft. Southeast of the West corner of Lot 10; THENCE in a Northerly direction, a distance of 353.1 ft. to an iron pipe in the Southwest line of Brookview Drive, 60 ft. Southeast of the North corner of Lot 10; THENCE in a Northwesterly direction along the Southwest line of Brookview Drive, a distance of 60 ft. to POINT OF BEGINNING, and containing 1.1 acres, more or less.

This conveyance is made subject to zoning laws, regulations and ordinances of municipal and other governmental authorities, if any, affecting this property, and to:

Grantees herein assume full payment of all taxes for the current year.

The $11,000.00 note and liens securing same are and shall be subordinate, secondary, inferior to the first lien in favor of DALLAS FEDERAL SAVINGS AND LOAN ASSOCIATION, together with all renewals, extensions and rearrangements thereof, or any part or parts thereof.

TO HAVE AND TO HOLD the said premises, together with all rights, hereditaments and appurtenances thereto belonging unto the said grantees above named, their heirs and assigns forever. And we do hereby bind ourselves and our heirs, executors and administrators, to WARRANT AND FOREVER DEFEND the title to the said property unto the said grantees above named, their heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

But it is expressly agreed and stipulated that the vendor's lien is retained against the above described property, premises and improvements until the above described notes and all interest thereon are fully paid according to the face and tenor, effect and reading thereof, when this deed shall become absolute.

70160 0674

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN DALLAS
COUNTY CLERK'S OFFICE

EXECUTED this 11th day of August, 1970.

Ed. F. Saville
EDWARD F. SAVILLE

Charlotte A. Saville
CHARLOTTE A. SAVILLE

STATE OF TEXAS
COUNTY OF DALLAS }

BEFORE ME, the undersigned, a Notary Public in and for the State and County aforesaid, on this day personally appeared EDWARD F. SAVILLE and wife, CHARLOTTE A. SAVILLE, known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged to me that they executed the same for the purposes and consideration therein expressed.

Given Under My Hand and Seal of Office this the 14 day of August, 1970.

Notary Public in and for Dallas County, Texas.

VOL PAGE
70160 0675

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN DALLAS
COUNTY CLERK'S OFFICE

GF-70-P-34723

Form 18 — Fred F. Hensley, Galveston, Texas

# General Warranty Deed

With Assumption and
S[illegible]ond Lien

EDWARD F. SAVILLE, ET UX

TO

FRANK W. MARSHALL, ET UX

Return to MR. MARSHALL
4930 Brookview, DALLAS

STATE OF TEXAS COUNTY OF DALLAS
I hereby certify that this instrument was filed on the date and time stamped hereon by me and was duly recorded in the volume and page of the named records of Dallas County, Texas as stamped hereon by me.

AUG 18 1970

Tom E. Ellis
COUNTY CLERK, Dallas County, Texas

FILED
AUG 18 10 29 AM '70
Tom E. Ellis
COUNTY CLERK
DALLAS COUNTY

VOL. PAGE
70160 0676

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN DALLAS
COUNTY CLERK'S OFFICE

THE STATE OF TEXAS }
COUNTY OF DALLAS }
I hereby certify that the above and foregoing is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, filed on the date stamped thereon and as the same is recorded in the Recorder's Records in my office under the volume and page stamped thereon. I hereby certify on

JUL 19 1994

COUNTY CLERK, Dallas County, Texas

By ______ Deputy

# EXHIBIT C

FILED
2/17/2025 11:38 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Matthew Little DEPUTY

**SUIT NO. TX-22-01916**

| | | |
|---|---|---|
| **DALLAS COUNTY, ET AL** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **192ND JUDICIAL DISTRICT** |
| | § | |
| **DOROTHY MARSHALL LIVING TRUST** | § | |
| | § | **DALLAS COUNTY, TEXAS** |

**PLAINTIFFS' FIRST AMENDED PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

I.

**PLAINTIFFS**

This suit is brought under TEXAS PROPERTY TAX CODE § 33.41 by the following named Plaintiffs, whether one or more, each of which is a taxing unit and legally constituted and authorized to impose and collect taxes on property:

**DALLAS COUNTY, PARKLAND HOSPITAL DISTRICT, DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, DALLAS COUNTY SCHOOL EQUALIZATION FUND, DALLAS INDEPENDENT SCHOOL DISTRICT AND CITY OF DALLAS**

The Plaintiffs intend discovery to be conducted under Level 2 of Rule 190, Texas Rules of Civil Procedure.

**DEFENDANT(S)**

The following are named as Defendant(s) in this suit. Said defendant has been served with citation and made an appearance herein and is before the Court.

**Dorothy Marshall Living Trust, Trust Company, upon whom service may be obtained by serving its Trustee, Joan Marshall at 4930 Brookview Drive, Dallas, TX 75220-3918;**

if unknown, whose location is unknown, and such person's unknown heirs, successors and assigns, whose identity and location are unknown, unknown owners, such unknown owner's heirs, successors and assigns, and any and all other persons, including adverse claimants, owning or having or claiming any legal or equitable interest in or lien upon the property which is the subject of the delinquent tax claim in this case.

II.

Claims for all taxes becoming delinquent on said property at any time subsequent to the filing of this suit, up to the day of judgment, including all penalties, interest, attorney's fees, and costs on same, are incorporated in this suit, and Plaintiffs are entitled to recover the same, upon proper proof, without further citation or notice. Plaintiffs are further entitled to recover each penalty that is incurred and all interest that accrues on all delinquent taxes imposed on the property from the date of judgment to the date of sale. Plaintiffs previously filed a related case in a lawsuit styled and numbered as follows: Suit



**Appendix 22**

No. 86-30635-T-G, styled COUNTY OF DALLAS, ET AL VS. FRANK W MARSHALL, ET AL, which was filed in the 134TH DISTRICT COURT of Dallas County, Texas. Plaintiffs previously filed a related case in a lawsuit styled and numbered as follows: Suit No. 94-30164-T-D, styled COUNTY OF DALLAS, ET AL VS. FRANK W. MARSHALL, ET AL, which was filed in the 95TH DISTRICT COURT of Dallas County, Texas. Plaintiffs previously filed a related case in a lawsuit styled and numbered as follows: Suit No. TX-14-41112, styled DALLAS COUNTY, ET AL VS. DOROTHY MARSHALL, DOROTHY MARSHALL LIVING TRUST, ET AL, which was filed in the 193RD DISTRICT COURT of Dallas County, Texas. Plaintiffs previously filed a related case in a lawsuit styled and numbered as follows: Suit No. TX-20-00820, styled CITY OF DALLAS, ET AL VS. DOROTHY M. MARSHALL LIVING TRUST, which was filed in the 298TH DISTRICT COURT of Dallas County, Texas.

## III.
## Two Previous Judgments Are Not the Subject of This Action

Plaintiffs previously obtained two judgments which remain wholly unpaid and due and owing. In Cause No. 86-30635-T-G, styled *County of Dallas et al v. Frank Marshall*, the 134th District Court of Dallas County, Texas awarded taxes, penalties, interest, and costs/court costs for tax years 1974-1988 and pro-rated for tax year 1989 (which was statutorily permitted at that time).

In Cause No. 94-30164-T-D, styled *County of Dallas et al v. Frank W. Marshall et al*, the 95th District Court of Dallas County, Texas awarded taxes, penalties, interest, and court costs for tax years 1990-1993.

Because both of these judgments have been fully adjudicated, have become final and non-appealable, the amounts awarded therein are not the subject of this instant action.

This case, and this amended petition, is being filed to clarify the tax years which fall within the subject of this instant case, to wit: tax years 1994-2024. Attached hereto as Exhibit "A" and "B" are tax statements from the Dallas County Tax Assessor/Collector's office which reflect the amounts due and owing (1) Exhibit "A" is inclusive of **all** tax years including the years in the previous judgment. However, as to the years 1974-1993, Plaintiffs are not seeking recovery of those years through this action.

Additionally, Exhibit "B" reflects only the amounts due (exclusive of the two judgments referenced above) which amounts are being sought in this action and remain due and owing for tax years 1994-2024.

As to the property shown in Exhibits "A" and "B", there are delinquent taxes, penalties, interest, attorney's fees, and costs justly due, owing, and unpaid to Plaintiffs for the tax years and in the amounts shown therein, said exhibit being attached hereto and made a part hereof by reference for all purposes.

IV.

All of the taxes were authorized by law and legally imposed in the county in which this suit is brought. The taxes were imposed in the amount(s) stated in Exhibits "A" and "B", on each separately described property for each year specified and, on each person, named, if known, who owned the property on January 1 of the year for which the tax was imposed. Plaintiffs now have and assert a lien on each property described herein to secure the payment of all taxes, penalties, interest, attorney's fees, and costs due. Plaintiffs affirmatively aver that all things required by law to be done have been done properly by the appropriate officials and all conditions precedent have been met.

V.

All of the property described in Exhibits "A" and "B", was, at the time the taxes were assessed, located within the territorial boundaries of each taxing unit in whose behalf this suit is brought. All Defendants named in this suit either owned the property that is the subject of this suit on January 1 of the year in which taxes were imposed on said property or owned or claimed an interest in said property at the time of the filing of this suit.

VI.

The Law Firm represented by the attorney whose name is signed hereto is legally authorized and empowered to institute and prosecute this action on behalf of Plaintiffs. Plaintiffs should recover attorney's fees as provided by law for the prosecution of this case, and such attorney's fees should be taxed as costs.

VII.

Plaintiffs may have incurred certain expenses in procuring data and information as to the name, identity, and location of necessary parties, and in procuring necessary legal descriptions of the property that is the subject of this suit. Said expenses, if incurred, are reasonable and are shown in "Exhibit A, B" as abstractor's costs, which expenses should be taxed as costs herein.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that citation be issued and served upon each Defendant named herein, commanding them to appear and answer herein in the time and manner required by law. Plaintiffs further pray, upon final hearing in this cause, for foreclosure of the tax lien on the specific property of the defendants described herein, securing the total amount of all delinquent taxes, penalties and interest, including taxes, penalties and interest becoming delinquent during the pendency of this suit, costs of court, attorney's fees, abstract fees, and expenses of foreclosure sale. Plaintiffs further pray for personal judgment against Defendant(s) who owned the property on January 1 of the year for which the taxes were imposed for all taxes, penalties, interest, and costs that are due or will become due on the property, together with attorney's fees and abstractor's fees. Plaintiffs further pray for: (1) the appropriate order of sale requiring the foreclosed property to be sold, free and clear of any right, title, or interest owned or held by any named Defendant, at public auction in the manner prescribed by law, and (2) writs of execution, directing the sheriffs and constables for the State of Texas, to search out, seize, and sell sufficient property of the Defendant(s) against whom personal judgment may be awarded to satisfy

the lawful judgment sought herein. Finally, Plaintiffs pray for such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

LINEBARGER GOGGAN
BLAIR & SAMPSON, LLP
350 Maple Avenue, Suite 800
Dallas, TX 75219
(214) 880-0089; (469) 221-5001 –FAX

Edward Lopez, Jr
State Bar No. 12563520
Ashly S. Atkins
State Bar No. 24072364
EdwardL@lgbs.com
dallas.litigation@lgbs.com
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been delivered in the manner required by Texas Rules of Civil Procedure, to all parties or their attorneys in this cause, on the 17th day of February 2025, addressed as follows:

Joan E. Marshall
4347 N.W. Hwy., Suite 130, 220
Dallas, TX 75220
Attorney and Trustee for Dorothy Marshall Living Trust

Via EService, pachos@sbcglobal.net

Stephen G. Gleboff
Stephen G. Gleboff, PLLC
1424 Waterside Dr.
Dallas, TX 75218

Via Email gleboffs@gmail.com

Edward Lopez, Jr.
Ashly S. Atkins

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| 1974 | TL | 1102 | 02/75 | $520.71 | $2,955.03 | $0.00 | $3,475.74 | $2,960.24 | $0.00 | $3,480.95 |
| | TL | 1208 | 02/75 | $520.71 | $2,955.03 | $0.00 | $3,475.74 | $2,960.24 | $0.00 | $3,480.95 |
| **Subtotals for 1974:** | | | | **$1,041.42** | **$5,910.06** | **$0.00** | **$6,951.48** | **$5,920.48** | **$0.00** | **$6,961.90** |
| 1975 | TL | 1002 | 02/76 | $396.04 | $2,223.76 | $392.97 | $3,012.77 | $2,227.73 | $393.57 | $3,017.34 |
| | TL | 1021 | 02/76 | $297.04 | $1,667.88 | $294.74 | $2,259.66 | $1,670.85 | $295.18 | $2,263.07 |
| | TL | 1031 | 02/76 | $158.42 | $889.53 | $157.19 | $1,205.14 | $891.11 | $157.43 | $1,206.96 |
| | TL | 1044 | 02/76 | $47.57 | $267.11 | $47.20 | $361.88 | $267.58 | $47.27 | $362.42 |
| | TL | 1102 | 02/76 | $600.89 | $3,374.00 | $0.00 | $3,974.89 | $3,380.01 | $0.00 | $3,980.90 |
| | TL | 1208 | 02/76 | $555.13 | $3,117.05 | $0.00 | $3,672.18 | $3,122.61 | $0.00 | $3,677.74 |
| **Subtotals for 1975:** | | | | **$2,055.09** | **$11,539.33** | **$892.10** | **$14,486.52** | **$11,559.89** | **$893.45** | **$14,508.43** |
| 1976 | TL | 1002 | 02/77 | $552.62 | $3,069.80 | $543.36 | $4,165.78 | $3,075.33 | $544.19 | $4,172.14 |
| | TL | 1021 | 02/77 | $418.65 | $2,325.60 | $411.64 | $3,155.89 | $2,329.79 | $412.27 | $3,160.71 |
| | TL | 1031 | 02/77 | $223.28 | $1,240.32 | $219.54 | $1,683.14 | $1,242.55 | $219.87 | $1,685.70 |
| | TL | 1044 | 02/77 | $66.98 | $372.07 | $65.86 | $504.91 | $372.74 | $65.96 | $505.68 |
| | TL | 1102 | 02/77 | $893.12 | $4,961.28 | $0.00 | $5,854.40 | $4,970.21 | $0.00 | $5,863.33 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 0000000000040200090706000000000000000003545903706

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**EXHIBIT "A"**
Appendix 27


*v36.1.32*

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| | | | | | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| | TL | 1208 | 02/77 | $775.90 | $4,310.12 | $0.00 | $5,086.02 | $4,317.88 | $0.00 | $5,093.78 |
| **Subtotals for 1976:** | | | | **$2,930.55** | **$16,279.19** | **$1,240.40** | **$20,450.14** | **$16,308.50** | **$1,242.29** | **$20,481.34** |
| 1977 | TL | 1002 | 02/78 | $565.30 | $3,106.32 | $550.74 | $4,222.36 | $3,111.98 | $551.59 | $4,228.87 |
| | TL | 1021 | 02/78 | $458.89 | $2,521.60 | $447.07 | $3,427.56 | $2,526.19 | $447.76 | $3,432.84 |
| | TL | 1031 | 02/78 | $192.87 | $1,059.82 | $187.90 | $1,440.59 | $1,061.75 | $188.19 | $1,442.81 |
| | TL | 1044 | 02/78 | $66.51 | $365.47 | $64.80 | $496.78 | $366.14 | $64.90 | $497.55 |
| | TL | 1102 | 02/78 | $1,057.45 | $5,810.69 | $0.00 | $6,868.14 | $5,821.26 | $0.00 | $6,878.71 |
| | TL | 1208 | 02/78 | $897.83 | $4,933.58 | $0.00 | $5,831.41 | $4,942.55 | $0.00 | $5,840.38 |
| **Subtotals for 1977:** | | | | **$3,238.85** | **$17,797.48** | **$1,250.51** | **$22,286.84** | **$17,829.87** | **$1,252.44** | **$22,321.16** |
| 1978 | TL | 1002 | 02/79 | $565.30 | $3,072.41 | $545.66 | $4,183.37 | $3,078.06 | $546.50 | $4,189.86 |
| | TL | 1021 | 02/79 | $452.24 | $2,457.92 | $436.52 | $3,346.68 | $2,462.45 | $437.20 | $3,351.89 |
| | TL | 1031 | 02/79 | $192.87 | $1,048.25 | $186.17 | $1,427.29 | $1,050.18 | $186.46 | $1,429.51 |
| | TL | 1044 | 02/79 | $66.51 | $361.48 | $64.20 | $492.19 | $362.15 | $64.30 | $492.96 |
| | TL | 1102 | 02/79 | $1,050.79 | $5,711.04 | $0.00 | $6,761.83 | $5,721.55 | $0.00 | $6,772.34 |
| | TL | 1208 | 02/79 | $884.53 | $4,807.42 | $0.00 | $5,691.95 | $4,816.27 | $0.00 | $5,700.80 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 0000000000040200090706000000000000000003545903706

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Appendix 28**

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| **Subtotals for 1978:** | | | | **$3,212.24** | **$17,458.52** | **$1,232.55** | **$21,903.31** | **$17,490.66** | **$1,234.46** | **$21,937.36** |
| 1979 | TL | 1002 | 02/80 | $617.92 | $3,321.32 | $590.89 | $4,530.13 | $3,327.50 | $591.81 | $4,537.23 |
| | TL | 1021 | 02/80 | $545.22 | $2,930.56 | $521.37 | $3,997.15 | $2,936.01 | $522.18 | $4,003.41 |
| | TL | 1031 | 02/80 | $210.82 | $1,133.16 | $201.60 | $1,545.58 | $1,135.27 | $201.91 | $1,548.00 |
| | TL | 1044 | 02/80 | $72.70 | $390.76 | $69.52 | $532.98 | $391.49 | $69.63 | $533.82 |
| | TL | 1102 | 02/80 | $1,148.60 | $6,173.73 | $1,098.35 | $8,420.68 | $6,185.21 | $1,100.07 | $8,433.88 |
| | TL | 1208 | 02/80 | $966.86 | $5,196.87 | $924.56 | $7,088.29 | $5,206.54 | $926.01 | $7,099.41 |
| **Subtotals for 1979:** | | | | **$3,562.12** | **$19,146.40** | **$3,406.29** | **$26,114.81** | **$19,182.02** | **$3,411.61** | **$26,155.75** |
| 1980 | TL | 1002 | 02/81 | $1,186.89 | $6,308.32 | $1,124.28 | $8,619.49 | $6,320.19 | $1,126.06 | $8,633.14 |
| | TL | 1021 | 02/81 | $914.97 | $4,863.07 | $866.71 | $6,644.75 | $4,872.22 | $868.08 | $6,655.27 |
| | TL | 1031 | 02/81 | $314.52 | $1,671.67 | $297.93 | $2,284.12 | $1,674.82 | $298.40 | $2,287.74 |
| | TL | 1102 | 02/81 | $2,265.75 | $12,042.46 | $2,146.23 | $16,454.44 | $12,065.12 | $2,149.63 | $16,480.50 |
| | TL | 1208 | 02/81 | $1,578.74 | $8,391.00 | $1,495.46 | $11,465.20 | $8,406.79 | $1,497.83 | $11,483.36 |
| **Subtotals for 1980:** | | | | **$6,260.87** | **$33,276.52** | **$5,930.61** | **$45,468.00** | **$33,339.14** | **$5,940.00** | **$45,540.01** |
| 1981 | TL | 1002 | 02/82 | $1,186.89 | $6,278.65 | $1,119.83 | $8,585.37 | $6,290.52 | $1,121.61 | $8,599.02 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| February 28, 2025 | $3,545,903.70 |
| April 01, 2025 | $3,559,625.69 |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 00000000000402000907060000000000000000354590370б

| Total Due If Paid By | |
|---|---|
| February 28, 2025 | $3,545,903.70 |
| April 01, 2025 | $3,559,625.69 |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Appendix 29**


v36.1.32

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| | TL | 1021 | 02/82 | $942.42 | $4,985.40 | $889.17 | $6,816.99 | $4,994.83 | $890.59 | $6,827.84 |
| | TL | 1031 | 02/82 | $314.52 | $1,663.81 | $296.75 | $2,275.08 | $1,666.96 | $297.22 | $2,278.70 |
| | TL | 1102 | 02/82 | $2,265.75 | $11,985.82 | $2,137.74 | $16,389.31 | $12,008.48 | $2,141.13 | $16,415.36 |
| | TL | 1208 | 02/82 | $1,678.28 | $8,878.10 | $1,583.46 | $12,139.84 | $8,894.88 | $1,585.97 | $12,159.13 |
| **Subtotals for 1981:** | | | | **$6,387.86** | **$33,791.78** | **$6,026.95** | **$46,206.59** | **$33,855.67** | **$6,036.52** | **$46,280.05** |
| 1982 | TL | 1002 | 02/83 | $627.20 | $3,242.62 | $580.47 | $4,450.29 | $3,248.90 | $581.42 | $4,457.52 |
| | TL | 1021 | 02/83 | $532.63 | $2,753.70 | $492.95 | $3,779.28 | $2,759.02 | $493.75 | $3,785.40 |
| | TL | 1031 | 02/83 | $164.91 | $852.58 | $152.62 | $1,170.11 | $854.23 | $152.87 | $1,172.01 |
| | TL | 1102 | 02/83 | $2,352.50 | $12,162.43 | $2,177.24 | $16,692.17 | $12,185.95 | $2,180.77 | $16,719.22 |
| | TL | 1208 | 02/83 | $2,005.09 | $10,366.32 | $1,855.71 | $14,227.12 | $10,386.37 | $1,858.72 | $14,250.18 |
| **Subtotals for 1982:** | | | | **$5,682.33** | **$29,377.65** | **$5,258.99** | **$40,318.97** | **$29,434.47** | **$5,267.53** | **$40,384.33** |
| 1983 | TL | 1002 | 02/84 | $683.10 | $3,449.66 | $619.91 | $4,752.67 | $3,456.49 | $620.94 | $4,760.53 |
| | TL | 1021 | 02/84 | $575.42 | $2,905.87 | $522.19 | $4,003.48 | $2,911.63 | $523.06 | $4,010.11 |
| | TL | 1031 | 02/84 | $228.65 | $1,154.68 | $207.50 | $1,590.83 | $1,156.97 | $207.84 | $1,593.46 |
| | TL | 1102 | 02/84 | $3,793.24 | $19,155.86 | $3,442.37 | $26,391.47 | $19,193.79 | $3,448.05 | $26,435.08 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 000000000000402000907060000000000000000003545903706

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

Appendix 30

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| | | | | | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| | TL | 1208 | 02/84 | $2,085.07 | $10,529.60 | $1,892.20 | $14,506.87 | $10,550.45 | $1,895.33 | $14,530.85 |
| **Subtotals for 1983:** | | | | **$7,365.48** | **$37,195.67** | **$6,684.17** | **$51,245.32** | **$37,269.33** | **$6,695.22** | **$51,330.03** |
| 1984 | TL | 1002 | 02/85 | $583.54 | $2,876.85 | $519.06 | $3,979.45 | $2,882.69 | $519.93 | $3,986.16 |
| | TL | 1021 | 02/85 | $528.28 | $2,604.42 | $469.91 | $3,602.61 | $2,609.70 | $470.70 | $3,608.68 |
| | TL | 1031 | 02/85 | $210.23 | $1,036.43 | $187.00 | $1,433.66 | $1,038.54 | $187.32 | $1,436.09 |
| | TL | 1102 | 02/85 | $3,651.14 | $18,000.12 | $3,247.69 | $24,898.95 | $18,036.63 | $3,253.17 | $24,940.94 |
| | TL | 1208 | 02/85 | $1,998.52 | $9,852.70 | $1,777.68 | $13,628.90 | $9,872.69 | $1,780.68 | $13,651.89 |
| **Subtotals for 1984:** | | | | **$6,971.71** | **$34,370.52** | **$6,201.34** | **$47,543.57** | **$34,440.25** | **$6,211.80** | **$47,623.76** |
| 1985 | TL | 1002 | 02/86 | $641.93 | $3,087.68 | $559.44 | $4,289.05 | $3,094.10 | $560.40 | $4,296.43 |
| | TL | 1021 | 02/86 | $597.36 | $2,873.30 | $520.60 | $3,991.26 | $2,879.28 | $521.50 | $3,998.14 |
| | TL | 1031 | 02/86 | $210.23 | $1,011.21 | $183.22 | $1,404.66 | $1,013.31 | $183.53 | $1,407.07 |
| | TL | 1102 | 02/86 | $3,878.26 | $18,654.43 | $3,379.90 | $25,912.59 | $18,693.21 | $3,385.72 | $25,957.19 |
| | TL | 1208 | 02/86 | $2,331.60 | $11,215.00 | $2,031.99 | $15,578.59 | $11,238.31 | $2,035.49 | $15,605.40 |
| **Subtotals for 1985:** | | | | **$7,659.38** | **$36,841.62** | **$6,675.15** | **$51,176.15** | **$36,918.21** | **$6,686.64** | **$51,264.23** |
| 1986 | TL | 1002 | 02/87 | $708.84 | $3,324.46 | $605.00 | $4,638.30 | $3,331.55 | $606.06 | $4,646.45 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 000000000004020009070600000000000000000354590370 6

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Appendix 31**

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| | | | | | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| | TL | 1021 | 02/87 | $680.23 | $3,190.28 | $580.58 | $4,451.09 | $3,197.08 | $581.60 | $4,458.91 |
| | TL | 1031 | 02/87 | $232.61 | $1,090.94 | $198.53 | $1,522.08 | $1,093.27 | $198.88 | $1,524.76 |
| | TL | 1102 | 02/87 | $4,547.05 | $21,325.66 | $3,880.91 | $29,753.62 | $21,371.14 | $3,887.73 | $29,805.92 |
| | TL | 1208 | 02/87 | $2,695.40 | $12,641.43 | $2,300.52 | $17,637.35 | $12,668.38 | $2,304.57 | $17,668.35 |
| **Subtotals for 1986:** | | | | **$8,864.13** | **$41,572.77** | **$7,565.54** | **$58,002.44** | **$41,661.42** | **$7,578.84** | **$58,104.39** |
| 1987 | TL | 1002 | 02/88 | $665.93 | $3,043.30 | $556.38 | $4,265.61 | $3,049.96 | $557.38 | $4,273.27 |
| | TL | 1021 | 02/88 | $655.80 | $2,997.01 | $547.92 | $4,200.73 | $3,003.56 | $548.90 | $4,208.26 |
| | TL | 1031 | 02/88 | $236.12 | $1,079.07 | $197.28 | $1,512.47 | $1,081.43 | $197.63 | $1,515.18 |
| | TL | 1102 | 02/88 | $4,547.05 | $20,780.02 | $3,799.06 | $29,126.13 | $20,825.49 | $3,805.88 | $29,178.42 |
| | TL | 1208 | 02/88 | $2,701.03 | $12,343.71 | $2,256.71 | $17,301.45 | $12,370.72 | $2,260.76 | $17,332.51 |
| **Subtotals for 1987:** | | | | **$8,805.93** | **$40,243.11** | **$7,357.35** | **$56,406.39** | **$40,331.16** | **$7,370.55** | **$56,507.64** |
| 1988 | TL | 1002 | 02/89 | $891.24 | $3,966.02 | $728.59 | $5,585.85 | $3,974.93 | $729.93 | $5,596.10 |
| | TL | 1021 | 02/89 | $793.49 | $3,531.03 | $648.68 | $4,973.20 | $3,538.97 | $649.87 | $4,982.33 |
| | TL | 1031 | 02/89 | $232.65 | $1,035.29 | $190.19 | $1,458.13 | $1,037.62 | $190.54 | $1,460.81 |

Pay taxes online at:
www.dallascounty.org/tax

| **Total Due If Paid By** | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 000000000004020009070600000000000000003545903706

| **Total Due If Paid By** | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| | TL | 1102 | 02/89 | $4,547.05 | $20,234.37 | $3,717.21 | $28,498.63 | $20,279.84 | $3,724.03 | $28,550.92 |
| | TL | 1208 | 02/89 | $3,136.00 | $13,955.20 | $2,563.68 | $19,654.88 | $13,986.56 | $2,568.38 | $19,690.94 |
| **Subtotals for 1988:** | | | | **$9,600.43** | **$42,721.91** | **$7,848.35** | **$60,170.69** | **$42,817.92** | **$7,862.75** | **$60,281.10** |
| 1989 | TL | 1002 | 02/90 | $791.22 | $3,425.98 | $632.58 | $4,849.78 | $3,433.89 | $633.77 | $4,858.88 |
| | TL | 1021 | 02/90 | $730.80 | $3,164.36 | $584.27 | $4,479.43 | $3,171.67 | $585.37 | $4,487.84 |
| | TL | 1031 | 02/90 | $200.14 | $866.61 | $160.01 | $1,226.76 | $868.61 | $160.31 | $1,229.06 |
| | TL | 1102 | 02/90 | $4,547.05 | $19,688.73 | $3,635.37 | $27,871.15 | $19,734.20 | $3,642.19 | $27,923.44 |
| | TL | 1208 | 02/90 | $2,839.23 | $12,293.87 | $2,269.97 | $17,403.07 | $12,322.26 | $2,274.22 | $17,435.71 |
| **Subtotals for 1989:** | | | | **$9,108.44** | **$39,439.55** | **$7,282.20** | **$55,830.19** | **$39,530.63** | **$7,295.86** | **$55,934.93** |
| 1990 | TL | 1002 | 02/91 | $821.93 | $3,460.33 | $642.34 | $4,924.60 | $3,468.54 | $643.57 | $4,934.04 |
| | TL | 1021 | 02/91 | $835.83 | $3,518.84 | $653.20 | $5,007.87 | $3,527.20 | $654.45 | $5,017.48 |
| | TL | 1031 | 02/91 | $214.04 | $901.11 | $167.27 | $1,282.42 | $903.25 | $167.59 | $1,284.88 |
| | TL | 1102 | 02/91 | $5,499.72 | $23,153.82 | $4,298.03 | $32,951.57 | $23,208.82 | $4,306.28 | $33,014.82 |
| | TL | 1208 | 02/91 | $3,039.03 | $12,794.32 | $2,375.00 | $18,208.35 | $12,824.71 | $2,379.56 | $18,243.30 |
| **Subtotals for 1990:** | | | | **$10,410.55** | **$43,828.42** | **$8,135.84** | **$62,374.81** | **$43,932.52** | **$8,151.45** | **$62,494.52** |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| February 28, 2025 | $3,545,903.70 |
| April 01, 2025 | $3,559,625.69 |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 0000000000040200090706000000000000000003545903706

| Total Due If Paid By | |
|---|---|
| February 28, 2025 | $3,545,903.70 |
| April 01, 2025 | $3,559,625.69 |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Appendix 33**

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| 1991 | TL | 1002 | 02/92 | $844.52 | $3,454.09 | $644.79 | $4,943.40 | $3,462.53 | $646.06 | $4,953.11 |
| | TL | 1021 | 02/92 | $945.49 | $3,867.05 | $721.88 | $5,534.42 | $3,876.51 | $723.30 | $5,545.30 |
| | TL | 1031 | 02/92 | $230.83 | $944.09 | $176.24 | $1,351.16 | $946.40 | $176.58 | $1,353.81 |
| | TL | 1041 | 02/92 | $16.38 | $66.99 | $12.51 | $95.88 | $67.16 | $12.53 | $96.07 |
| | TL | 1102 | 02/92 | $2,434.17 | $9,955.76 | $1,858.49 | $14,248.42 | $9,980.10 | $1,862.14 | $14,276.41 |
| | TL | 1208 | 02/92 | $3,039.03 | $12,429.63 | $2,320.30 | $17,788.96 | $12,460.02 | $2,324.86 | $17,823.91 |
| **Subtotals for 1991:** | | | | **$7,510.42** | **$30,717.61** | **$5,734.21** | **$43,962.24** | **$30,792.72** | **$5,745.47** | **$44,048.61** |
| 1992 | TL | 1002 | 02/93 | $966.69 | $3,837.76 | $720.67 | $5,525.12 | $3,847.43 | $722.12 | $5,536.24 |
| | TL | 1021 | 02/93 | $988.47 | $3,924.23 | $736.91 | $5,649.61 | $3,934.11 | $738.39 | $5,660.97 |
| | TL | 1031 | 02/93 | $245.08 | $972.97 | $182.71 | $1,400.76 | $975.42 | $183.08 | $1,403.58 |
| | TL | 1041 | 02/93 | $30.71 | $121.92 | $22.89 | $175.52 | $122.23 | $22.94 | $175.88 |
| | TL | 1102 | 02/93 | $2,434.17 | $9,663.65 | $1,814.67 | $13,912.49 | $9,688.00 | $1,818.33 | $13,940.50 |
| | TL | 1208 | 02/93 | $3,254.76 | $12,921.40 | $2,426.42 | $18,602.58 | $12,953.94 | $2,431.31 | $18,640.01 |
| **Subtotals for 1992:** | | | | **$7,919.88** | **$31,441.93** | **$5,904.27** | **$45,266.08** | **$31,521.13** | **$5,916.17** | **$45,357.18** |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 0000000000040200090706000000000000000003545903706

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Appendix 34**

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| 1993 | TL | 1002 | 02/94 | $966.69 | $3,721.76 | $703.27 | $5,391.72 | $3,731.42 | $704.72 | $5,402.83 |
| | TL | 1021 | 02/94 | $988.47 | $3,805.61 | $719.11 | $5,513.19 | $3,815.49 | $720.59 | $5,524.55 |
| | TL | 1031 | 02/94 | $258.54 | $995.38 | $188.09 | $1,442.01 | $997.96 | $188.48 | $1,444.98 |
| | TL | 1041 | 02/94 | $30.71 | $118.23 | $22.34 | $171.28 | $118.54 | $22.39 | $171.64 |
| | TL | 1102 | 02/94 | $8,011.63 | $30,844.78 | $5,828.46 | $44,684.87 | $30,924.89 | $5,840.48 | $44,777.00 |
| | TL | 1208 | 02/94 | $3,254.76 | $12,530.83 | $2,367.84 | $18,153.43 | $12,563.37 | $2,372.72 | $18,190.85 |
| **Subtotals for 1993:** | | | | **$13,510.80** | **$52,016.59** | **$9,829.11** | **$75,356.50** | **$52,151.67** | **$9,849.38** | **$75,511.85** |
| 1994 | TL | 1002 | 02/95 | $966.69 | $3,605.75 | $685.87 | $5,258.31 | $3,615.42 | $687.32 | $5,269.43 |
| | TL | 1021 | 02/95 | $953.27 | $3,555.70 | $676.35 | $5,185.32 | $3,565.23 | $677.78 | $5,196.28 |
| | TL | 1031 | 02/95 | $258.54 | $964.35 | $183.43 | $1,406.32 | $966.94 | $183.82 | $1,409.30 |
| | TL | 1041 | 02/95 | $30.71 | $114.55 | $21.79 | $167.05 | $114.86 | $21.84 | $167.41 |
| | TL | 1102 | 02/95 | $8,011.63 | $29,883.38 | $5,684.25 | $43,579.26 | $29,963.50 | $5,696.27 | $43,671.40 |
| | TL | 1208 | 02/95 | $3,254.76 | $12,140.25 | $2,309.25 | $17,704.26 | $12,172.80 | $2,314.13 | $17,741.69 |
| **Subtotals for 1994:** | | | | **$13,475.60** | **$50,263.98** | **$9,560.94** | **$73,300.52** | **$50,398.75** | **$9,581.16** | **$73,455.51** |
| 1995 | TL | 1002 | 02/96 | $1,032.13 | $3,725.99 | $713.72 | $5,471.84 | $3,736.31 | $715.27 | $5,483.71 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

*Your check may be converted to electronic funds transfer*

# Return this Portion With Your Payment

**Account: 00000420976000000**

2 0000000000040200090706000000000000000003545903706

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Appendix 35**

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| | TL | 1021 | 02/96 | $953.27 | $3,441.30 | $659.19 | $5,053.76 | $3,450.84 | $660.62 | $5,064.73 |
| | TL | 1031 | 02/96 | $258.54 | $933.33 | $178.78 | $1,370.65 | $935.91 | $179.17 | $1,373.62 |
| | TL | 1041 | 02/96 | $30.57 | $110.36 | $21.14 | $162.07 | $110.66 | $21.18 | $162.41 |
| | TL | 1102 | 02/96 | $8,011.63 | $28,921.98 | $5,540.04 | $42,473.65 | $29,002.10 | $5,552.06 | $42,565.79 |
| | TL | 1208 | 02/96 | $3,244.14 | $11,711.35 | $2,243.32 | $17,198.81 | $11,743.79 | $2,248.19 | $17,236.12 |
| **Subtotals for 1995:** | | | | **$13,530.28** | **$48,844.31** | **$9,356.19** | **$71,730.78** | **$48,979.61** | **$9,376.49** | **$71,886.38** |
| 1996 | TL | 1002 | 02/97 | $1,002.99 | $3,500.44 | $675.51 | $5,178.94 | $3,510.47 | $677.02 | $5,190.48 |
| | TL | 1021 | 02/97 | $927.01 | $3,235.26 | $624.34 | $4,786.61 | $3,244.54 | $625.73 | $4,797.28 |
| | TL | 1031 | 02/97 | $258.54 | $902.30 | $174.13 | $1,334.97 | $904.89 | $174.51 | $1,337.94 |
| | TL | 1041 | 02/97 | $30.57 | $106.69 | $20.59 | $157.85 | $107.00 | $20.64 | $158.21 |
| | TL | 1102 | 02/97 | $8,011.63 | $27,960.59 | $5,395.83 | $41,368.05 | $28,040.71 | $5,407.85 | $41,460.19 |
| | TL | 1208 | 02/97 | $3,234.01 | $11,286.69 | $2,178.11 | $16,698.81 | $11,319.04 | $2,182.96 | $16,736.01 |
| **Subtotals for 1996:** | | | | **$13,464.75** | **$46,991.97** | **$9,068.51** | **$69,525.23** | **$47,126.65** | **$9,088.71** | **$69,680.11** |
| 1997 | TL | 1002 | 02/98 | $960.01 | $3,235.23 | $629.29 | $4,824.53 | $3,244.83 | $630.73 | $4,835.57 |
| | TL | 1021 | 02/98 | $887.27 | $2,990.10 | $581.61 | $4,458.98 | $2,998.97 | $582.94 | $4,469.18 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| February 28, 2025 | $3,545,903.70 |
| April 01, 2025 | $3,559,625.69 |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 00000000000402000907060000000000000003545903706

| Total Due If Paid By | |
|---|---|
| February 28, 2025 | $3,545,903.70 |
| April 01, 2025 | $3,559,625.69 |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Appendix 36**

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| | TL | 1031 | 02/98 | $248.31 | $836.80 | $162.77 | $1,247.88 | $839.29 | $163.14 | $1,250.74 |
| | TL | 1041 | 02/98 | $30.09 | $101.40 | $19.72 | $151.21 | $101.70 | $19.77 | $151.56 |
| | TL | 1102 | 02/98 | $7,865.58 | $26,507.00 | $5,155.89 | $39,528.47 | $26,585.66 | $5,167.69 | $39,618.93 |
| | TL | 1208 | 02/98 | $3,144.73 | $10,597.74 | $2,061.37 | $15,803.84 | $10,629.19 | $2,066.09 | $15,840.01 |
| **Subtotals for 1997:** | | | | **$13,135.99** | **$44,268.27** | **$8,610.65** | **$66,014.91** | **$44,399.64** | **$8,630.36** | **$66,165.99** |
| 1998 | TL | 1002 | 02/99 | $1,180.39 | $3,836.27 | $752.50 | $5,769.16 | $3,848.07 | $754.27 | $5,782.73 |
| | TL | 1021 | 02/99 | $1,076.84 | $3,499.73 | $686.49 | $5,263.06 | $3,510.50 | $688.10 | $5,275.44 |
| | TL | 1031 | 02/99 | $308.79 | $1,003.57 | $196.85 | $1,509.21 | $1,006.66 | $197.32 | $1,512.77 |
| | TL | 1041 | 02/99 | $35.76 | $116.22 | $22.80 | $174.78 | $116.58 | $22.85 | $175.19 |
| | TL | 1102 | 02/99 | $7,865.58 | $25,563.14 | $5,014.31 | $38,443.03 | $25,641.79 | $5,026.11 | $38,533.48 |
| | TL | 1208 | 02/99 | $3,917.81 | $12,732.88 | $2,497.60 | $19,148.29 | $12,772.06 | $2,503.48 | $19,193.35 |
| **Subtotals for 1998:** | | | | **$14,385.17** | **$46,751.81** | **$9,170.55** | **$70,307.53** | **$46,895.66** | **$9,192.13** | **$70,472.96** |
| 1999 | TL | 1002 | 02/00 | $1,173.21 | $3,672.15 | $726.80 | $5,572.16 | $3,683.88 | $728.56 | $5,585.65 |
| | TL | 1021 | 02/00 | $1,173.21 | $3,672.15 | $726.80 | $5,572.16 | $3,683.88 | $728.56 | $5,585.65 |
| | TL | 1031 | 02/00 | $308.79 | $966.51 | $191.30 | $1,466.60 | $969.60 | $191.76 | $1,470.15 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 0000000000040200090706000000000000000003545903706

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Appendix 37**

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| | | | | | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| | TL | 1041 | 02/00 | $34.11 | $106.76 | $21.13 | $162.00 | $107.11 | $21.18 | $162.40 |
| | TL | 1102 | 02/00 | $7,865.58 | $24,619.27 | $4,872.73 | $37,357.58 | $24,697.92 | $4,884.53 | $37,448.03 |
| | TL | 1208 | 02/00 | $4,028.87 | $12,610.36 | $2,495.88 | $19,135.11 | $12,650.65 | $2,501.93 | $19,181.45 |
| **Subtotals for 1999:** | | | | **$14,583.77** | **$45,647.20** | **$9,034.64** | **$69,265.61** | **$45,793.04** | **$9,056.52** | **$69,433.33** |
| 2000 | TL | 1002 | 02/01 | $1,424.73 | $4,288.44 | $856.98 | $6,570.15 | $4,302.68 | $859.11 | $6,586.52 |
| | TL | 1021 | 02/01 | $1,846.34 | $5,557.48 | $1,110.57 | $8,514.39 | $5,575.95 | $1,113.34 | $8,535.63 |
| | TL | 1031 | 02/01 | $372.95 | $1,122.58 | $224.33 | $1,719.86 | $1,126.31 | $224.89 | $1,724.15 |
| | TL | 1041 | 02/01 | $41.19 | $123.98 | $24.78 | $189.95 | $124.39 | $24.84 | $190.42 |
| | TL | 1102 | 02/01 | $7,865.58 | $23,675.40 | $4,731.15 | $36,272.13 | $23,754.05 | $4,742.94 | $36,362.57 |
| | TL | 1208 | 02/01 | $4,885.46 | $14,705.23 | $2,938.60 | $22,529.29 | $14,754.09 | $2,945.93 | $22,585.48 |
| **Subtotals for 2000:** | | | | **$16,436.25** | **$49,473.11** | **$9,886.41** | **$75,795.77** | **$49,637.47** | **$9,911.05** | **$75,984.77** |
| 2001 | TL | 1002 | 02/02 | $1,580.73 | $4,568.31 | $1,229.81 | $7,378.85 | $4,584.12 | $1,232.97 | $7,397.82 |
| | TL | 1021 | 02/02 | $2,048.50 | $5,920.17 | $1,593.73 | $9,562.40 | $5,940.65 | $1,597.83 | $9,586.98 |
| | TL | 1031 | 02/02 | $495.30 | $1,431.42 | $385.34 | $2,312.06 | $1,436.37 | $386.33 | $2,318.00 |
| | TL | 1041 | 02/02 | $44.56 | $128.78 | $34.67 | $208.01 | $129.22 | $34.76 | $208.54 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 0000000000040200090706000000000000000354 5903706

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| | TL | 1102 | 02/02 | $7,865.58 | $22,731.53 | $6,119.42 | $36,716.53 | $22,810.18 | $6,135.15 | $36,810.91 |
| | TL | 1208 | 02/02 | $5,416.73 | $15,654.35 | $4,214.22 | $25,285.30 | $15,708.52 | $4,225.05 | $25,350.30 |
| **Subtotals for 2001:** | | | | **$17,451.40** | **$50,434.56** | **$13,577.19** | **$81,463.15** | **$50,609.06** | **$13,612.09** | **$81,672.55** |
| 2002 | TL | 1002 | 02/03 | $1,752.33 | $4,853.95 | $1,321.26 | $7,927.54 | $4,871.48 | $1,324.76 | $7,948.57 |
| | TL | 1021 | 02/03 | $2,270.87 | $6,290.31 | $1,712.24 | $10,273.42 | $6,313.02 | $1,716.78 | $10,300.67 |
| | TL | 1031 | 02/03 | $547.83 | $1,517.49 | $413.06 | $2,478.38 | $1,522.97 | $414.16 | $2,484.96 |
| | TL | 1041 | 02/03 | $49.17 | $136.20 | $37.07 | $222.44 | $136.69 | $37.17 | $223.03 |
| | TL | 1102 | 02/03 | $7,865.58 | $21,787.66 | $5,930.65 | $35,583.89 | $21,866.31 | $5,946.38 | $35,678.27 |
| | TL | 1208 | 02/03 | $6,291.51 | $17,427.48 | $4,743.80 | $28,462.79 | $17,490.40 | $4,756.38 | $28,538.29 |
| **Subtotals for 2002:** | | | | **$18,777.29** | **$52,013.09** | **$14,158.08** | **$84,948.46** | **$52,200.87** | **$14,195.63** | **$85,173.79** |
| 2003 | TL | 1002 | 02/04 | $1,926.64 | $5,105.60 | $1,406.45 | $8,438.69 | $5,124.86 | $1,410.30 | $8,461.80 |
| | TL | 1021 | 02/04 | $2,400.04 | $6,360.11 | $1,752.03 | $10,512.18 | $6,384.11 | $1,756.83 | $10,540.98 |
| | TL | 1031 | 02/04 | $749.91 | $1,987.26 | $547.43 | $3,284.60 | $1,994.76 | $548.93 | $3,293.60 |
| | TL | 1041 | 02/04 | $51.59 | $136.71 | $37.66 | $225.96 | $137.23 | $37.76 | $226.58 |
| | TL | 1102 | 02/04 | $7,865.58 | $20,843.79 | $5,741.87 | $34,451.24 | $20,922.44 | $5,757.60 | $34,545.62 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 000000000004020009070600000000000000003545903706

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Appendix 39**

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| | | | | | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| | TL | 1208 | 02/04 | $6,647.37 | $17,615.53 | $4,852.58 | $29,115.48 | $17,682.00 | $4,865.87 | $29,195.24 |
| **Subtotals for 2003:** | | | | **$19,641.13** | **$52,049.00** | **$14,338.02** | **$86,028.15** | **$52,245.40** | **$14,377.29** | **$86,263.82** |
| 2004 | TL | 1002 | 02/05 | $1,926.64 | $4,874.40 | $1,360.21 | $8,161.25 | $4,893.67 | $1,364.06 | $8,184.37 |
| | TL | 1021 | 02/05 | $2,400.04 | $6,072.10 | $1,694.43 | $10,166.57 | $6,096.10 | $1,699.23 | $10,195.37 |
| | TL | 1031 | 02/05 | $774.01 | $1,958.25 | $546.45 | $3,278.71 | $1,965.99 | $548.00 | $3,288.00 |
| | TL | 1041 | 02/05 | $51.59 | $130.52 | $36.42 | $218.53 | $131.04 | $36.53 | $219.16 |
| | TL | 1102 | 02/05 | $7,865.58 | $19,899.92 | $5,553.10 | $33,318.60 | $19,978.57 | $5,568.83 | $33,412.98 |
| | TL | 1208 | 02/05 | $6,836.40 | $17,296.09 | $4,826.50 | $28,958.99 | $17,364.46 | $4,840.17 | $29,041.03 |
| **Subtotals for 2004:** | | | | **$19,854.26** | **$50,231.28** | **$14,017.11** | **$84,102.65** | **$50,429.83** | **$14,056.82** | **$84,340.91** |
| 2005 | TL | 1002 | 02/06 | $2,178.05 | $5,249.10 | $1,485.43 | $8,912.58 | $5,270.88 | $1,489.79 | $8,938.72 |
| | TL | 1021 | 02/06 | $2,586.37 | $6,233.15 | $1,763.90 | $10,583.42 | $6,259.02 | $1,769.08 | $10,614.47 |
| | TL | 1031 | 02/06 | $846.40 | $2,039.82 | $577.24 | $3,463.46 | $2,048.29 | $578.94 | $3,473.63 |
| | TL | 1041 | 02/06 | $53.97 | $130.07 | $36.81 | $220.85 | $130.61 | $36.92 | $221.50 |
| | TL | 1102 | 02/06 | $7,865.58 | $18,956.05 | $5,364.33 | $32,185.96 | $19.034.70 | $5,380.06 | $32,280.34 |
| | TL | 1208 | 02/06 | $7,589.49 | $18,290.67 | $5,176.03 | $31,056.19 | $18,366.57 | $5,191.21 | $31,147.27 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

*Your check may be converted to electronic funds transfer*

# Return this Portion With Your Payment

**Account: 00000420976000000**

2 000000000004020009070600000000000000003545903706

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| | | | | | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| | **Subtotals for 2005:** | | | **$21,119.86** | **$50,898.86** | **$14,403.74** | **$86,422.46** | **$51,110.07** | **$14,446.00** | **$86,675.93** |
| 2006 | TL | 1002 | 02/07 | $2,178.05 | $4,987.73 | $1,433.16 | $8,598.94 | $5,009.52 | $1,437.51 | $8,625.08 |
| | TL | 1021 | 02/07 | $2,586.37 | $5,922.79 | $1,701.83 | $10,210.99 | $5,948.65 | $1,707.00 | $10,242.02 |
| | TL | 1031 | 02/07 | $840.18 | $1,924.01 | $552.84 | $3,317.03 | $1,932.41 | $554.52 | $3,327.11 |
| | TL | 1041 | 02/07 | $51.26 | $117.39 | $33.73 | $202.38 | $117.90 | $33.83 | $202.99 |
| | TL | 1102 | 02/07 | $7,865.58 | $18,012.18 | $5,175.55 | $31,053.31 | $18,090.83 | $5,191.28 | $31,147.69 |
| | TL | 1208 | 02/07 | $7,461.58 | $17,087.02 | $4,909.72 | $29,458.32 | $17,161.63 | $4,924.64 | $29,547.85 |
| | **Subtotals for 2006:** | | | **$20,983.02** | **$48,051.12** | **$13,806.83** | **$82,840.97** | **$48,260.94** | **$13,848.78** | **$83,092.74** |
| 2007 | TL | 1002 | 02/08 | $2,295.27 | $4,980.74 | $1,455.20 | $8,731.21 | $5,003.69 | $1,459.79 | $8,758.75 |
| | TL | 1021 | 02/08 | $2,555.89 | $5,546.28 | $1,620.43 | $9,722.60 | $5,571.84 | $1,625.55 | $9,753.28 |
| | TL | 1031 | 02/08 | $824.31 | $1,788.75 | $522.61 | $3,135.67 | $1,797.00 | $524.26 | $3,145.57 |
| | TL | 1041 | 02/08 | $47.43 | $102.92 | $30.07 | $180.42 | $103.40 | $30.17 | $181.00 |
| | TL | 1102 | 02/08 | $5,588.79 | $12,127.67 | $3,543.29 | $21,259.75 | $12,183.56 | $3,554.47 | $21,326.82 |
| | TL | 1208 | 02/08 | $7,563.18 | $16,412.10 | $4,795.06 | $28,770.34 | $16,487.73 | $4,810.18 | $28,861.09 |
| | **Subtotals for 2007:** | | | **$18,874.87** | **$40,958.46** | **$11,966.66** | **$71,799.99** | **$41,147.22** | **$12,004.42** | **$72,026.51** |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

*Your check may be converted to electronic funds transfer*

# Return this Portion With Your Payment

**Account: 00000420976000000**

2 0000000000040200090706000000000000000003545903706

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| | | | | | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| 2008 | TL | 1002 | 02/09 | $2,295.27 | $4,705.30 | $1,400.11 | $8,400.68 | $4,728.26 | $1,404.71 | $8,428.24 |
| | TL | 1021 | 02/09 | $2,832.05 | $5,805.70 | $1,727.55 | $10,365.30 | $5,834.02 | $1,733.21 | $10,399.28 |
| | TL | 1031 | 02/09 | $1.013.78 | $2,078.25 | $618.41 | $3,710.44 | $2,088.39 | $620.43 | $3,722.60 |
| | TL | 1041 | 02/09 | $54.95 | $112.65 | $33.52 | $201.12 | $113.20 | $33.63 | $201.78 |
| | TL | 1102 | 02/09 | $5.588.79 | $11,457.02 | $3,409.16 | $20,454.97 | $11.512.91 | $3,420.34 | $20.522.04 |
| | TL | 1208 | 02/09 | $8,376.35 | $17,171.52 | $5,109.57 | $30,657.44 | $17,255.28 | $5,126.33 | $30,757.96 |
| **Subtotals for 2008:** | | | | **$20,161.19** | **$41,330.44** | **$12,298.32** | **$73,789.95** | **$41,532.06** | **$12,338.65** | **$74,031.90** |
| 2009 | TL | 1002 | 02/10 | $2,295.27 | $4,429.87 | $1,345.03 | $8,070.17 | $4,452.82 | $1,349.62 | $8,097.71 |
| | TL | 1021 | 02/10 | $3,382.75 | $6,528.71 | $1,982.29 | $11,893.75 | $6,562.54 | $1,989.06 | $11,934.35 |
| | TL | 1031 | 02/10 | $1,189.65 | $2,296.02 | $697.13 | $4,182.80 | $2,307.92 | $699.51 | $4,197.08 |
| | TL | 1041 | 02/10 | $64.35 | $124.20 | $37.71 | $226.26 | $124.84 | $37.84 | $227.03 |
| | TL | 1102 | 02/10 | $5,588.79 | $10,786.36 | $3,275.03 | $19,650.18 | $10,842.25 | $3,286.21 | $19,717.25 |
| | TL | 1208 | 02/10 | $9,270.81 | $17,892.66 | $5,432.69 | $32.596.16 | $17.985.37 | $5,451.24 | $32,707.42 |
| **Subtotals for 2009:** | | | | **$21,791.62** | **$42,057.82** | **$12,769.88** | **$76,619.32** | **$42,275.74** | **$12,813.48** | **$76,880.84** |
| 2010 | TL | 1002 | 02/11 | $2,295.27 | $4,154.44 | $1,289.94 | $7,739.65 | $4,177.39 | $1,294.53 | $7,767.19 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 0000000000040200090706000000000000000003545903706

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Appendix 42**

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| | | | | | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| | TL | 1021 | 02/11 | $3,702.23 | $6,701.04 | $2,080.65 | $12,483.92 | $6,738.06 | $2,088.06 | $12,528.35 |
| | TL | 1031 | 02/11 | $1,374.47 | $2,487.79 | $772.45 | $4,634.71 | $2,501.54 | $775.20 | $4,651.21 |
| | TL | 1041 | 02/11 | $136.61 | $247.26 | $76.77 | $460.64 | $248.63 | $77.05 | $462.29 |
| | TL | 1102 | 02/11 | $5,588.79 | $10,115.71 | $3,140.90 | $18,845.40 | $10,171.60 | $3,152.08 | $18,912.47 |
| | TL | 1208 | 02/11 | $10,927.96 | $19,779.61 | $6,141.51 | $36,849.08 | $19,888.89 | $6,163.37 | $36,980.22 |
| **Subtotals for 2010:** | | | | **$24,025.33** | **$43,485.85** | **$13,502.22** | **$81,013.40** | **$43,726.11** | **$13,550.29** | **$81,301.73** |
| 2011 | TL | 1002 | 02/12 | $2,295.27 | $3,879.01 | $1,234.86 | $7,409.14 | $3,901.96 | $1,239.45 | $7,436.68 |
| | TL | 1021 | 02/12 | $4,094.40 | $6,919.54 | $2,202.79 | $13,216.73 | $6,960.48 | $2,210.98 | $13,265.86 |
| | TL | 1031 | 02/12 | $1,524.80 | $2,576.91 | $820.34 | $4,922.05 | $2,592.16 | $823.39 | $4,940.35 |
| | TL | 1041 | 02/12 | $151.09 | $255.34 | $81.29 | $487.72 | $256.85 | $81.59 | $489.53 |
| | TL | 1102 | 02/12 | $5,588.79 | $9,445.06 | $3,006.77 | $18,040.62 | $9,500.94 | $3,017.95 | $18,107.68 |
| | TL | 1208 | 02/12 | $12,081.32 | $20,417.43 | $6,499.75 | $38,998.50 | $20,538.24 | $6,523.91 | $39,143.47 |
| **Subtotals for 2011:** | | | | **$25,735.67** | **$43,493.29** | **$13,845.80** | **$83,074.76** | **$43,750.63** | **$13,897.27** | **$83,383.57** |
| 2012 | TL | 1002 | 02/13 | $2,295.27 | $3,603.57 | $1,179.77 | $7,078.61 | $3,626.53 | $1,184.36 | $7,106.16 |
| | TL | 1021 | 02/13 | $4,105.80 | $6,446.11 | $2,110.38 | $12,662.29 | $6,487.16 | $2,118.59 | $12,711.55 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

*Your check may be converted to electronic funds transfer*

# Return this Portion With Your Payment

**Account: 00000420976000000**

2 0000000000040200090706000000000000000003545903706

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| | | | | | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| | TL | 1031 | 02/13 | $1,831.28 | $2,875.11 | $941.28 | $5,647.67 | $2,893.42 | $944.94 | $5,669.64 |
| | TL | 1041 | 02/13 | $150.55 | $236.36 | $77.38 | $464.29 | $237.87 | $77.68 | $466.10 |
| | TL | 1102 | 02/13 | $5,588.79 | $8,774.40 | $2,872.64 | $17,235.83 | $8,830.29 | $2,883.82 | $17,302.90 |
| | TL | 1208 | 02/13 | $12,114.85 | $19,020.31 | $6,227.03 | $37,362.19 | $19,141.46 | $6,251.26 | $37,507.57 |
| **Subtotals for 2012:** | | | | **$26,086.54** | **$40,955.86** | **$13,408.48** | **$80,450.88** | **$41,216.73** | **$13,460.65** | **$80,763.92** |
| 2013 | TL | 1002 | 02/14 | $2,295.27 | $3,328.14 | $1,124.68 | $6,748.09 | $3,351.09 | $1,129.27 | $6,775.63 |
| | TL | 1021 | 02/14 | $4,153.80 | $6,023.01 | $2,035.36 | $12,212.17 | $6,064.55 | $2,043.67 | $12,262.02 |
| | TL | 1031 | 02/14 | $1,900.43 | $2,755.62 | $931.21 | $5,587.26 | $2,774.63 | $935.01 | $5,610.07 |
| | TL | 1041 | 02/14 | $150.50 | $218.23 | $73.75 | $442.48 | $219.73 | $74.05 | $444.28 |
| | TL | 1102 | 02/14 | $5,588.79 | $8,103.75 | $2,738.51 | $16,431.05 | $8,159.63 | $2,749.68 | $16,498.10 |
| | TL | 1208 | 02/14 | $12,034.70 | $17,450.32 | $5,897.00 | $35,382.02 | $17,570.66 | $5,921.07 | $35,526.43 |
| **Subtotals for 2013:** | | | | **$26,123.49** | **$37,879.07** | **$12,800.51** | **$76,803.07** | **$38,140.29** | **$12,852.75** | **$77,116.53** |
| 2014 | TL | 1002 | 02/15 | $2,295.27 | $3,052.71 | $1,069.60 | $6,417.58 | $3,075.66 | $1,074.19 | $6,445.12 |
| | TL | 1021 | 02/15 | $4,304.30 | $5,724.72 | $2,005.80 | $12,034.82 | $5,767.76 | $2,014.41 | $12,086.47 |
| | TL | 1031 | 02/15 | $1,901.57 | $2,529.09 | $886.13 | $5,316.79 | $2,548.10 | $889.93 | $5,339.60 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

*Your check may be converted to electronic funds transfer*

# Return this Portion With Your Payment

**Account: 00000420976000000**

2 000000000004020009070600000000000000000354590370б


| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |


**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| | | | | | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| | TL | 1041 | 02/15 | $150.50 | $200.17 | $70.13 | $420.80 | $201.67 | $70.43 | $422.60 |
| | TL | 1102 | 02/15 | $5,588.79 | $7,433.09 | $2,604.38 | $15,626.26 | $7,488.98 | $2,615.55 | $15,693.32 |
| | TL | 1208 | 02/15 | $12,034.70 | $16,006.15 | $5,608.17 | $33,649.02 | $16,126.50 | $5,632.24 | $33,793.44 |
| **Subtotals for 2014:** | | | | **$26,275.13** | **$34,945.93** | **$12,244.21** | **$73,465.27** | **$35,208.67** | **$12,296.75** | **$73,780.55** |
| 2015 | TL | 1002 | 02/16 | $4,073.38 | $4,928.79 | $1,800.43 | $10,802.60 | $4,969.52 | $1,808.58 | $10,851.48 |
| | TL | 1021 | 02/16 | $4,792.22 | $5,798.59 | $2,118.16 | $12,708.97 | $5,846.51 | $2,127.75 | $12,766.48 |
| | TL | 1031 | 02/16 | $2,071.88 | $2,506.97 | $915.77 | $5,494.62 | $2,527.69 | $919.91 | $5,519.48 |
| | TL | 1041 | 02/16 | $167.56 | $202.75 | $74.06 | $444.37 | $204.42 | $74.40 | $446.38 |
| | TL | 1102 | 02/16 | $23,847.42 | $28,855.38 | $10,540.56 | $63,243.36 | $29,093.85 | $10,588.25 | $63,529.52 |
| | TL | 1208 | 02/16 | $13,354.53 | $16,158.98 | $5,902.70 | $35,416.21 | $16,292.53 | $5,929.41 | $35,576.47 |
| **Subtotals for 2015:** | | | | **$48,306.99** | **$58,451.46** | **$21,351.68** | **$128,110.13** | **$58,934.52** | **$21,448.30** | **$128,689.81** |
| 2016 | TL | 1002 | 02/17 | $4,212.61 | $4,591.74 | $1,760.87 | $10,565.22 | $4,633.87 | $1,769.30 | $10,615.78 |
| | TL | 1021 | 02/17 | $4,841.64 | $5,277.39 | $2,023.81 | $12,142.84 | $5,325.80 | $2,033.49 | $12,200.93 |
| | TL | 1031 | 02/17 | $2,130.27 | $2,321.99 | $890.45 | $5,342.71 | $2,343.30 | $894.71 | $5,368.28 |
| | TL | 1041 | 02/17 | $160.65 | $175.11 | $67.15 | $402.91 | $176.72 | $67.47 | $404.84 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 0000000000040200090706000000000000000003545903706


| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |


**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| | TL | 1102 | 02/17 | $24,673.48 | $26,894.09 | $10,313.51 | $61,881.08 | $27,140.83 | $10,362.86 | $62,177.17 |
| | TL | 1208 | 02/17 | $13,559.72 | $14,780.09 | $5,667.96 | $34,007.77 | $14,915.69 | $5,695.08 | $34,170.49 |
| **Subtotals for 2016:** | | | | **$49,578.37** | **$54,040.41** | **$20,723.75** | **$124,342.53** | **$54,536.21** | **$20,822.91** | **$124,937.49** |
| 2017 | TL | 1002 | 02/18 | $4,212.61 | $4,086.23 | $1,659.77 | $9,958.61 | $4,128.36 | $1,668.19 | $10,009.16 |
| | TL | 1021 | 02/18 | $4,841.64 | $4,696.39 | $1,907.61 | $11,445.64 | $4,744.81 | $1,917.29 | $11,503.74 |
| | TL | 1031 | 02/18 | $2,152.89 | $2,088.30 | $848.24 | $5,089.43 | $2,109.83 | $852.54 | $5,115.26 |
| | TL | 1041 | 02/18 | $173.29 | $168.09 | $68.28 | $409.66 | $169.82 | $68.62 | $411.73 |
| | TL | 1102 | 02/18 | $24,673.48 | $23,933.28 | $9,721.35 | $58,328.11 | $24,180.01 | $9,770.70 | $58,624.19 |
| | TL | 1208 | 02/18 | $13,523.33 | $13,117.63 | $5,328.19 | $31,969.15 | $13,252.86 | $5,355.24 | $32,131.43 |
| **Subtotals for 2017:** | | | | **$49,577.24** | **$48,089.92** | **$19,533.44** | **$117,200.60** | **$48,585.69** | **$19,632.58** | **$117,795.51** |
| 2018 | TL | 1002 | 02/19 | $4,212.61 | $3,580.72 | $1,558.67 | $9,352.00 | $3,622.84 | $1,567.09 | $9,402.54 |
| | TL | 1021 | 02/19 | $4,841.64 | $4,115.39 | $1,791.41 | $10,748.44 | $4,163.81 | $1,801.09 | $10,806.54 |
| | TL | 1031 | 02/19 | $2,148.76 | $1,826.45 | $795.04 | $4,770.25 | $1,847.93 | $799.34 | $4,796.03 |
| | TL | 1041 | 02/19 | $173.29 | $147.30 | $64.12 | $384.71 | $149.03 | $64.46 | $386.78 |
| | TL | 1102 | 02/19 | $27,174.35 | $23,098.20 | $10,054.51 | $60,327.06 | $23,369.94 | $10,108.86 | $60,653.15 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 0000000000040200090706000000000000000003545903706

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| | | | | | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| | TL | 1208 | 02/19 | $13,459.22 | $11,440.34 | $4,979.91 | $29,879.47 | $11,574.93 | $5,006.83 | $30,040.98 |
| **Subtotals for 2018:** | | | | **$52,009.87** | **$44,208.40** | **$19,243.66** | **$115,461.93** | **$44,728.48** | **$19,347.67** | **$116,086.02** |
| 2019 | TL | 1002 | 02/20 | $4,530.37 | $3,307.17 | $1,567.51 | $9,405.05 | $3,352.47 | $1,576.57 | $9,459.41 |
| | TL | 1021 | 02/20 | $5,022.36 | $3,666.32 | $1,737.74 | $10,426.42 | $3,716.55 | $1,747.78 | $10,486.69 |
| | TL | 1031 | 02/20 | $2,310.84 | $1,686.91 | $799.55 | $4,797.30 | $1,710.02 | $804.17 | $4,825.03 |
| | TL | 1041 | 02/20 | $186.36 | $136.04 | $64.48 | $386.88 | $137.91 | $64.85 | $389.12 |
| | TL | 1102 | 02/20 | $27,145.04 | $19,815.88 | $9,392.18 | $56,353.10 | $20,087.33 | $9,446.47 | $56,678.84 |
| | TL | 1208 | 02/20 | $14,472.59 | $10,564.99 | $5,007.52 | $30,045.10 | $10,709.72 | $5,036.46 | $30,218.77 |
| **Subtotals for 2019:** | | | | **$53,667.56** | **$39,177.31** | **$18,568.98** | **$111,413.85** | **$39,714.00** | **$18,676.30** | **$112,057.86** |
| 2020 | TL | 1002 | 02/21 | $4,467.76 | $2,725.33 | $1,438.62 | $8,631.71 | $2,770.01 | $1,447.55 | $8,685.32 |
| | TL | 1021 | 02/21 | $4,959.00 | $3,024.99 | $1,596.80 | $9,580.79 | $3,074.58 | $1,606.72 | $9,640.30 |
| | TL | 1031 | 02/21 | $2,310.84 | $1,409.61 | $744.09 | $4,464.54 | $1,432.72 | $748.71 | $4,492.27 |
| | TL | 1041 | 02/21 | $186.36 | $113.68 | $60.01 | $360.05 | $115.54 | $60.38 | $362.28 |
| | TL | 1102 | 02/21 | $26,862.28 | $16,385.99 | $8,649.65 | $51,897.92 | $16,654.61 | $8,703.38 | $52,220.27 |
| | TL | 1208 | 02/21 | $14,467.00 | $8,824.87 | $4,658.37 | $27,950.24 | $8,969.54 | $4,687.31 | $28,123.85 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| February 28, 2025 | $3,545,903.70 |
| April 01, 2025 | $3,559,625.69 |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 000000000004020009070600000000000000000354 5903706

| Total Due If Paid By | |
|---|---|
| February 28, 2025 | $3,545,903.70 |
| April 01, 2025 | $3,559,625.69 |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| **Subtotals for 2020:** | | | | **$53,253.24** | **$32,484.47** | **$17,147.54** | **$102,885.25** | **$33,017.00** | **$17,254.05** | **$103,524.29** |
| 2021 | TL | 1002 | 02/22 | $4,247.97 | $2,081.51 | $1,265.90 | $7,595.38 | $2,123.99 | $1,274.39 | $7,646.35 |
| | TL | 1021 | 02/22 | $4,752.14 | $2,328.55 | $1,416.14 | $8,496.83 | $2,376.07 | $1,425.64 | $8,553.85 |
| | TL | 1031 | 02/22 | $2,301.71 | $1,127.84 | $685.91 | $4,115.46 | $1,150.86 | $690.51 | $4,143.08 |
| | TL | 1041 | 02/22 | $186.36 | $91.32 | $55.54 | $333.22 | $93.18 | $55.91 | $335.45 |
| | TL | 1102 | 02/22 | $25,857.59 | $12,670.22 | $7,705.56 | $46,233.37 | $12,928.80 | $7,757.28 | $46,543.67 |
| | TL | 1208 | 02/22 | $14,411.10 | $7,061.44 | $4,294.51 | $25,767.05 | $7,205.55 | $4,323.33 | $25,939.98 |
| **Subtotals for 2021:** | | | | **$51,756.87** | **$25,360.88** | **$15,423.56** | **$92,541.31** | **$25,878.45** | **$15,527.06** | **$93,162.38** |
| 2022 | TL | 1002 | 02/23 | $5,531.23 | $2,046.56 | $1,515.56 | $9,093.35 | $2,101.87 | $1,526.62 | $9,159.72 |
| | TL | 1021 | 02/23 | $5,984.34 | $2,214.21 | $1,639.71 | $9,838.26 | $2,274.05 | $1,651.68 | $9,910.07 |
| | TL | 1031 | 02/23 | $2,941.39 | $1,088.31 | $805.94 | $4,835.64 | $1,117.73 | $811.82 | $4,870.94 |
| | TL | 1041 | 02/23 | $253.79 | $93.90 | $69.54 | $417.23 | $96.44 | $70.05 | $420.28 |
| | TL | 1102 | 02/23 | $30,072.35 | $11,126.77 | $8,239.82 | $49,438.94 | $11,427.49 | $8,299.97 | $49,799.81 |
| | TL | 1208 | 02/23 | $18,927.58 | $7,003.20 | $5,186.16 | $31,116.94 | $7,192.48 | $5,224.01 | $31,344.07 |
| **Subtotals for 2022:** | | | | **$63,710.68** | **$23,572.95** | **$17,456.73** | **$104,740.36** | **$24,210.06** | **$17,584.15** | **$105,504.89** |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 000000000004020009070600000000000000000354590370６

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Appendix 48**

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| 2023 | TL | 1002 | 02/24 | $5,942.04 | $1,485.51 | $1,485.51 | $8,913.06 | $1,544.93 | $1,497.39 | $8,984.36 |
| | TL | 1021 | 02/24 | $6,046.22 | $1,511.56 | $1,511.56 | $9,069.34 | $1,572.02 | $1,523.65 | $9,141.89 |
| | TL | 1031 | 02/24 | $3,030.77 | $757.69 | $757.69 | $4,546.15 | $788.00 | $763.75 | $4,582.52 |
| | TL | 1102 | 02/24 | $27,926.49 | $6,981.62 | $6,981.62 | $41,889.73 | $7,260.89 | $7,037.48 | $42,224.86 |
| | TL | 1208 | 02/24 | $20,265.15 | $5,066.29 | $5,066.29 | $30,397.73 | $5,268.94 | $5,106.82 | $30,640.91 |
| **Subtotals for 2023:** | | | | **$63,210.67** | **$15,802.67** | **$15,802.67** | **$94,816.01** | **$16,434.78** | **$15,929.09** | **$95,574.54** |
| 2024 | TL | 1002 | 02/25 | $6,590.51 | $461.34 | $1,057.78 | $8,109.63 | $593.15 | $1,077.55 | $8,261.21 |
| | TL | 1021 | 02/25 | $6,483.47 | $453.84 | $1,040.60 | $7,977.91 | $583.51 | $1,060.05 | $8,127.03 |
| | TL | 1031 | 02/25 | $3,229.35 | $226.05 | $518.31 | $3,973.71 | $290.64 | $528.00 | $4,047.99 |
| | TL | 1102 | 02/25 | $30,497.84 | $2,134.85 | $4,894.90 | $37,527.59 | $2,744.81 | $4,986.40 | $38,229.05 |
| | TL | 1208 | 02/25 | $21,551.42 | $1,508.60 | $3,459.00 | $26,519.02 | $1,939.63 | $3,523.66 | $27,014.71 |
| **Subtotals for 2024:** | | | | **$68,352.59** | **$4,784.68** | **$10,970.59** | **$84,107.86** | **$6,151.74** | **$11,175.66** | **$85,679.99** |
| **TOTAL AMOUNT DUE:** | | | | **$1,091,435.17** | **$1,921,965.06** | **$532,503.47** | **$3,545,903.70** | **$1,933,563.03** | **$534,627.49** | **$3,559,625.69** |

Pay taxes online at:
www.dallascounty.org/tax

| **Total Due If Paid By** | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 000000000004020009070600000000000000000003545903706

| **Total Due If Paid By** | |
|---|---|
| **February 28, 2025** | **$3,545,903.70** |
| **April 01, 2025** | **$3,559,625.69** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| | | | February 28, 2025 | | | April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|
| Tax Unit Codes: | Levy | P&I | Fees | Total | P&I | Fees | Total |
| 1002 DALLAS COUNTY | $99,929.63 | $185,203.13 | $50,867.03 | $335,999.79 | $186,268.34 | $51,062.45 | $337,260.42 |
| 1021 PARKLAND HOSP | $116,686.99 | $206,420.42 | $58,897.72 | $382,005.13 | $207,652.14 | $59,127.23 | $383,466.36 |
| 1031 DAL COLL | $46,728.41 | $72,662.27 | $22,022.24 | $141,412.92 | $73,161.92 | $22,115.75 | $142,006.08 |
| 1041 SCH EQUAL | $3,006.58 | $4,492.09 | $1,429.85 | $8,928.52 | $4,522.17 | $1,435.71 | $8,964.46 |
| 1044 STATE TX | $320.27 | $1,756.89 | $311.58 | $2,388.74 | $1,760.10 | $312.06 | $2,392.43 |
| 1102 DALLAS ISD | $476,177.42 | $836,134.91 | $227,825.18 | $1,540,137.51 | $841,201.62 | $228,744.10 | $1,546,123.14 |
| 1208 DALLAS CITY | $348,585.87 | $615,295.35 | $171,149.87 | $1,135,031.09 | $618,996.74 | $171,830.19 | $1,139,412.80 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| February 28, 2025 | $3,545,903.70 |
| April 01, 2025 | $3,559,625.69 |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 000000000004020009070600000000000000000354590370б

| Total Due If Paid By | |
|---|---|
| February 28, 2025 | $3,545,903.70 |
| April 01, 2025 | $3,559,625.69 |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Appendix 50**



v36.1.32

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| | | | | | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| 1994 | TL | 1002 | 02/95 | $966.69 | $3,605.75 | $685.87 | $5,258.31 | $3,615.42 | $687.32 | $5,269.43 |
| | TL | 1021 | 02/95 | $953.27 | $3,555.70 | $676.35 | $5,185.32 | $3,565.23 | $677.78 | $5,196.28 |
| | TL | 1031 | 02/95 | $258.54 | $964.35 | $183.43 | $1,406.32 | $966.94 | $183.82 | $1,409.30 |
| | TL | 1041 | 02/95 | $30.71 | $114.55 | $21.79 | $167.05 | $114.86 | $21.84 | $167.41 |
| | TL | 1102 | 02/95 | $8,011.63 | $29,883.38 | $5,684.25 | $43,579.26 | $29,963.50 | $5,696.27 | $43,671.40 |
| | TL | 1208 | 02/95 | $3,254.76 | $12,140.25 | $2,309.25 | $17,704.26 | $12,172.80 | $2,314.13 | $17,741.69 |
| **Subtotals for 1994:** | | | | **$13,475.60** | **$50,263.98** | **$9,560.94** | **$73,300.52** | **$50,398.75** | **$9,581.16** | **$73,455.51** |
| 1995 | TL | 1002 | 02/96 | $1,032.13 | $3,725.99 | $713.72 | $5,471.84 | $3,736.31 | $715.27 | $5,483.71 |
| | TL | 1021 | 02/96 | $953.27 | $3,441.30 | $659.19 | $5,053.76 | $3,450.84 | $660.62 | $5,064.73 |
| | TL | 1031 | 02/96 | $258.54 | $933.33 | $178.78 | $1,370.65 | $935.91 | $179.17 | $1,373.62 |
| | TL | 1041 | 02/96 | $30.57 | $110.36 | $21.14 | $162.07 | $110.66 | $21.18 | $162.41 |
| | TL | 1102 | 02/96 | $8,011.63 | $28,921.98 | $5,540.04 | $42,473.65 | $29,002.10 | $5,552.06 | $42,565.79 |
| | TL | 1208 | 02/96 | $3,244.14 | $11,711.35 | $2,243.32 | $17,198.81 | $11,743.79 | $2,248.19 | $17,236.12 |
| **Subtotals for 1995:** | | | | **$13,530.28** | **$48,844.31** | **$9,356.19** | **$71,730.78** | **$48,979.61** | **$9,376.49** | **$71,886.38** |
| 1996 | TL | 1002 | 02/97 | $1,002.99 | $3,500.44 | $675.51 | $5,178.94 | $3,510.47 | $677.02 | $5,190.48 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

*Your check may be converted to electronic funds transfer*

# Return this Portion With Your Payment

**Account: 00000420976000000**

2 000000000004020009070600000000000000002694382662

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**EXHIBIT "B"**
Appendix 51

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| | | | | | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| | TL | 1021 | 02/97 | $927.01 | $3,235.26 | $624.34 | $4,786.61 | $3,244.54 | $625.73 | $4,797.28 |
| | TL | 1031 | 02/97 | $258.54 | $902.30 | $174.13 | $1,334.97 | $904.89 | $174.51 | $1,337.94 |
| | TL | 1041 | 02/97 | $30.57 | $106.69 | $20.59 | $157.85 | $107.00 | $20.64 | $158.21 |
| | TL | 1102 | 02/97 | $8,011.63 | $27,960.59 | $5,395.83 | $41,368.05 | $28.040.71 | $5,407.85 | $41.460 19 |
| | TL | 1208 | 02/97 | $3,234.01 | $11,286.69 | $2,178.11 | $16,698.81 | $11.319.04 | $2,182.96 | $16.736.01 |
| **Subtotals for 1996:** | | | | **$13,464.75** | **$46,991.97** | **$9,068.51** | **$69,525.23** | **$47,126.65** | **$9,088.71** | **$69,680.11** |
| 1997 | TL | 1002 | 02/98 | $960.01 | $3,235.23 | $629.29 | $4,824.53 | $3,244.83 | $630.73 | $4,835.57 |
| | TL | 1021 | 02/98 | $887.27 | $2,990.10 | $581.61 | $4,458.98 | $2,998.97 | $582.94 | $4,469.18 |
| | TL | 1031 | 02/98 | $248.31 | $836.80 | $162.77 | $1,247.88 | $839.29 | $163.14 | $1,250.74 |
| | TL | 1041 | 02/98 | $30.09 | $101.40 | $19.72 | $151.21 | $101.70 | $19.77 | $151.56 |
| | TL | 1102 | 02/98 | $7,865.58 | $26,507.00 | $5,155.89 | $39,528.47 | $26.585.66 | $5,167.69 | $39,618.93 |
| | TL | 1208 | 02/98 | $3,144.73 | $10,597.74 | $2,061.37 | $15.803.84 | $10.629.19 | $2,066.09 | $15.840.01 |
| **Subtotals for 1997:** | | | | **$13,135.99** | **$44,268.27** | **$8,610.65** | **$66,014.91** | **$44,399.64** | **$8,630.36** | **$66,165.99** |
| 1998 | TL | 1002 | 02/99 | $1,180.39 | $3,836.27 | $752.50 | $5,769.16 | $3,848.07 | $754.27 | $5,782.73 |
| | TL | 1021 | 02/99 | $1,076.84 | $3,499.73 | $686.49 | $5,263.06 | $3,510.50 | $688.10 | $5,275.44 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

*Your check may be converted to electronic funds transfer*

# Return this Portion With Your Payment

**Account: 00000420976000000**

2 0000000000040200090706000000000000000002694382662

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | TOTAL DUE IF PAID BY February 28, 2025 Penalty Interest | Fees | Total | TOTAL DUE IF PAID BY April 01, 2025 Penalty Interest | Fees | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | TL | 1031 | 02/99 | $308.79 | $1,003.57 | $196.85 | $1,509.21 | $1,006.66 | $197.32 | $1,512.77 |
| | TL | 1041 | 02/99 | $35.76 | $116.22 | $22.80 | $174.78 | $116.58 | $22.85 | $175.19 |
| | TL | 1102 | 02/99 | $7,865.58 | $25,563.14 | $5,014.31 | $38,443.03 | $25,641.79 | $5,026.11 | $38,533.48 |
| | TL | 1208 | 02/99 | $3,917.81 | $12,732.88 | $2,497.60 | $19,148.29 | $12,772.06 | $2,503.48 | $19,193.35 |
| **Subtotals for 1998:** | | | | **$14,385.17** | **$46,751.81** | **$9,170.55** | **$70,307.53** | **$46,895.66** | **$9,192.13** | **$70,472.96** |
| 1999 | TL | 1002 | 02/00 | $1,173.21 | $3,672.15 | $726.80 | $5,572.16 | $3,683.88 | $728.56 | $5,585.65 |
| | TL | 1021 | 02/00 | $1,173.21 | $3,672.15 | $726.80 | $5,572.16 | $3,683.88 | $728.56 | $5,585.65 |
| | TL | 1031 | 02/00 | $308.79 | $966.51 | $191.30 | $1,466.60 | $969.60 | $191.76 | $1,470.15 |
| | TL | 1041 | 02/00 | $34.11 | $106.76 | $21.13 | $162.00 | $107.11 | $21.18 | $162.40 |
| | TL | 1102 | 02/00 | $7,865.58 | $24,619.27 | $4,872.73 | $37,357.58 | $24,697.92 | $4,884.53 | $37,448.03 |
| | TL | 1208 | 02/00 | $4,028.87 | $12,610.36 | $2,495.88 | $19,135.11 | $12,650.65 | $2,501.93 | $19,181.45 |
| **Subtotals for 1999:** | | | | **$14,583.77** | **$45,647.20** | **$9,034.64** | **$69,265.61** | **$45,793.04** | **$9,056.52** | **$69,433.33** |
| 2000 | TL | 1002 | 02/01 | $1,424.73 | $4,288.44 | $856.98 | $6,570.15 | $4,302.68 | $859.11 | $6,586.52 |
| | TL | 1021 | 02/01 | $1,846.34 | $5,557.48 | $1,110.57 | $8,514.39 | $5,575.95 | $1,113.34 | $8,535.63 |
| | TL | 1031 | 02/01 | $372.95 | $1,122.58 | $224.33 | $1,719.86 | $1,126.31 | $224.89 | $1,724.15 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

*Your check may be converted to electronic funds transfer*

# Return this Portion With Your Payment

**Account: 00000420976000000**

2 0000000000040200090706000000000000000002694382662

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Appendix 53**

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| | TL | 1041 | 02/01 | $41.19 | $123.98 | $24.78 | $189.95 | $124.39 | $24.84 | $190.42 |
| | TL | 1102 | 02/01 | $7,865.58 | $23,675.40 | $4,731.15 | $36,272.13 | $23,754.05 | $4,742.94 | $36,362.57 |
| | TL | 1208 | 02/01 | $4,885.46 | $14,705.23 | $2,938.60 | $22,529.29 | $14,754.09 | $2,945.93 | $22,585.48 |
| **Subtotals for 2000:** | | | | **$16,436.25** | **$49,473.11** | **$9,886.41** | **$75,795.77** | **$49,637.47** | **$9,911.05** | **$75,984.77** |
| 2001 | TL | 1002 | 02/02 | $1,580.73 | $4,568.31 | $1,229.81 | $7,378.85 | $4,584.12 | $1,232.97 | $7,397.82 |
| | TL | 1021 | 02/02 | $2,048.50 | $5,920.17 | $1,593.73 | $9,562.40 | $5,940.65 | $1,597.83 | $9,586.98 |
| | TL | 1031 | 02/02 | $495.30 | $1,431.42 | $385.34 | $2,312.06 | $1,436.37 | $386.33 | $2,318.00 |
| | TL | 1041 | 02/02 | $44.56 | $128.78 | $34.67 | $208.01 | $129.22 | $34.76 | $208.54 |
| | TL | 1102 | 02/02 | $7,865.58 | $22,731.53 | $6,119.42 | $36,716.53 | $22,810.18 | $6,135.15 | $36,810.91 |
| | TL | 1208 | 02/02 | $5,416.73 | $15,654.35 | $4,214.22 | $25,285.30 | $15,708.52 | $4,225.05 | $25,350.30 |
| **Subtotals for 2001:** | | | | **$17,451.40** | **$50,434.56** | **$13,577.19** | **$81,463.15** | **$50,609.06** | **$13,612.09** | **$81,672.55** |
| 2002 | TL | 1002 | 02/03 | $1,752.33 | $4,853.95 | $1,321.26 | $7,927.54 | $4,871.48 | $1,324.76 | $7,948.57 |
| | TL | 1021 | 02/03 | $2,270.87 | $6,290.31 | $1,712.24 | $10,273.42 | $6,313.02 | $1,716.78 | $10,300.67 |
| | TL | 1031 | 02/03 | $547.83 | $1,517.49 | $413.06 | $2,478.38 | $1,522.97 | $414.16 | $2,484.96 |
| | TL | 1041 | 02/03 | $49.17 | $136.20 | $37.07 | $222.44 | $136.69 | $37.17 | $223.03 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 000000000004020009070600000000000000000002694382662

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| | TL | 1102 | 02/03 | $7,865.58 | $21,787.66 | $5,930.65 | $35,583.89 | $21,866.31 | $5,946.38 | $35,678.27 |
| | TL | 1208 | 02/03 | $6,291.51 | $17,427.48 | $4,743.80 | $28,462.79 | $17,490.40 | $4,756.38 | $28,538.29 |
| **Subtotals for 2002:** | | | | **$18,777.29** | **$52,013.09** | **$14,158.08** | **$84,948.46** | **$52,200.87** | **$14,195.63** | **$85,173.79** |
| 2003 | TL | 1002 | 02/04 | $1,926.64 | $5,105.60 | $1,406.45 | $8,438.69 | $5,124.86 | $1,410.30 | $8,461.80 |
| | TL | 1021 | 02/04 | $2,400.04 | $6,360.11 | $1,752.03 | $10,512.18 | $6,384.11 | $1,756.83 | $10,540.98 |
| | TL | 1031 | 02/04 | $749.91 | $1,987.26 | $547.43 | $3,284.60 | $1,994.76 | $548.93 | $3,293.60 |
| | TL | 1041 | 02/04 | $51.59 | $136.71 | $37.66 | $225.96 | $137.23 | $37.76 | $226.58 |
| | TL | 1102 | 02/04 | $7,865.58 | $20,843.79 | $5,741.87 | $34,451.24 | $20,922.44 | $5,757.60 | $34,545.62 |
| | TL | 1208 | 02/04 | $6,647.37 | $17,615.53 | $4,852.58 | $29,115.48 | $17,682.00 | $4,865.87 | $29,195.24 |
| **Subtotals for 2003:** | | | | **$19,641.13** | **$52,049.00** | **$14,338.02** | **$86,028.15** | **$52,245.40** | **$14,377.29** | **$86,263.82** |
| 2004 | TL | 1002 | 02/05 | $1,926.64 | $4,874.40 | $1,360.21 | $8,161.25 | $4,893.67 | $1,364.06 | $8,184.37 |
| | TL | 1021 | 02/05 | $2,400.04 | $6,072.10 | $1,694.43 | $10,166.57 | $6,096.10 | $1,699.23 | $10,195.37 |
| | TL | 1031 | 02/05 | $774.01 | $1,958.25 | $546.45 | $3,278.71 | $1,965.99 | $548.00 | $3,288.00 |
| | TL | 1041 | 02/05 | $51.59 | $130.52 | $36.42 | $218.53 | $131.04 | $36.53 | $219.16 |
| | TL | 1102 | 02/05 | $7,865.58 | $19,899.92 | $5,553.10 | $33,318.60 | $19,978.57 | $5,568.83 | $33,412.98 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 000000000004020009070600000000000000000002694382662

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| | TL | 1208 | 02/05 | $6,836.40 | $17,296.09 | $4,826.50 | $28,958.99 | $17,364.46 | $4,840.17 | $29,041.03 |
| **Subtotals for 2004:** | | | | **$19,854.26** | **$50,231.28** | **$14,017.11** | **$84,102.65** | **$50,429.83** | **$14,056.82** | **$84,340.91** |
| 2005 | TL | 1002 | 02/06 | $2,178.05 | $5,249.10 | $1,485.43 | $8,912.58 | $5,270.88 | $1,489.79 | $8,938.72 |
| | TL | 1021 | 02/06 | $2,586.37 | $6,233.15 | $1,763.90 | $10,583.42 | $6,259.02 | $1,769.08 | $10,614.47 |
| | TL | 1031 | 02/06 | $846.40 | $2,039.82 | $577.24 | $3,463.46 | $2,048.29 | $578.94 | $3,473.63 |
| | TL | 1041 | 02/06 | $53.97 | $130.07 | $36.81 | $220.85 | $130.61 | $36.92 | $221.50 |
| | TL | 1102 | 02/06 | $7,865.58 | $18,956.05 | $5,364.33 | $32,185.96 | $19,034.70 | $5,380.06 | $32,280.34 |
| | TL | 1208 | 02/06 | $7,589.49 | $18,290.67 | $5,176.03 | $31,056.19 | $18,366.57 | $5,191.21 | $31,147.27 |
| **Subtotals for 2005:** | | | | **$21,119.86** | **$50,898.86** | **$14,403.74** | **$86,422.46** | **$51,110.07** | **$14,446.00** | **$86,675.93** |
| 2006 | TL | 1002 | 02/07 | $2,178.05 | $4,987.73 | $1,433.16 | $8,598.94 | $5,009.52 | $1,437.51 | $8,625.08 |
| | TL | 1021 | 02/07 | $2,586.37 | $5,922.79 | $1,701.83 | $10,210.99 | $5,948.65 | $1,707.00 | $10,242.02 |
| | TL | 1031 | 02/07 | $840.18 | $1,924.01 | $552.84 | $3,317.03 | $1,932.41 | $554.52 | $3,327.11 |
| | TL | 1041 | 02/07 | $51.26 | $117.39 | $33.73 | $202.38 | $117.90 | $33.83 | $202.99 |
| | TL | 1102 | 02/07 | $7,865.58 | $18,012.18 | $5,175.55 | $31,053.31 | $18,090.83 | $5,191.28 | $31,147.69 |
| | TL | 1208 | 02/07 | $7,461.58 | $17,087.02 | $4,909.72 | $29,458.32 | $17,161.63 | $4,924.64 | $29,547.85 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 00000000000402000907060000000000000000002694382662

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| | | | | | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| **Subtotals for 2006:** | | | | **$20,983.02** | **$48,051.12** | **$13,806.83** | **$82,840.97** | **$48,260.94** | **$13,848.78** | **$83,092.74** |
| 2007 | TL | 1002 | 02/08 | $2,295.27 | $4,980.74 | $1,455.20 | $8,731.21 | $5,003.69 | $1,459.79 | $8,758.75 |
| | TL | 1021 | 02/08 | $2,555.89 | $5,546.28 | $1,620.43 | $9,722.60 | $5,571.84 | $1,625.55 | $9,753.28 |
| | TL | 1031 | 02/08 | $824.31 | $1,788.75 | $522.61 | $3,135.67 | $1,797.00 | $524.26 | $3,145.57 |
| | TL | 1041 | 02/08 | $47.43 | $102.92 | $30.07 | $180.42 | $103.40 | $30.17 | $181.00 |
| | TL | 1102 | 02/08 | $5,588.79 | $12,127.67 | $3,543.29 | $21,259.75 | $12,183.56 | $3,554.47 | $21,326.82 |
| | TL | 1208 | 02/08 | $7,563.18 | $16,412.10 | $4,795.06 | $28,770.34 | $16,487.73 | $4,810.18 | $28,861.09 |
| **Subtotals for 2007:** | | | | **$18,874.87** | **$40,958.46** | **$11,966.66** | **$71,799.99** | **$41,147.22** | **$12,004.42** | **$72,026.51** |
| 2008 | TL | 1002 | 02/09 | $2,295.27 | $4,705.30 | $1,400.11 | $8,400.68 | $4,728.26 | $1,404.71 | $8,428.24 |
| | TL | 1021 | 02/09 | $2,832.05 | $5,805.70 | $1,727.55 | $10,365.30 | $5,834.02 | $1,733.21 | $10,399.28 |
| | TL | 1031 | 02/09 | $1,013.78 | $2,078.25 | $618.41 | $3,710.44 | $2,088.39 | $620.43 | $3,722.60 |
| | TL | 1041 | 02/09 | $54.95 | $112.65 | $33.52 | $201.12 | $113.20 | $33.63 | $201.78 |
| | TL | 1102 | 02/09 | $5,588.79 | $11,457.02 | $3,409.16 | $20,454.97 | $11,512.91 | $3,420.34 | $20,522.04 |
| | TL | 1208 | 02/09 | $8,376.35 | $17,171.52 | $5,109.57 | $30,657.44 | $17,255.28 | $5,126.33 | $30,757.96 |
| **Subtotals for 2008:** | | | | **$20,161.19** | **$41,330.44** | **$12,298.32** | **$73,789.95** | **$41,532.06** | **$12,338.65** | **$74,031.90** |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 00000000000402000907060000000000000000002694382662

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| | | | | | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| 2009 | TL | 1002 | 02/10 | $2,295.27 | $4,429.87 | $1,345.03 | $8,070.17 | $4,452.82 | $1,349.62 | $8,097.71 |
| | TL | 1021 | 02/10 | $3.382.75 | $6,528.71 | $1,982.29 | $11,893.75 | $6,562.54 | $1,989.06 | $11.934.35 |
| | TL | 1031 | 02/10 | $1,189.65 | $2,296.02 | $697.13 | $4,182.80 | $2,307.92 | $699.51 | $4,197.08 |
| | TL | 1041 | 02/10 | $64.35 | $124.20 | $37.71 | $226.26 | $124.84 | $37.84 | $227.03 |
| | TL | 1102 | 02/10 | $5,588.79 | $10,786.36 | $3,275.03 | $19,650.18 | $10.842.25 | $3,286.21 | $19,717.25 |
| | TL | 1208 | 02/10 | $9,270.81 | $17,892.66 | $5,432.69 | $32,596.16 | $17.985.37 | $5,451.24 | $32,707.42 |
| **Subtotals for 2009:** | | | | **$21,791.62** | **$42,057.82** | **$12,769.88** | **$76,619.32** | **$42,275.74** | **$12,813.48** | **$76,880.84** |
| 2010 | TL | 1002 | 02/11 | $2,295.27 | $4,154.44 | $1,289.94 | $7,739.65 | $4,177.39 | $1,294.53 | $7,767.19 |
| | TL | 1021 | 02/11 | $3,702.23 | $6,701.04 | $2,080.65 | $12,483.92 | $6,738.06 | $2,088.06 | $12,528.35 |
| | TL | 1031 | 02/11 | $1,374.47 | $2,487.79 | $772.45 | $4,634.71 | $2,501.54 | $775.20 | $4,651.21 |
| | TL | 1041 | 02/11 | $136.61 | $247.26 | $76.77 | $460.64 | $248.63 | $77.05 | $462.29 |
| | TL | 1102 | 02/11 | $5,588.79 | $10,115.71 | $3,140.90 | $18,845.40 | $10,171.60 | $3,152.08 | $18,912.47 |
| | TL | 1208 | 02/11 | $10,927.96 | $19,779.61 | $6,141.51 | $36,849.08 | $19,888.89 | $6,163.37 | $36,980.22 |
| **Subtotals for 2010:** | | | | **$24,025.33** | **$43,485.85** | **$13,502.22** | **$81,013.40** | **$43,726.11** | **$13,550.29** | **$81,301.73** |
| 2011 | TL | 1002 | 02/12 | $2,295.27 | $3,879.01 | $1,234.86 | $7,409.14 | $3,901.96 | $1,239.45 | $7,436.68 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 0000000000040200090706000000000000000002694382662

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Appendix 58**

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| | | | | | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| | TL | 1021 | 02/12 | $4,094.40 | $6,919.54 | $2,202.79 | $13,216.73 | $6,960.48 | $2,210.98 | $13,265.86 |
| | TL | 1031 | 02/12 | $1,524.80 | $2,576.91 | $820.34 | $4,922.05 | $2,592.16 | $823.39 | $4,940.35 |
| | TL | 1041 | 02/12 | $151.09 | $255.34 | $81.29 | $487.72 | $256.85 | $81.59 | $489.53 |
| | TL | 1102 | 02/12 | $5,588.79 | $9,445.06 | $3,006.77 | $18,040.62 | $9,500.94 | $3,017.95 | $18,107.68 |
| | TL | 1208 | 02/12 | $12,081.32 | $20,417.43 | $6,499.75 | $38,998.50 | $20,538.24 | $6,523.91 | $39,143.47 |
| **Subtotals for 2011:** | | | | **$25,735.67** | **$43,493.29** | **$13,845.80** | **$83,074.76** | **$43,750.63** | **$13,897.27** | **$83,383.57** |
| 2012 | TL | 1002 | 02/13 | $2,295.27 | $3,603.57 | $1,179.77 | $7,078.61 | $3,626.53 | $1,184.36 | $7,106.16 |
| | TL | 1021 | 02/13 | $4,105.80 | $6,446.11 | $2,110.38 | $12,662.29 | $6,487.16 | $2,118.59 | $12,711.55 |
| | TL | 1031 | 02/13 | $1,831.28 | $2,875.11 | $941.28 | $5,647.67 | $2,893.42 | $944.94 | $5,669.64 |
| | TL | 1041 | 02/13 | $150.55 | $236.36 | $77.38 | $464.29 | $237.87 | $77.68 | $466.10 |
| | TL | 1102 | 02/13 | $5,588.79 | $8,774.40 | $2,872.64 | $17,235.83 | $8,830.29 | $2,883.82 | $17,302.90 |
| | TL | 1208 | 02/13 | $12,114.85 | $19,020.31 | $6,227.03 | $37,362.19 | $19,141.46 | $6,251.26 | $37,507.57 |
| **Subtotals for 2012:** | | | | **$26,086.54** | **$40,955.86** | **$13,408.48** | **$80,450.88** | **$41,216.73** | **$13,460.65** | **$80,763.92** |
| 2013 | TL | 1002 | 02/14 | $2,295.27 | $3,328.14 | $1,124.68 | $6,748.09 | $3,351.09 | $1,129.27 | $6,775.63 |
| | TL | 1021 | 02/14 | $4,153.80 | $6,023.01 | $2,035.36 | $12,212.17 | $6,064.55 | $2,043.67 | $12,262.02 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 0000000000040200090706000000000000000002694382662

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Appendix 59**

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| | | | | | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| | TL | 1031 | 02/14 | $1,900.43 | $2,755.62 | $931.21 | $5,587.26 | $2,774.63 | $935.01 | $5,610.07 |
| | TL | 1041 | 02/14 | $150.50 | $218.23 | $73.75 | $442.48 | $219.73 | $74.05 | $444.28 |
| | TL | 1102 | 02/14 | $5,588.79 | $8,103.75 | $2,738.51 | $16,431.05 | $8,159.63 | $2,749.68 | $16,498.10 |
| | TL | 1208 | 02/14 | $12,034.70 | $17,450.32 | $5,897.00 | $35,382.02 | $17,570.66 | $5,921.07 | $35,526.43 |
| **Subtotals for 2013:** | | | | **$26,123.49** | **$37,879.07** | **$12,800.51** | **$76,803.07** | **$38,140.29** | **$12,852.75** | **$77,116.53** |
| 2014 | TL | 1002 | 02/15 | $2,295.27 | $3,052.71 | $1,069.60 | $6,417.58 | $3,075.66 | $1,074.19 | $6,445.12 |
| | TL | 1021 | 02/15 | $4,304.30 | $5,724.72 | $2,005.80 | $12,034.82 | $5,767.76 | $2,014.41 | $12,086.47 |
| | TL | 1031 | 02/15 | $1,901.57 | $2,529.09 | $886.13 | $5,316.79 | $2,548.10 | $889.93 | $5,339.60 |
| | TL | 1041 | 02/15 | $150.50 | $200.17 | $70.13 | $420.80 | $201.67 | $70.43 | $422.60 |
| | TL | 1102 | 02/15 | $5,588.79 | $7,433.09 | $2,604.38 | $15,626.26 | $7,488.98 | $2,615.55 | $15,693.32 |
| | TL | 1208 | 02/15 | $12,034.70 | $16,006.15 | $5,608.17 | $33,649.02 | $16,126.50 | $5,632.24 | $33,793.44 |
| **Subtotals for 2014:** | | | | **$26,275.13** | **$34,945.93** | **$12,244.21** | **$73,465.27** | **$35,208.67** | **$12,296.75** | **$73,780.55** |
| 2015 | TL | 1002 | 02/16 | $4,073.38 | $4,928.79 | $1,800.43 | $10,802.60 | $4,969.52 | $1,808.58 | $10,851.48 |
| | TL | 1021 | 02/16 | $4,792.22 | $5,798.59 | $2,118.16 | $12,708.97 | $5,846.51 | $2,127.75 | $12,766.48 |
| | TL | 1031 | 02/16 | $2,071.88 | $2,506.97 | $915.77 | $5,494.62 | $2,527.69 | $919.91 | $5,519.48 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 00000000000402000907060000000000000000002694382662

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| | | | | | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| | TL | 1041 | 02/16 | $167.56 | $202.75 | $74.06 | $444.37 | $204.42 | $74.40 | $446.38 |
| | TL | 1102 | 02/16 | $23,847.42 | $28,855.38 | $10,540.56 | $63,243.36 | $29,093.85 | $10,588.25 | $63,529.52 |
| | TL | 1208 | 02/16 | $13,354.53 | $16,158.98 | $5,902.70 | $35,416.21 | $16,292.53 | $5,929.41 | $35,576.47 |
| **Subtotals for 2015:** | | | | **$48,306.99** | **$58,451.46** | **$21,351.68** | **$128,110.13** | **$58,934.52** | **$21,448.30** | **$128,689.81** |
| 2016 | TL | 1002 | 02/17 | $4,212.61 | $4,591.74 | $1,760.87 | $10,565.22 | $4,633.87 | $1,769.30 | $10,615.78 |
| | TL | 1021 | 02/17 | $4,841.64 | $5,277.39 | $2,023.81 | $12,142.84 | $5,325.80 | $2,033.49 | $12,200.93 |
| | TL | 1031 | 02/17 | $2,130.27 | $2,321.99 | $890.45 | $5,342.71 | $2,343.30 | $894.71 | $5,368.28 |
| | TL | 1041 | 02/17 | $160.65 | $175.11 | $67.15 | $402.91 | $176.72 | $67.47 | $404.84 |
| | TL | 1102 | 02/17 | $24,673.48 | $26,894.09 | $10,313.51 | $61,881.08 | $27,140.83 | $10,362.86 | $62,177.17 |
| | TL | 1208 | 02/17 | $13,559.72 | $14,780.09 | $5,667.96 | $34,007.77 | $14,915.69 | $5,695.08 | $34,170.49 |
| **Subtotals for 2016:** | | | | **$49,578.37** | **$54,040.41** | **$20,723.75** | **$124,342.53** | **$54,536.21** | **$20,822.91** | **$124,937.49** |
| 2017 | TL | 1002 | 02/18 | $4,212.61 | $4,086.23 | $1,659.77 | $9,958.61 | $4,128.36 | $1,668.19 | $10,009.16 |
| | TL | 1021 | 02/18 | $4,841.64 | $4,696.39 | $1,907.61 | $11,445.64 | $4,744.81 | $1,917.29 | $11,503.74 |
| | TL | 1031 | 02/18 | $2,152.89 | $2,088.30 | $848.24 | $5,089.43 | $2,109.83 | $852.54 | $5,115.26 |
| | TL | 1041 | 02/18 | $173.29 | $168.09 | $68.28 | $409.66 | $169.82 | $68.62 | $411.73 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 0000000000040200090706000000000000000002694382662

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Appendix 61**

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | TOTAL DUE IF PAID BY February 28, 2025 Penalty Interest | Fees | Total | TOTAL DUE IF PAID BY April 01, 2025 Penalty Interest | Fees | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | TL | 1102 | 02/18 | $24,673.48 | $23,933.28 | $9,721.35 | $58,328.11 | $24,180.01 | $9,770.70 | $58,624.19 |
| | TL | 1208 | 02/18 | $13,523.33 | $13,117.63 | $5,328.19 | $31,969.15 | $13,252.86 | $5,355.24 | $32,131.43 |
| **Subtotals for 2017:** | | | | **$49,577.24** | **$48,089.92** | **$19,533.44** | **$117,200.60** | **$48,585.69** | **$19,632.58** | **$117,795.51** |
| 2018 | TL | 1002 | 02/19 | $4,212.61 | $3,580.72 | $1,558.67 | $9,352.00 | $3,622.84 | $1,567.09 | $9,402.54 |
| | TL | 1021 | 02/19 | $4,841.64 | $4,115.39 | $1,791.41 | $10,748.44 | $4,163.81 | $1,801.09 | $10,806.54 |
| | TL | 1031 | 02/19 | $2,148.76 | $1,826.45 | $795.04 | $4,770.25 | $1,847.93 | $799.34 | $4,796.03 |
| | TL | 1041 | 02/19 | $173.29 | $147.30 | $64.12 | $384.71 | $149.03 | $64.46 | $386.78 |
| | TL | 1102 | 02/19 | $27,174.35 | $23,098.20 | $10,054.51 | $60,327.06 | $23,369.94 | $10,108.86 | $60,653.15 |
| | TL | 1208 | 02/19 | $13,459.22 | $11,440.34 | $4,979.91 | $29,879.47 | $11,574.93 | $5,006.83 | $30,040.98 |
| **Subtotals for 2018:** | | | | **$52,009.87** | **$44,208.40** | **$19,243.66** | **$115,461.93** | **$44,728.48** | **$19,347.67** | **$116,086.02** |
| 2019 | TL | 1002 | 02/20 | $4,530.37 | $3,307.17 | $1,567.51 | $9,405.05 | $3,352.47 | $1,576.57 | $9,459.41 |
| | TL | 1021 | 02/20 | $5,022.36 | $3,666.32 | $1,737.74 | $10,426.42 | $3,716.55 | $1,747.78 | $10,486.69 |
| | TL | 1031 | 02/20 | $2,310.84 | $1,686.91 | $799.55 | $4,797.30 | $1,710.02 | $804.17 | $4,825.03 |
| | TL | 1041 | 02/20 | $186.36 | $136.04 | $64.48 | $386.88 | $137.91 | $64.85 | $389.12 |
| | TL | 1102 | 02/20 | $27,145.04 | $19,815.88 | $9,392.18 | $56,353.10 | $20,087.33 | $9,446.47 | $56,678.84 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

*Your check may be converted to electronic funds transfer*

# Return this Portion With Your Payment

**Account: 00000420976000000**

2 0000000000040200090706000000000000000002694382662

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | TOTAL DUE IF PAID BY February 28, 2025 Penalty Interest | Fees | Total | TOTAL DUE IF PAID BY April 01, 2025 Penalty Interest | Fees | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | TL | 1208 | 02/20 | $14,472.59 | $10,564.99 | $5,007.52 | $30,045.10 | $10,709.72 | $5,036.46 | $30,218.77 |
| **Subtotals for 2019:** | | | | **$53,667.56** | **$39,177.31** | **$18,568.98** | **$111,413.85** | **$39,714.00** | **$18,676.30** | **$112,057.86** |
| 2020 | TL | 1002 | 02/21 | $4,467.76 | $2,725.33 | $1,438.62 | $8,631.71 | $2,770.01 | $1,447.55 | $8,685.32 |
| | TL | 1021 | 02/21 | $4,959.00 | $3,024.99 | $1,596.80 | $9,580.79 | $3,074.58 | $1,606.72 | $9,640.30 |
| | TL | 1031 | 02/21 | $2,310.84 | $1,409.61 | $744.09 | $4,464.54 | $1,432.72 | $748.71 | $4,492.27 |
| | TL | 1041 | 02/21 | $186.36 | $113.68 | $60.01 | $360.05 | $115.54 | $60.38 | $362.28 |
| | TL | 1102 | 02/21 | $26,862.28 | $16,385.99 | $8,649.65 | $51,897.92 | $16,654.61 | $8,703.38 | $52,220.27 |
| | TL | 1208 | 02/21 | $14,467.00 | $8,824.87 | $4,658.37 | $27,950.24 | $8,969.54 | $4,687.31 | $28,123.85 |
| **Subtotals for 2020:** | | | | **$53,253.24** | **$32,484.47** | **$17,147.54** | **$102,885.25** | **$33,017.00** | **$17,254.05** | **$103,524.29** |
| 2021 | TL | 1002 | 02/22 | $4,247.97 | $2,081.51 | $1,265.90 | $7,595.38 | $2,123.99 | $1,274.39 | $7,646.35 |
| | TL | 1021 | 02/22 | $4,752.14 | $2,328.55 | $1,416.14 | $8,496.83 | $2,376.07 | $1,425.64 | $8,553.85 |
| | TL | 1031 | 02/22 | $2,301.71 | $1,127.84 | $685.91 | $4,115.46 | $1,150.86 | $690.51 | $4,143.08 |
| | TL | 1041 | 02/22 | $186.36 | $91.32 | $55.54 | $333.22 | $93.18 | $55.91 | $335.45 |
| | TL | 1102 | 02/22 | $25,857.59 | $12,670.22 | $7,705.56 | $46,233.37 | $12,928.80 | $7,757.28 | $46,543.67 |
| | TL | 1208 | 02/22 | $14,411.10 | $7,061.44 | $4,294.51 | $25,767.05 | $7,205.55 | $4,323.33 | $25,939.98 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 0000000000040200090706000000000000000002694382662

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| **Subtotals for 2021:** | | | | **$51,756.87** | **$25,360.88** | **$15,423.56** | **$92,541.31** | **$25,878.45** | **$15,527.06** | **$93,162.38** |
| 2022 | TL | 1002 | 02/23 | $5,531.23 | $2,046.56 | $1,515.56 | $9,093.35 | $2,101.87 | $1,526.62 | $9,159.72 |
| | TL | 1021 | 02/23 | $5,984.34 | $2,214.21 | $1,639.71 | $9,838.26 | $2,274.05 | $1,651.68 | $9,910.07 |
| | TL | 1031 | 02/23 | $2,941.39 | $1,088.31 | $805.94 | $4,835.64 | $1,117.73 | $811.82 | $4,870.94 |
| | TL | 1041 | 02/23 | $253.79 | $93.90 | $69.54 | $417.23 | $96.44 | $70.05 | $420.28 |
| | TL | 1102 | 02/23 | $30,072.35 | $11,126.77 | $8,239.82 | $49,438.94 | $11,427.49 | $8,299.97 | $49,799.81 |
| | TL | 1208 | 02/23 | $18,927.58 | $7,003.20 | $5,186.16 | $31,116.94 | $7,192.48 | $5,224.01 | $31,344.07 |
| **Subtotals for 2022:** | | | | **$63,710.68** | **$23,572.95** | **$17,456.73** | **$104,740.36** | **$24,210.06** | **$17,584.15** | **$105,504.89** |
| 2023 | TL | 1002 | 02/24 | $5,942.04 | $1,485.51 | $1,485.51 | $8,913.06 | $1,544.93 | $1,497.39 | $8,984.36 |
| | TL | 1021 | 02/24 | $6,046.22 | $1,511.56 | $1,511.56 | $9,069.34 | $1,572.02 | $1,523.65 | $9,141.89 |
| | TL | 1031 | 02/24 | $3,030.77 | $757.69 | $757.69 | $4,546.15 | $788.00 | $763.75 | $4,582.52 |
| | TL | 1102 | 02/24 | $27,926.49 | $6,981.62 | $6,981.62 | $41,889.73 | $7,260.89 | $7,037.48 | $42,224.86 |
| | TL | 1208 | 02/24 | $20,265.15 | $5,066.29 | $5,066.29 | $30,397.73 | $5,268.94 | $5,106.82 | $30,640.91 |
| **Subtotals for 2023:** | | | | **$63,210.67** | **$15,802.67** | **$15,802.67** | **$94,816.01** | **$16,434.78** | **$15,929.09** | **$95,574.54** |
| 2024 | TL | 1002 | 02/25 | $6,590.51 | $461.34 | $1,057.78 | $8,109.63 | $593.15 | $1,077.55 | $8,261.21 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

*Your check may be converted to electronic funds transfer*

# Return this Portion With Your Payment

**Account: 00000420976000000**

2 0000000000040200090706000000000000000002694382662

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| Year | Rec Type | Tax Units | Delq. Date MM/YY | Remaining Levy | TOTAL DUE IF PAID BY February 28, 2025 | | | TOTAL DUE IF PAID BY April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Penalty Interest | Fees | Total | Penalty Interest | Fees | Total |
| | TL | 1021 | 02/25 | $6,483.47 | $453.84 | $1,040.60 | $7,977.91 | $583.51 | $1,060.05 | $8,127.03 |
| | TL | 1031 | 02/25 | $3,229.35 | $226.05 | $518.31 | $3,973.71 | $290.64 | $528.00 | $4,047.99 |
| | TL | 1102 | 02/25 | $30,497.84 | $2,134.85 | $4,894.90 | $37,527.59 | $2,744.81 | $4,986.40 | $38,229.05 |
| | TL | 1208 | 02/25 | $21,551.42 | $1,508.60 | $3,459.00 | $26,519.02 | $1,939.63 | $3,523.66 | $27,014.71 |
| **Subtotals for 2024:** | | | | **$68,352.59** | **$4,784.68** | **$10,970.59** | **$84,107.86** | **$6,151.74** | **$11,175.66** | **$85,679.99** |
| **TOTAL AMOUNT DUE:** | | | | **$959,336.69** | $1,306,998.43 | $428,047.54 | **$2,694,382.66** | $1,317,275.37 | $429,985.06 | **$2,706,597.12** |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 0000000000040200090706000000000000000002694382662

| Total Due If Paid By | |
|---|---|
| **February 28, 2025** | **$2,694,382.66** |
| **April 01, 2025** | **$2,706,597.12** |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Appendix 65**

**DALLAS COUNTY TAX OFFICE**
**JOHN R. AMES, CTA**
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

# DELINQUENT TAX STATEMENT DETAIL

**Certified Owner:**
MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

**Legal Description:**
SUNNYBROOK ESTATES
PT 10 & 11-150X364.4X122X353.1
BROOKVIEW DR
INT201900307456 DD11142019 CO-DC
**Legal Acres:** 1.1200
**Parcel Address:** 4930 BROOKVIEW DR, DA

**Account No:** 00000420976000000 **Current Year Value:** $3,058,240
**As of Date:** 02/17/2025 **Cause No:** TX-14-41112, TX-22-01916 **Statement Date:** 02/17/2025 **Printed By:** MILLIE_DAUGHER

| | | | February 28, 2025 | | | April 01, 2025 | | |
|---|---|---|---|---|---|---|---|---|
| **Tax Unit Codes:** | Levy | P&I | Fees | Total | P&I | Fees | Total |
| 1002 DALLAS COUNTY | $85,665.84 | $116,932.04 | $38,486.80 | $241,084.68 | $117,854.60 | $38,660.82 | $242,181.26 |
| 1021 PARKLAND HOSP | $103,805.29 | $145,532.69 | $47,832.30 | $297,170.28 | $146,635.58 | $48,042.49 | $298,483.36 |
| 1031 DAL COLL | $42,457.08 | $52,015.35 | $18,284.50 | $112,756.93 | $52,472.27 | $18,371.62 | $113,300.97 |
| 1041 SCH EQUAL | $2,928.78 | $4,184.95 | $1,372.11 | $8,485.84 | $4,214.24 | $1,377.85 | $8,520.87 |
| 1102 DALLAS ISD | $416,131.33 | $559,501.23 | $181,363.46 | $1,156,996.02 | $563,967.48 | $182,198.50 | $1,162,297.31 |
| 1208 DALLAS CITY | $308,348.37 | $428,832.17 | $140,708.37 | $877,888.91 | $432,131.20 | $141,333.78 | $881,813.35 |

Pay taxes online at:
www.dallascounty.org/tax

| Total Due If Paid By | |
|---|---|
| February 28, 2025 | $2,694,382.66 |
| April 01, 2025 | $2,706,597.12 |

*Your check may be converted to electronic funds transfer*

## Return this Portion With Your Payment

**Account: 00000420976000000**

2 000000000004020009070600000000000000000002694382662

| Total Due If Paid By | |
|---|---|
| February 28, 2025 | $2,694,382.66 |
| April 01, 2025 | $2,706,597.12 |

**Remit To:**
**JOHN R. AMES, CTA**
**P O BOX 139066**
**Dallas, Texas 75313-9066**

MARSHALL DOROTHY M LIVING TRUS
4930 BROOKVIEW DR
DALLAS, TX 75220-0000

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Millie Daugherty on behalf of Ashly Steele
Bar No. 24072364
millie.daugherty@lgbs.com
Envelope ID: 97445153
Filing Code Description: Amended Petition
Filing Description: FIRST
Status as of 2/17/2025 11:44 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| DALLAS COUNTY | | DALLAS.LITIGATION@LGBS.COM | 2/17/2025 11:38:21 AM | SENT |
| JOAN MARSHALL | | pachos@sbcglobal.net | 2/17/2025 11:38:21 AM | SENT |
| Stephen Gleboff | | gleboffs@gmail.com | 2/17/2025 11:38:21 AM | SENT |

# EXHIBIT D

FILED
1/31/2025 6:14 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Cary Rivas DEPUTY

**CAUSE NO. TX 22-01916**

| | |
|---|---|
| **DALLAS, CO. et al**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DOROTHY MARSHALL LIVING TRUST**<br>,<br><br>**Defendant.** | **IN THE DISTRICT COURT**<br><br>**DALLAS COUNTY, TEXAS**<br><br>**192ND DISTRICT COURT** |

**DEFENDANT'S AMENDED ANSWER, COUNTERCLAIM AND ADDITION OF THIRD PARTY DEFENDANT**

COMES NOW DEFENDANT DOROTHY MARSHALL LIVING TRUST ("Defendant"), and files DEFENDANT'S AMENDED ANSWER, COUNTERCLAIM AND ADDITION OF THIRD-PARTY DEFENDANT and states as follows:

## I. GENERAL DENIAL

Pursuant to TEX. R. Civ. P. 92 Defendant asserts a general denial and requests that Plaintiff be required to prove the charges and allegations against Defendant by a preponderance of the evidence.

## II. AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses under TEX. R. Civ. P. 94:

1. Defendant asserts equitable estoppel.
2. Defendant asserts promissory estoppel.
3. Defendant asserts laches.
4. Defendant asserts payment and/or release.
5. Defendant asserts res judicata and/or issue preclusion and/or claim preclusion.
6. Defendant asserts statute of limitations.
7. Defendant asserts waiver.
8. Defendant asserts lack of notice.

WHEREFORE Defendant prays that upon final hearing that Plaintiffs take nothing by their claims; that Defendant recover costs and reasonable and necessary attorneys' fees from Plaintiff; and for such other and further relief to which it may be justly entitled.

## III. COUNTERCLAIM AND ADDITION OF THIRD-PARTY DEFENDANT

| | |
|---|---|
| **DOROTHY MARSHALL LIVING TRUST**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Linebarger Googan Blair & Sampson LLP, Dallas County, Parkland Hospital District, Dallas College, Dallas County School Equalization Fund, Dallas Independent School District, and the City of Dallas,**<br><br>**Defendants.** | **<u>JURY TRIAL DEMAND</u>** |

## <u>COMPLAINT</u>

Plaintiff alleges as follows:

1. This is a federal Civil Rights Act complaint filed pursuant to 42 U.S.C. § 1983, alleging violations of the Plaintiff's constitutional rights under the 5th Amendment (due process), the 4th Amendment (unreasonable searches and seizures), and the 14th Amendment (equal protection and due process). Additionally, the Complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S. Code § 1692 et seq. and corollary Texas Finance Code § 392.307.

2. As of the date of this Complaint, no discovery has been conducted. As a result, it is likely that once the discovery process is underway, the Plaintiff will seek leave to amend the Complaint to add new factual allegations and/or new claims.

## I.
## NATURE OF THE ACTION

3. This Complaint is brought pursuant to 42 U.S.C. § 1983, which provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .

4. The Defendant municipalities failed to supervise their agent, Defendant Linebarger Googan Blair & Sampson LLP (hereinafter Defendant Linebarger) to prevent these constitutional violations and misconduct.

5. The constitutional violations resulted from the Defendant municipalities official policies, practices, and customs.

6. Defendant Linebarger, under color of law, engaged in joint action with the Defendant municipalities to engage in these constitutional violations.

7. Defendants engaged in unconstitutional and perverted use of the legal process and engineered inexcusable delays for the purpose of increasing fees, cost and penalties to the Plaintiff over a period of more than 10 years.

8. The Defendant Linebarger misrepresented and falsely inflated the character, extent, or amount of a consumer debt in a judicial or governmental proceeding in violation of the Fair Debt Collection Practices Act and the Texas Debt Collection Act. The Defendant Linebarger's predatory conduct has caused great injury—financial loss and emotional distress to the Plaintiff.

## II.

## PARTIES

9. Defendant Linebarger, is added as a third-party defendant pursuant to Tex. R. Civ. P. 38. It is a Texas limited liability partnership that acts on behalf of all of the municipal entities subject to this lawsuit in the collection of ad valorem property taxes.[1] Linebarger has been charged with improper collection practices throughout the United States.[2]

10. Defendant Linebarger's website also alleges that as "a national law firm, Linebarger inspires trust and confidence in our clients that constituents' accounts will be resolved with professionalism and integrity. Before a collection notice is distributed, it is reviewed and approved by a team that specializes in legal and litigation standards. This group ensures that the firm supports a culture of compliance and adheres to federal and state laws and regulations, including Consumer Financial Protection Bureau requirements." https://www.lgbs.com/why-linebarger/

11. Defendants Dallas County, Parkland Hospital District, Dallas College, Dallas County School Equalization Fund, Dallas Independent School District, and the City of Dallas, (hereinafter referred to as "Municipal Defendants"), have contracted with Defendant Linebarger for the collection of ad valorem taxes.

[1] Defendant Linebarger both claims it is subject to governmental immunity under the Tort Claims Act, *Russell v. Linebarger, Goggan, Blair & Sampson*, LLP, No. 05-23-00224-CV, Court of Appeals of Texas, Fifth District, and that it is an independent contractor and as such not an "agent, servant, or employee of[sic] County." See *Linebarger Goggan Blair & Sampson, LLP v. TinStar Title Inc.*, No. 05-19-00614-CV (Tex. App. Jul. 16, 2020). Regardless, it is liable for violations of the Constitution of the United States and the Federal and State Fair Debt Collection laws.

[2] *Edmund Hoy, et al. v. John Clinnin, et al.*, Case No. 37-2017-00007840-CU-BT-NC, in the San Diego Superior Court, North County Division; *4EC Holdings, LLC v. Linebarger Goggan Blair & Sampson LLP*, 3:14-cv-01944 VC (N.D. Cal. Sep. 23, 2014); *Youngblood v. Linebarger, Goggan, Blair & Sampson, LLP*, Case No. 10-cv-2304 SHM-tmp (W.D. Tenn. 2010); *Champagne v. Linebarger, Goggan, Blair & Sampson, LLP*, Case No. 4:20-cv-00275- (S.D. Ohio 2020); see also https://money.cnn.com/interactive/pf/debt-collector/texas-politics/; https://money.cnn.com/interactive/pf/debt-collector/nightmares/index.html; and https://money.cnn.com/interactive/pf/debt-collector/government-agencies/?iid=EL [last checked 1/29/2025]

12. In these contracts, municipalities typically do not pay companies like Defendant Linebarger for their services but instead allow the companies to charge additional fees to the debtor as compensation. This contracting arrangement incentivizes a contractor like Defendant Linebarger to maximize all possible interest charges, surcharges, and fees that can be added on to the initial debt to increase the total amount that the company can collect.

## III.
## FACTUAL ALLEGATIONS

13. In 1994, after reaching the age of 65, the property owner filed for deferral of the taxes owed on the property with the Dallas County Appraisal District pursuant to Tex. Tax Code § 33.06.

14. In 2014, one month after the death of the property owner, Trustee for the Plaintiff received a delinquent tax statement that was prepared and sent by Defendant Linebarger with respect to delinquent taxes owned on the property located at 4930 Brookview Drive, Dallas County, Texas 75220. The statement outlined taxes owed from 1991-2014.

15. Trustee, who had run a title search on the property, contacted Linebarger and notified them of an error in the amount due and explained the years 1991-1994 should be excluded from the calculation.

16. Instead of correcting the error, Defendant Linebarger filed suit in Case # 14-41112 claiming taxes were owed back to 1974, misrepresenting the character, extent, or amount of debt in the judicial proceeding and making it impossible for Trustee to secure a loan to pay the taxes. Trustee, who is also an attorney, responded to the lawsuit.

17. In October of 2016, Trustee filed a Motion for Partial Summary Judgment outlining all of the errors and misrepresentations with the calculations contained in the lawsuit. Defendant

Linebarger dismissed the litigation. Counsel for Defendant Linebarger insisted they wanted to work out a fair and reasonable resolution without the need for litigation.

18. Since 2016, Trustee continued to meet with and communicate with the assigned Linebarger attorney to discuss the myriad factual and legal issues. Trustee had always offered to pay the taxes owed, but not penalties and collection fees which were multiplying with the years of delay.

19. On August 8, 2017 the Trustee and her brother met with the assigned attorney at the Dallas Linebarger offices. She once again outlined the legal issues with Linebarger's calculation and was assured that a fair and reasonable settlement offer would be forthcoming. The Linebarger attorney stressed that the Municipal Defendant's had numerous record keeping issues that plagued the municipalities. He agreed to recalculate the amount owed and send a proposed settlement agreement. He never did. Trustee followed up with an email on December 12, 2018 requesting the settlement proposal and revised calculation. No response was received. In January of 2019, Trustee's brother followed up with another email requesting the proposed settlement documents. No response was received.

20. In early June of 2023, the assigned Linebarger attorney contacted the Trustee to set up an in person meeting at the Linebarger offices. The Trustee and her brother once again met with the assigned Linebarger attorney on June 20, 2023. At that meeting the Linebarger attorney once again agreed that a reasonable settlement would be the best resolution of the matter. He also acknowledged the 20 year statute of limitations under the Texas Tax Code. He agreed to take multiple years off the taxes owed and agreed to send Trustee a spreadsheet with a proposal for resolution. He never did.

21. In May of 2024, Trustee created a spreadsheet of taxes owed and sent a settlement offer to Linebarger to resolve the matter. No response was received.

22. On December 10, 2024, Trustee was served with a one-page "alias" summons for case # 22-01916 but no petition was attached. It appears that Defendant Linebarger had filed suit in 2022, before the meeting Trustee had with the assigned Linebarger attorney, but Trustee was never told about the lawsuit nor served with the Petition.

23. After receiving the alias summons, Trustee repeatedly called the assigned Linebarger attorney leaving multiple messages for him and his legal assistant in an effort to get a copy of the Petition.

24. Based on the one-page summons, on December 30, 2024, Trustee made another offer to pay the taxes listed on that summons minus penalties and collection fees. No response was received.

25. Trustee could not find the Petition online so went to the Dallas County courthouse records office on January 2, 2025. The records office found the unserved Petition from 2022. Trustee filed an answer that day containing a general denial and listing multiple affirmative defenses.

26. Trustee found that that Petition had been filed on December 8, 2022, before the Trustees last meeting with the assigned Linebarger attorney. In the Petition, Defendant Linebarger asked for taxes back to 2002. The Petition also notes yet another secret, unserved lawsuit that had been filed in 2020, Case #20-00820. These cases had both been filed yet unserved while the assigned Linebarger attorney was meeting with Trustee and assuring her that litigation was unnecessary and that a fair and reasonable settlement was forthcoming.

27. On January 8, 2025, six days after filing the answer, Trustee received a Motion for Summary Judgment from Defendant Linebarger alleging taxes due back to 1974 in the amount of $3,505,848.90, in excess of the appraised value of the property. Once again, Defendant Linebarger misrepresented the character, extent, or amount of the debt in a judicial proceeding.

28. On January 14, 2025, Trustee served Defendant Linebarger with a Request for Production of Documents under the Level 2 Discovery Plan outlined in the Petition. Response date for the First Request for Production is February 14, 2025. Defendant Linebarger acknowledged receipt by email.

29. Three days later, on January 17, 2025, Trustee received a Notice of Hearing for Summary Judgment which had been scheduled by Defendant Linebarger for February 12, 2025 which was later rescheduled by the Court for February 17, 2025.

30. Defendant Linebarger scheduling a hearing on the Motion for Summary Judgment is clearly premature. The discovery request has been received by Defendant Linebarger and no discovery has even begun. Trustee notified Defendant Linebarger by email that the hearing was premature and received no response. Trustee filed a Motion for Continuance of the Hearing asserting that discovery is sought in this matter in good faith, is required to obtain essential evidence, is material to the defenses alleged, and essential to the opposition to the Motion for Summary Judgment. Trustee also notified the Court that she was interviewing attorneys to represent the Trust in this matter. Defendant Linebarger has clearly acted in bad faith and now will not return phone calls placed by the Trustee, constructively refusing to meet and confer about a simple request for Continuance so that summary judgment does not occur before any discovery.

31. Since January of 2014, Defendant Linebarger has been acting in bad faith, repeatedly misrepresenting the amount owed and intentionally delaying resolution of this matter in an attempt to

increase the penalties and fees owed on the property and making deliberate misrepresentations to the Court and Trustee.

32. The Defendants predatory conduct has caused great injury-- financial loss and emotional distress to the Plaintiff, Trustee and beneficiary. Through the 11-year resistance to resolving the dispute, the Defendants constructively seized the Plaintiff's property by controlling the property in a manner that meaningfully interfered with the Plaintiff's right to possess the property. The Plaintiff has been forced into a state of limbo for 11 years: not able to get a mortgage; not able to sell the home even when receiving bona fide offers; not being able to make rational economic decisions about upkeep and repair on a 50 year old home; not being able to make employment decisions; not being able to decide whether or not to stay in a neighborhood where the property taxes have doubled; and the constant fear of losing her family home. This 11-year delay and the misrepresentations by Defendant Linebarger regarding the character, extent, and amount of the debt has caused the Trustee and beneficiary to suffer extreme emotional distress and financial loss.

**COUNT ONE**
**42 U.S.C. § 1983--Against All Defendants**
**Due Process**

1. Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.
2. The Defendant Linebarger acted under color of state law;
3. The acts of all of the Defendants deprived the Plaintiff of its rights as provided under the United States Constitution;
4. Defendant Linebarger acted pursuant to contracts officially adopted by the Municipal Defendants and widespread longstanding practices of the Municipal Defendants;
5. Municipal Defendants failure to adopt clear policies and failed to properly train and

supervise Defendant Linebarger was a direct and proximate cause of the constitutional deprivation suffered by Plaintiff;

6. The Municipal Defendants longstanding practice caused the Plaintiff's deprivation of rights and was the moving force that caused the ultimate injury;

7. Defendants unlawfully deprived Plaintiff of its property, by controlling the property in a manner that meaningfully interfered with the Plaintiff's right to possess the property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States;

8. Defendant Linebarger acted pursuant to a policy or custom of depriving Plaintiff of property without court order and without providing an opportunity for the plaintiff to be heard.

9. Defendant Linebarger engaged in the improper, perverted use of judicial process;

10. At all times relevant hereto, Defendant Linebarger had an ulterior motive or improper purpose; and

11. Defendant's behavior harmed the Plaintiff.

**COUNT TWO**
**42 U.S.C. § 1983--Against All Defendants**
**4th Amendment**

1. Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

2. Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of the person's property;

3. The Defendants deprived the Plaintiff of this Fourth Amendment right, by seizing the Plaintiff's property, by controlling the property in a manner that meaningfully interfered with the Plaintiff's right to possess the property;

4. In seizing the Plaintiffs property the Defendants acted intentionally and unreasonably;

5. Defendants at all times relevant to this action were acting under color of state law;

6. Defendants made an unreasonable and warrantless seizure of Plaintiff's property in violation of the Fourth Amendment to the Constitution of the United States as incorporated and applied to the states by way of the Fourteenth Amendment to the Constitution of the United States;

7. At all times relevant hereto, Defendants acted pursuant to a policy or custom of depriving debtors of property without court order and without providing an opportunity for the debtor to be heard. Municipal Defendants failed to adopt clear policies and failed to properly train and supervise Defendant Linebarger;

8. Municipal Defendant's policy or custom, and its failure to adopt clear policies, and failure to properly train and supervises Defendant Linebarger, was a direct and proximate cause of the constitutional deprivations suffered by Plaintiff;

9. Defendant Linebarger engaged in the improper, perverted use of judicial process;

10. At all times relevant hereto, Defendant Linebarger had an ulterior motive or improper purpose; and

11. Defendant's behavior harmed the Plaintiff.

**COUNT THREE**
**Fair Debt Collection Practices Act -Defendant Linebarger**
**15 U.S. Code § 1692 et seq.**

1. Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

2. Linebarger is a "debt collector" under the Fair Debt Collection Practices Act (FDCPA) because it uses the mails in its business, the principal purpose of which is the collection of debt, and because it regularly collects or attempts to collect, directly or indirectly, debt owed or due another. 15 U.S.C. § 1692a(6);

3. The FDCPA prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specifically, the Act bars debt collectors from falsely representing the character, amount, or legal status of any debt. *Id.* at § 1692e(2)(A);

4. Defendant Linebarger repeatedly misrepresented the character, extent, or amount of a consumer debt in a judicial proceeding in violation of the Fair Debt Collection Practices Act;

5. Defendant Linebarger made false and misleading representations to Plaintiff to excessively delay the proceedings in an attempt to increase the penalties and fees; and

6. Defendant's behavior harmed the Plaintiff.

**COUNT FOUR**
**Texas Fair Debt Collection Act -Defendant Linebarger**
**Texas Finance Code § 392.307**

1. Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

2. Sec. 392.304. FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS. prohibits a debt collector from using any false, deceptive, or misleading representation or means to collect a debt;

3. Defendant Linebarger repeatedly misrepresented the character, extent, or amount of a consumer debt in a judicial proceeding in violation of Sec. 392.304.(8);

4. Defendant Linebarger made false and misleading representations to Plaintiff to excessively delay the proceedings in an attempt to increase the penalties and fees allegedly owed by the Plaintiff; and

5. Defendant's behavior harmed the Plaintiff.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable by jury.

**PRAYER FOR RELIEF**

A. A judgment for compensatory and punitive damages in an amount to be determined at trial, plus reasonable attorney fees pursuant to 42 U.S.C. § 1988, against all Defendants;

B. Damages including emotional distress, statutory damages, and attorney's fees under the Fair Debt Collection Practices Act and Texas Finance Code; and

C. Any and all other relief this Court may deem appropriate.

Respectfully submitted,

Joan E Marshall
ATTORNEY FOR
Dorothy Marshall Living Trust
STATE BAR OF TEXAS 13028480
4347 N.W. Hwy, Suite 130, 220
Dallas, Texas 75220
(214) 536-1169
pachos@sbcglobal.net

**CERTIFICATE OF SERVICE**

This is to certify that on January 31, 2025, a true and correct copy of the foregoing document was served electronically upon:

Edward Lopez, Jr.
Linebarger, Googan, Blair & Sampson, LLP
2777 N. Stemmons
Freeway Suite 1000
Dallas, TX 75207
EdwardL@lgbs.com

Joan E Marshall
ATTORNEY FOR
Dorothy Marshall Living Trust
STATE BAR OF TEXAS 13028480
4347 N.W. Hwy, Suite 130, 220
Dallas, Texas 75220
(214) 536-1169
pachos@sbcglobal.net

# EXHIBIT E

FILED
3/16/2026 7:25 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Cary Rivas DEPUTY

Cause No. TX 22-01916

| | | |
|---|---|---|
| DALLAS CO. et al,<br>Plaintiffs,<br><br>v.<br><br>DOROTHY MARSHALL<br>LIVING TRUST,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br>192d DISTRICT COURT<br><br>DALLAS COUNTY, TEXAS |

## DEFENDANT'S SECOND AMENDED ANSWER TO PLAINTIFFS AMENDED PETITION AND FIRST AMENDED THIRD-PARTY PETITION

COMES NOW DEFENDANT DOROTHY MARSHALL LIVING TRUST ("Defendant"), and files DEFENDANT'S SECOND AMENDED ANSWER TO PLAINTIFFS AMENDED PETITION AND FIRST AMENDED THIRD PARTY PETITION and states as follows:

## I. GENERAL DENIAL

Pursuant to TEX. R. Civ. P. 92 Defendant asserts a general denial and requests that Plaintiff be required to prove the charges and allegations against Defendant by a preponderance of the evidence.

## II. AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses:

1. Defendant asserts **fraud and illegality,** including violations of the Civil Rights Act 42 U.S.C. § 1983, Fair Debt Collection Practices Act 15 U.S. Code§ 1692 et seq, and the Texas Fair Debt Collection Act Texas Finance Code § 392.307.
2. Defendant asserts **prosecutorial conflict.** This action is barred because Plaintiffs' counsel holds a

financial conflict of interest in the outcome, the duration, and likely participation in any possible foreclosure sale in this case. This action to force payment and foreclosure is quasi-criminal in nature and violates Defendant's due process rights under the principles of *Tumey v. Ohio,* 273 U.S. 510 (1927), and its progeny.

3. Defendant asserts **equitable estoppel.**
4. Defendant asserts **promissory estoppel.**
5. Defendant asserts **laches.**
6. Defendant asserts **payment and/or release.**
7. Defendant asserts **res judicata** and **collateral estoppel.**
8. Defendant asserts **statute of limitations.**
9. Defendant asserts **waiver.**
10. Defendant asserts **lack of notice.**
11. Defendant asserts **usury.**
12. Defendant **denies that a presumption exists** in favor of any delinquent tax owed, penalties, rendition penalties, or accrued interest assessed for each taxing unit and each tax year, or the accuracy of such alleged amounts, because Plaintiffs and/or their counsel have unlawfully denied the Dallas County Auditor access to county tax data, at least for the years covered by the 2017 and 2020 Dallas County Audit reports. Exhibit A, Audit Report, Dallas County, Tax Office Audit Fiscal Year 2017; Exhibit B, Audit Report, Dallas County, Tax Office Audit Fiscal Year 2020 – Amended. The Dallas County Auditor determined that the "continued lack of transparency by Tax Office management raises specific concerns about potential instances of fraud which may occur and go undetected." Ex. B at 29. The attached reports of the Dallas County Auditor rebut any statutory

presumptions that could support the Plaintiffs' claims and establish knowledge, on the part of some or all of the Plaintiffs and/or their counsel, of the refusal to provide information to the Dallas County Auditor, in violation of Texas law.

13. Defendant **denies the accounts** Plaintiffs purport to sue upon.

WHEREFORE Defendant prays that upon final hearing that Plaintiffs take nothing by their claims; that Defendant recover costs and reasonable and necessary attorneys' fees from Plaintiffs; and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

Stephen G. Gleboff PLLC
Stephen G. Gleboff
Texas Bar No. 08024500
8600 Thackery #143
Dallas, TX 75225
(214) 802-5869
gleboffs@gmail.com

/s/ Joan E. Marshall
Joan E. Marshall PLLC
Joan E. Marshall
Texas Bar No. 13028480
4347 N.W. Hwy, Suite 130, 220
Dallas, Texas 75220
(214) 536-1169
pachos@sbcglobal.net

## III. FIRST AMENDED COUNTERCLAIM AND THIRD-PARTY PETITION

**Cause No. TX 22-01916**

| | | |
|---|---|---|
| **DOROTHY MARSHALL LIVING TRUST** | § | **IN THE 192nd DISTRICT COURT** |
| **Plaintiff** | § | |
| **v.** | § | |
| **Linebarger Goggan Blair & Sampson LLP,Dallas County, Parkland Hospital District, Dallas College, Dallas County School Equalization Fund, Dallas Independent School District, and the City of Dallas,** | § | **DALLAS COUNTY,TEXAS** |
| **Defendants.** | § | |

**FIRST AMENDED COUNTERCLAIM AND THIRD-PARTY PETITION**

Plaintiff alleges as follows:

1. This is a federal Civil Rights Act complaint filed pursuant to 42 U.S.C. § 1983, alleging violations of the Plaintiffs constitutional rights under the 5th Amendment (due process), the 4th Amendment (unreasonable searches and seizures), and the 14th Amendment (equal protection and due process). Additionally, the Complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S. Code§ 1692 et seq. and corollary Texas Finance Code § 392.307.

2. As of the date of this Amended Third-Party Petition, limited discovery has been conducted. As a result, it is likely that once the discovery process is completed, the Plaintiff will seek leave to amend the petition to add new factual allegations and/or new claims.

## I.

## NATURE OF THE ACTION

3. This claim is brought pursuant to 42 U.S.C. § 1983, which provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

4. The Defendant municipalities failed to supervise their agent, Defendant Linebarger Googan Blair & Sampson LLP (hereinafter Defendant Linebarger) to prevent these constitutional violations and misconduct.

5. The constitutional violations resulted from the Defendant municipalities official policies, practices, and customs. Defendant Linebarger, under color of law, engaged in joint action with the Defendant municipalities to engage in these constitutional violations.

6. Defendants engaged in unconstitutional and perverted use of the legal process and engineered inexcusable delays for the purpose of increasing fees, cost and penalties to the Plaintiff over a period of more than 12 years.

7. The Defendant Linebarger misrepresented and falsely inflated the character, extent, or amount of a consumer debt in a judicial or governmental proceeding in violation of the Fair Debt Collection Practices Act and the Texas Debt Collection Act. The Defendant Linebarger's predatory conduct has caused great injury-financial loss and emotional distress to the Plaintiff and Trustee.

## II.
## THE PARTIES

8. Plaintiff Dorothy Marshall Living Trust (DMLT) is a trust established under Texas law.

9. Defendant Linebarger Goggan Blair & Sampson, LLP (hereinafter referred to as or "The Linebarger Firm" "Linebarger" or "LGBS"), is added as a third-party defendant pursuant to Tex. R. Civ. P. 38. It has a principal place of business located at The Terrace II, 2700 Via Fortuna, Suite 500, Austin, Texas 78746 and in Dallas Co at places of business in this judicial district, which is located at 2777 N. Stemmons Fwy., Suite 1000, Dallas, TX 75207 and 3500 Maple Ave, Suite 800, Dallas, TX 75219.

10. The Linebarger Firm is a Texas limited liability partnership that acts on behalf of all of the municipal entities subject to this lawsuit in the collection of ad valorem property taxes.[1] The Linebarger Firm has been charged with unethical, illegal and improper collection practices throughout the United States.[2] Defendant

---

[1] Defendant The Linebarger Firm both claims it is subject to governmental immunity under the Tort Claims Act, *Russell v. Linebarger, Goggan, Blair & Sampson*, LLP, No. 05-23-00224-CV (Tex. App. Dallas - 2024) and that it is an independent contractor and as such not an "agent, servant, or employee of[sic] County." See *Linebarger Goggan Blair & Sampson, LLP v. TinStar Title Inc.*, No. 05-19-00614-CV (Tex. App. Dallas -- 2020). The Linebarger Firm's contract with the municipalities prove it is an independent contractor which must indemnify the municipal Defendants and be separately liable for any negligent acts or omissions committed when carrying out its collection services. Exhibit C. They are liable for violations of the Constitution of the United States and Federal and State laws.

[2] *Edmund Hoy, et al. v. John Clinnin, et al.*, Case No. 37-2017-00007840-CU-BT-NC, in the San Diego Superior Court, North County Division, 2017; *4EC Holdings, LLC v. Linebarger Goggan Blair & Sampson LLP*, 3:14-cv-01944 (N.D. Cal. Sep. 23, 2014); *Youngblood v. Linebarger, Coggan, Blair & Sampson, LLP*, Case No. 10-cv-2304 (W.D. Tenn. 2010); *Champagne* v. *Linebarger, Coggan, Blair & Sampson, LLP*, Case No. 4:20-cv-00275 (S.D. Ohio 2020); *see also* CNN expose of Linebarger's unethical collection practices, removed from the CNN website since previously cited by Plaintiff's, but attached as Exhibit D; https://www.insidearm.com/news/00020086-chicago-dumps-linebarger-claiming-ethics/ (last checked 8/4/2025); https://www.c-span.org/program/washington-journal/government-debt-collection-practices/390146; https://www.nbcdfw.com/news/local/john-wiley-price-search-warrant-released/1897795/ (listing Defendant The Linebarger Firm

The Linebarger Firm's website also alleges that as "a national law firm, Linebarger inspires trust and confidence in our clients that constituents' accounts will be resolved with professionalism and integrity. Before a collection notice is distributed, it is reviewed and approved by a team that specializes in legal and litigation standards. This group ensures that the firm supports a culture of compliance and adheres to federal and state laws and regulations, including Consumer Financial Protection Bureau requirements. [3] The estimated annual revenue for The Linebarger Firm is $100-500 million[4] and they represent approximately 2500 entities nationwide.[5]

11. Defendants Dallas County, Parkland Hospital District, Dallas College, Dallas County School Equalization Fund[6], Dallas Independent School District, and the City of Dallas, (hereinafter referred to as "Municipal Defendants"), have contracted with The Linebarger Firm for the collection of *ad valorem* taxes. As part of The Linebarger Firm's corrupt scheme, these municipalities do not publicly post their contracts with The Linebarger Firm online and The Linebarger Firm considers the contracts with public entities attorney client privileged.[7] Additionally, as discussed below,

---

and several executives in the search warrant); https://www.pressreader.com/usa/the-commercial-appeal/20111023/281895885013427?srsltid=AfmBOoqhxJ3Qn0YO_Uj0nRPSFsz7_3qhwxwyScc-XHuVZ8-SHANHdgGk (*Law Firm Denies Crime Culture*).

[3] https://www.lgbs.com/why-linebarger/

[4] https://www.levernews.com/nothing-is-more-important-than-you-paying-them/

[5] https://my.ibtta.org/Membership/Member-Directory/Directory-Details-Organizations?accountid={F03158E4-1EE1-E811-80D1-02BFC0A80172}#:~:text=For%20nearly%20five%20decades%2C%20Linebarger.the%20best%20customer%20service%20possible.

[6] The Dallas County School Equalization Fund was the victim of rampant public corruption and has allegedly been disbanded. See https://www.nbcdfw.com/video/news/local/feds-obtain-new-guilty-plea-in-dallas-county-schools-scandal/2378752/; and https://texasscorecard.com/commentary/commentary-new-guilty-plea-in-dallas-county-schools-scandal-calls-for-citizen-reflection/

[7] In TX-22- 22-01916 From DMLT: "**DOCUMENT REQUEST NO. 6**: All Contracts related to the assignment or appointment of Plaintiffs' counsel LINEBARGER GOGGAN

the municipalities have abdicated their role in tax collection and their responsibility to retain and control their public records and have turned them over to The Linebarger Firm's Appraisal & Collection Technologies ("ACT") division, a Texas limited liability company, managed by The Linebarger Firm.

12. In these contracts, the Municipal Defendants do not pay Defendant Linebarger for their services but instead allow it to charge additional fees to the debtor as compensation. As outlined below, this contracting arrangement incentivizes a contractor like Defendant Linebarger to maximize all possible interest charges, surcharges, and fees that can be added on to the initial debt to increase the total amount that the company can collect.

## III. FACTUAL ALLEGATIONS

13. In 1994, after reaching the age of 65, the eventual Trustor filed for deferral of the taxes owed on the property with the Dallas County Appraisal District pursuant to Tex. Tax Code § 33.06.

14. In 2009, DMLT was established under the laws of Texas. On March 7, 2010, a title search was run on the property. There were no *ad valorem* tax liens on the property.

15. The Trustor passed away on January 15, 2014. At that time Trustee calculated the deferred *ad valorem* taxes due as $392,497. Another title search was run on February 3, 2014, there were no *ad valorem* tax liens on the property.

16. On February 17, 2014, Trustee for DMLT received a delinquent tax statement from Defendant The Linebarger Firm by United States mail with respect to

BLAIR & SAMPSON, LLP as an agent, officer, representative or employee of the Plaintiffs in this matter during the relevant time period. **Response**: Plaintiffs object for the reason that this request exceeds the scope of discovery; is abusive in nature; is not admissible in evidence, nor reasonably calculated to lead to admissible evidence. Plaintiffs further object that attorney/client agreements and communications constitute privileged information." Recently, however, The Linebarger Firm's General Counsel gave Plaintiffs a copy of the 2020 contract between The Linebarger Firm (without attachments outlining the contract and compensation with The Linebarger Firms' Appraisal & Collection Technologies ("ACT") division) and the signed 2025 contract extensions.) Exhibit C.

delinquent taxes owed by DMLT. The statement outlined taxes owed from 1991-2014 totaling $743,211.

17. Plaintiff Trustee, who had run the title searches on the property, contacted Defendant The Linebarger Firm and notified them of an error in the amount due and explained the years 1991-1994 should be excluded from the calculation.

18. Instead of correcting the error, Defendant The Linebarger Firm filed suit in Case TX-14-41112[8] claiming taxes were owed back to 1974. Defendant The Linebarger Firm demanded taxes in of $520,909.10, with penalties and interest of totaling $1,169,748.55, with a total amount due of $1,690,657.55, misrepresenting the character, extent, or amount of debt in the judicial proceeding and making it impossible for Trustee to secure a loan to pay the taxes. Plaintiff Trustee, who is also an attorney, responded to the lawsuit. Defendant Edward Lopez was lead counsel for Defendant The Linebarger Firm.

19. On October 10, 2016, Trustee filed a Motion for Leave to File Partial Summary Judgment in the lawsuit. Defendant The Linebarger Firm nonsuited the matter on October 12, 2016.

20. On August 15, 2017, Trustee met with Defendant The Linebarger Firm's lead counsel, Defendant Edward Lopez, at the Linebarger Firms Dallas offices. In that meeting, Defendant Edward Lopez stated that the Plaintiffs' (*i.e.*, the taxing authorities) accounting records did not accurately represent taxes owed. He made clear that his clients' tax records were not entirely accurate and were "plagued" with problems.

[8] All the cases mentioned in this Complaint were electronically filed in the "Tax Court" in Dallas County. Plaintiffs can find NO jurisdictional basis for such a Court and only Defendant Linebarger practices in the Court. Defendants in the "Tax Court" face property seizure, which is quasi-criminal, without the 6th Amendment right to counsel nor the 7th Amendment right to a jury trial. See, *Securities and Exchange Commission v. Jarkesy*, 603 U.S. 109 (2024). The Texas Tax Code - TAX § 33.71.-79 provides a system for the use of special masters in tax cases, which Dallas County has failed to implement. See infra page 52. DMLT has filed a Plea to the Jurisdiction in the and all other cases in the "Tax Court."

Defendant Edward Lopez insisted he wanted to work out a fair and reasonable resolution without the need for litigation. Trustee insisted that DMLT wanted to pay the taxes owed, but should not be responsible for the ever-growing penalties, interest and fees caused by Defendants The Linebarger Firm and Edward Lopez' errors[9] and delays.

22. Despite multiple emails from Trustee, Trustee did not hear back from Edward Lopez until June of 2023. Edward Lopez again asked Trustee to come to Defendant The Linebarger Firm's office for a meeting to work out a resolution of the tax issues. At that meeting Edward Lopez admitted that the applicable 20-year statute of limitations of the Texas Tax Code[10] required a reduction of multiple years from the calculation of taxes claimed and sued upon by Defendant The Linebarger Firm. Edward

---

[9] The Texas Tax Code Provides for Waiver of Penalties and Interest where they are caused by errors of agents like The Linebarger Firm.

Sec.33.011. WAIVER OF PENALTIES AND INTEREST

a. The governing body of a taxing unit:

i. **shall** waive penalties and **may provide for the waiver of interest** on a delinquent tax if an act or omission of an officer, employee, or agent of the taxing unit or the appraisal district in which the taxing unit participates caused or resulted in the taxpayer's failure to pay the tax before delinquency and if the tax is paid not later than the 21st day after the date the taxpayer knows or should know of the delinquency. (emphasis added)

[10] Tex. Tax Code Sec. 33.05. LIMITATION ON COLLECTION OF TAXES.
(a) Personal property may not be seized and a suit may not be filed:
(1) to collect a tax on personal property that has been delinquent more than four years; or
(2) to collect a tax on real property that has been delinquent more than 20 years.
(b) A tax delinquent for more than the limitation period prescribed by this section and any penalty and interest on the tax is presumed paid unless a suit to collect the tax is pending.
(c) If there is no pending litigation concerning the delinquent tax at the time of the cancellation and removal, the collector for a taxing unit shall cancel and remove from the delinquent tax roll:
(1) a tax on real property that has been delinquent for more than 20 years;
(2) a tax on personal property that has been delinquent for more than 10 years; and
(3) a tax on real property that has been delinquent for more than 10 years if the property has been owned for at least the preceding eight years by a home-rule municipality in a county with a population of more than 3.3 million.

Lopez once again indicated that he was eager to reach a fair and reasonable resolution without the need for litigation. These were fraudulent, misleading and deceptive representations to collect a debt.

23. After that meeting, Trustee forwarded Defendant Edward Lopez via email the tax statement that had been mailed by Defendant The Linebarger Firm in February of 2014 that was in error. Trustee once again pointed out the absence of tax liens in the title searches on the property. Trustee asked that Edward Lopez forward an updated and corrected spreadsheet with *ad valorem* taxes owed on the property. Trustee never received such a spreadsheet.

24. On May 25, 2024, Trustee created a spreadsheet and made an offer to pay the *ad valorem* taxes back to 1995 minus a percentage noting the home is over 50 years old and Trustee was unable to challenge the property appraisal over the years because of Defendant The Linebarger Firm's delays. No response or counteroffer was received from Defendant The Linebarger Firm.

25. On December 10, 2024, Trustee was served with a one-page "'alias" summons for case # TX-22-01916 but no petition was attached. It appears that Defendant The Linebarger Firm had filed suit in 2022, before the June 2023 meeting Trustee had with Defendant Edward Lopez, but Trustee was never told about the lawsuit nor served with the Petition. After receiving the alias summons, Trustee repeatedly called Defendant Edward Lopez and his assistant to get a copy of the Petition. Trustee received no response.

26. Based on the one-page "alias" summons, on December 30, 2024, Trustee made another offer to pay the taxes listed on that summons (exclusive of penalties, interest, fees and costs) in an email to Defendant Edward Lopez. No response was received from Defendant Edward Lopez. Once again, the "alias" summons misrepresented the character, extent, or amount of debt in the judicial proceeding.

27. Trustee could not find the Petition online so went to the Dallas County

courthouse records office on January 2, 2025. The records office found the unserved Petition from 2022. Trustee filed an answer that day containing a general denial and listing multiple affirmative defenses.

28. Trustee found that the Petition had been filed on December 8, 2022, before the Trustees' last meeting with Defendant Edward Lopez. The Petition in TX-22-01916 demanded taxes from 2002-2022 with taxes of $647,599.54, penalties and interest of $983,664.38, totaling $1,631,263.92, once again, misrepresenting the character, extent, or amount of debt in the judicial proceeding.

29. The Petition in TX-22-01916, noted yet another secret, unserved lawsuit that had been filed in 2020, Case TX-20-00820. These cases had both been filed yet unserved while Defendant Edward Lopez was meeting with Trustee and assuring her that litigation was unnecessary and that a fair and reasonable settlement offer was forthcoming. When TX-20-00820 was found by the Trustee in the Dallas County records, that Petition demanded $576,797.35 taxes plus $845,556.91 in penalties and interest for a total of $1,422,033.99 for years 2000-2019, misrepresenting the character, extent, or amount of debt in the judicial proceeding.

30. There were many other misrepresentations found filed in the record of Case TX-20-00820. For example, when requesting Motion's for Continuance with the Court, Defendant Edward Lopez falsely claimed on March 3, 2021, and July 21, 2021, that he was not seeking the continuances in order to delay but was seeking a waiver of citation from Trustee. The record also shows that he was making attempts to serve Trustee at a variety of addresses, including one in New Jersey, when he knew her phone number, email address, and that she lived at the property which is the subject of the suit.

31. On January 8, 2025, six days after filing the answer in TX-22-01916, Trustee received a Motion for Summary Judgment from Defendant The Linebarger Firm

this time alleging taxes due back to 1974 in the amount of $3,505,848.90, in excess of the appraised value of the property. Once again, Defendant The Linebarger Firm misrepresented the character, extent, or amount of debt in the judicial proceeding.

32. Reviewing the Court Record, Trustee found Defendants The Linebarger Firm and Edward Lopez filed a First Amended Petition on November 23, 2023, for taxes from 2002-2022 including taxes of $711,310.22 and penalties and interest of $1,098,709.28 for a total of $1,810,019.50. Once again, Defendant The Linebarger Firm misrepresented the character, extent, or amount of debt in the judicial proceeding.

33. On January 31, 2025, Trustee once again ran a title search on the property. This time the information provided by Defendant The Linebarger Firm to the title company showed a total of $3,559,625 in taxes due from 1974-2025, yet showed a judgment in another case, apparently covering the periods 1974-1991, TX-86-30635, as **paid.**

34. On February 17, 2025, another First Amended Petition was filed by Defendant The Linebarger Firm, this time alleging taxes due from 1994-2025 of $959,336.69, penalties and interest of $1,306,998.43, and fees of $428,047.54, totaling $2,694,382.66. Despite being advised repeatedly of the errors in calculation, and The Linebarger Firm's own admission of the unreliability of the records and The Linebarger Firm's obstruction of any audit of the records, once again, The Linebarger Firm misrepresented the character, extent, or amount of debt in the judicial proceeding.

35. Since February of 2014, Defendant The Linebarger Firm has been acting in bad faith, repeatedly misrepresenting the amount owed and intentionally delaying resolution of this matter in an attempt to increase the penalties and fees owed on the property and making fraudulent, misleading, deceptive, and deliberate misrepresentations to the Court and the Trustee.

36. In what is both a stunning admission of the falsity of the previous filings

and fraudulent debt collection activities, and as further example of their harassment of citizens, on November 3, 2025 Defendant The Linebarger Firm and Edward Lopez served, Trustee with Applications for Writs of Scire Facias, in a misguided attempt to cover their tracks and revive Judgments against Trustees parents that are more than 30 years old and did not appear in title searches of the property until January 2025.[11]

37. To summarize:

| DATE | METHOD OF TRANSMITTAL | TITLE | TAXES, PENALTIES, INTEREST, FEES ALLEGEDLY OWED | DATES ALLEGED |
|---|---|---|---|---|
| 2/17/2014 | UNITED STATES MAIL | DEMAND LETTER FROM THE LINEBARGER FIRM | $743,211 | 1991-2013 |
| 10/8/2014 | Electronic Court Filing (WIRES) | Original Petition TX-14-41112 | $529,909 taxes, $1,169,748P/I, total $1,690,657 | 1974-2013 |
| 9/1/2020 | Electronic Court Filing (WIRES) | SECRET-Unserved Original Petition TX-20-00820 | $576,797.35 taxes, P/I $845,556.91, total $1,422,033.99 | 2000-2020 |
| 12/8/2022 | Electronic Court Filing (WIRES) | Original Petition TX-22-01916 | $647,599.54, taxes, P/I $983,664.38, total $1,631,263.92 | 2002-2022 |
| 11/17/2023 | Electronic Court Filing (WIRES) | First Amended Petition TX-22-01916 | $711,310.22 taxes, P/I $1,098,709.28, total $1,810,019.50 | 2002-2022 |

[11] The January 2025 title search listed both of these more than 30-year-old Judgments, TX-86-30635 and TX-94-30164 and indicated that TX-86-30635 was **PAID**. The Title Company received the information from The Linebarger Firm. TX-86-30635 is a Judgment that appears to be against a different piece of property. The "Tax Court" granted The Linebarger Firms Application for the Writs of Scire Facias on 1/16/2026, DMLT is appealing.

| | | | | |
|---|---|---|---|---|
| 1/8/2025 | Electronic Court Filing and Email to Trustee (WIRES) | Motion for Summary Judgment TX-22-01916 | $1,091,435.17 taxes, P/I $1,906,949.54 Fees $519,613.90, total $3,517,998.61 | 1974-2024 |
| 2/17/2025 | Electronic Court Filing and Email to Trustee (WIRES) | Second First Amended Complaint TX-22-01916 | $959,336.69 taxes P/I $1,306,998.43, fees $428,047.54, total $2,694,382.66 | 1994-2025 |
| Filed on 7/16/2025 Served on 11/3/2025 | Electronic Court Filing (WIRES) | Applications for Writs of Scire Facias TX 86-30635 TX 94-30164 | No amount stated. | 1974-1994 |

38. Defendants' motive in the delay of any resolution of the tax issue has been and continues to be an attempt to increase the amount due in penalties and interest over the value of the property, while at the same time fraudulently increasing the fees Defendant The Linebarger Firm claims to be entitled.[12]

39. The Defendants' outrageous and predatory conduct has caused great injury-

[12] It is clear that Defendants The Linebarger Firm and Edward Lopez have a prosecutorial conflict. They hold a financial conflict of interest in the outcome, the duration, and likely participation in any tax collection and possible foreclosure sale in this case. Their actions to force payment and possible foreclosure is quasi-criminal in nature and violates Defendant's due process rights under the principles of *Tumey v. Ohio*, 273 U.S. 510 (1927), and its progeny. The Linebarger Firm and Edward Lopez have a prosecutorial conflict. They hold a financial conflict of interest. Even though contested, the DMLT calculates the entire amount taxes owed on the property since 1974 total approximately $1.16M. The Linebarger Firm is attempting to collect the estimated value of the property $3.8M, more than triple the tax amount.

- financial loss and emotional distress to the Plaintiffs. Through the 12-year resistance to resolving the dispute, the Defendants constructively seized the property by controlling the property in a manner that meaningfully interfered with the Plaintiffs' right to possess the property and deprived Plaintiffs of the ability to use or transfer property. The Trustee has been forced into a state of limbo for 12 years: not able to get a mortgage; not able to sell the home even when receiving bona fide offers; not being able to make rational economic decisions about upkeep and repair on a 50 year old home; not being able to make employment decisions; not being able to decide whether or not to stay in a neighborhood where the property taxes have doubled; and the constant fear of losing her family home. This 12-year delay and the misrepresentations by Defendants The Linebarger Firm and Edward Lopez regarding the character, extent, and amount of the debt has caused the Trustee and beneficiary to suffer extreme emotional distress and financial loss.

40. The Municipal Defendants have abdicated their role in tax collection. They have allowed Defendant The Linebarger Firm to wrongfully obtain or attempt to obtain property from another, with that person's consent, under the color of official right.

## COUNT ONE
## 42 U.S.C. § 1983—
## Against All Defendants Due Process

41. The allegations of the Complaint are incorporated herein by reference as if fully set forth in this Count.

42. This count is against all the Defendants.

43. The Defendants acted under color of state law;

44. The acts of all of the Defendants deprived the Plaintiff of its rights as provided under the United States Constitution;

45. Defendant The Linebarger Firm acted pursuant to contracts officially adopted by the Municipal Defendants and widespread longstanding practices of the

Municipal Defendants;

46. Municipal Defendants failure to adopt clear policies and failure to properly train and supervise Defendant The Linebarger Firm was a direct and proximate cause of the constitutional deprivations suffered by Plaintiff;

47. Municipal Defendant's renewed the contract with Defendant The Linebarger Firm to collect *ad valorem* taxes despite the audit reports outlined herein and violations of the penal code;

48. Municipal Defendant's use of the "Tax Court", with no jurisdictional basis, further violates Plaintiffs Due Process rights. In the "Tax Court" with only Defendant Linebarger as the "prosecutor" citizens face property seizure, which is quasi-criminal, without the 6th Amendment right to counsel nor the 7th Amendment right to a jury trial. See, *Securities and Exchange Commission v. Jarkesy*, 603 U.S. 109 (2024). Citizens also face extreme discovery abuses. In addition, Linebarger's vested financial interest in all the cases' outcomes compounds the violation and tramples the rule of *Tumey v. Ohio* and its progeny. Finally, Defendant's use of the revival statute, Tex. Civ. Prac. & Rev. Code § 16.061, and attempted revival of dormant Judgments that are more than 30 years old, shocks the conscience.

49. The Municipal Defendants longstanding practice caused the Plaintiff deprivation of rights and was the moving force that caused the ultimate injury;

50. Defendants unlawfully deprived Plaintiff of its property, by controlling the property in a manner that meaningfully interfered with the Plaintiff's right to possess the property, without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States;

51. Defendants acted pursuant to a policy or custom of depriving Plaintiffs of property without court order and without providing an opportunity for the plaintiff to be heard;

52. Defendants engaged in the improper, perverted use of judicial process;

53. At all times relevant hereto, Defendants had an ulterior motive or improper purpose; and

54. Defendant's behavior harmed the Plaintiff.

**COUNT XV**

**42 U.S.C. § 1983- 4th Amendment**

**Against All Defendants**

55. The allegations of the Complaint are incorporated herein by reference as if fully set forth in this Count.

56. This count is against all of the Defendants.

57. Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of the person's property;

58. The Defendants deprived the Plaintiff of this Fourth Amendment right, by seizing the Plaintiffs property, by controlling the property in a manner that meaningfully interfered with the Plaintiff's right to possess the property;

59. In seizing the Plaintiff's property the Defendants acted intentionally and unreasonably;

60. Defendants at all times relevant to this action were acting under color of state law;

61. Defendants made an unreasonable and warrantless seizure of Plaintiff's property in violation of the Fourth Amendment to the Constitution of the United States as incorporated and applied to the states by way of the Fourteenth Amendment to the Constitution of the United States;

62. At all times relevant hereto, Defendants acted pursuant to a policy or custom of depriving debtors of property without court order and without providing an opportunity for the debtor to be heard. Municipal Defendants failed to adopt clear policies and failed

to properly train and supervise the other Defendant[13];

63. Municipal Defendant's policy or custom, and its failure to adopt clear policies, and failure to properly train and supervise the other Defendant, was a direct and proximate cause of the constitutional deprivations suffered by Plaintiff;

64. Defendants engaged in the improper, perverted use of judicial process;

65. At all times relevant hereto, Defendants had an ulterior motive or improper purpose; and

66. Defendant's behavior harmed the Plaintiff.

**COUNT THREE**
**Fair Debt Collection Practices Act -Defendant Linebarger**
**15 U.S. Code§ 1692 et seq.**

67. Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

68. Linebarger is a "debt collector" under the Fair Debt Collection Practices Act (FDCPA) because it uses the mails in its business, the principal purpose of which is the collection of debt, and because it regularly collects or attempts to collect, directly or indirectly, debt owed or due another. 15 U.S.C. § 1692a(6);

69. The FDCPA prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specifically, the Act bars debt collectors from falsely representing the character, amount, or legal status of any debt. *Id* at§ 1692e(2)(A);

70. Defendant Linebarger repeatedly misrepresented the character, extent, or amount of a consumer debt in a judicial proceeding in violation of the Fair Debt Collection Practices Act;

71. Defendant Linebarger made false and misleading representations to

[13] See, for example, *Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978)*. A failure to train or supervise that shows a deliberate indifference to the rights of the public, where the lack of training makes a violation highly likely.

Plaintiff to excessively delay the proceedings in an attempt to increase the penalties and fees; and

72. Defendant's behavior harmed the Plaintiff.

**COUNT FOUR**

**Texas Fair Debt Collection Act -Defendant Linebarger**
**Texas Finance Code § 392.307**

73. Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

74. Sec. 392.304. FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS prohibits a debt collector from using any false, deceptive, or misleading representation or means to collect a debt;

75. Defendant Linebarger repeatedly misrepresented the character, extent, or amount of a consumer debt in a judicial proceeding in violation of Sec. 392.304.(8);

76. Defendant Linebarger made false and misleading representations to Plaintiff to excessively delay the proceedings in an attempt to increase the penalties and fees allegedly owed by the Plaintiff; and

77. Defendant's behavior harmed the Plaintiff.

**COUNT V**

**Violations of Texas Tax Code Sections 33.07 and 33.48**
**and the Homestead Provisions of the Texas Constitution**

78. The allegations of the Complaint are incorporated herein by reference as if fully set forth in this Count.

79. This count is against The Linebarger Firm.

80. On January 26, 1839, the Republic of Texas' Congress passed a homestead act. It guaranteed every citizen or household that their homestead—up to fifty acres or a town lot, as well as the structures—could not be seized to pay debts. The property owned by DMLT is a registered homestead.

https://statutes.capitol.texas.gov/?tab=1&code=PR&chapter=PR.41&artSec=

81. Despite numerous offers by Plaintiff DMLT to pay the taxes on the property, the Linebarger Firm has refused to acknowledge its errors, has acted in bad faith, and has insisted on seizing the Plaintiffs homestead to collect its penalties, interest and legal fees. In violation of the Texas Constitution.

82. By its plain terms, Section 33.48 permits a municipal taxing unit to recover costs and expenses in a suit to collect a delinquent tax. That Section further provides (a) In addition to other costs authorized by law, a taxing unit is entitled to recover the following costs and expenses in a suit to collect a delinquent tax; (5) attorney's fees in the amount of 15 percent of the total amount of taxes, penalties, and interest due. Section 33.07 provides a) A taxing unit or appraisal district may provide, in the manner required by law for official action by the body, that taxes that become delinquent on or after February 1 of a year but not later than May 1 of that year and that remain delinquent on July 1 of the year in which they become delinquent incur an additional penalty to defray costs of collection, if the unit or district or another unit that collects taxes for the unit has contracted with an attorney pursuant to Section 6.30. The amount of the penalty may not exceed the amount of the compensation specified in the contract with the attorney to be paid in connection with the collection of the delinquent taxes. The Dallas County contract lists a maximum fee of 20%.

83. Nevertheless, Plaintiff alleges among other things, that Plaintiff was assessed unlawful attorney's fees[14] sought by and charged by Defendant The Linebarger Firm to ensure that Defendant The Linebarger Firm would stop the delinquent tax

[14] The Linebarger Firm is attempting to collect the estimated value of the property $3.8M, more than triple the estimated tax amount. This is an illegal and unreasonable fee pursuant to TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT (Effective March 7, 2025) 1.04 Fees (a) A lawyer shall not enter into an arrangement for, charge, or collect an illegal fee or unconscionable fee. A fee is unconscionable if a competent lawyer could not form a reasonable belief that the fee is reasonable. Neither Linebarger, nor its clients, offered any proof of reasonableness of Linebarger's fees, rendering its attorneys' fees claim unsustainable.

lawsuits, would not request entry of a default judgment against them and would remove its properties from the delinquent tax lawsuits (and any tax liens associated therewith) that were pending in Court.

84. As a result of the Defendant's violations, it is liable to Plaintiffs for all actual damages.

85. Plaintiffs a further requests its reasonable attorneys' fees and costs. Additionally, to the extent that the Defendant's violations were intentional (as opposed to merely negligent), the actual damages to Plaintiff should be trebled, or alternatively, under Texas common law, Defendant should be assessed punitive damages, whichever is determined to be greater by the trier or fact.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable by jury.

**PRAYER FOR RELIEF**

A. A judgment for compensatory and punitive damages in an amount to be determined at trial, plus reasonable attorney fees pursuant to 42 U.S.C. § 1988, against all Defendants;

B. Damages including emotional distress, statutory damages, and attorney's fees under the Fair Debt Collection Practices Act and Texas Finance Code; and

C. Any and all other relief this Court may deem appropriate.

Respectfully submitted,

Stephen G. Gleboff PLLC
Stephen G. Gleboff
Texas Bar No. 08024500
8600 Thackery #143
Dallas, TX 75225
(214) 802-5869
gleboffs@gmail.com

# EXHIBIT F

FILED
4/1/2026 3:08 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Cary Rivas DEPUTY

Cause No. TX 22-01916

| | | |
|---|---|---|
| DALLAS CO. et al,<br>Plaintiffs,<br><br>v.<br><br>DOROTHY MARSHALL<br>LIVING TRUST,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT<br>COURT<br><br>192d DISTRICT COURT<br><br>DALLAS COUNTY,<br>TEXAS |

**DEFENDANT'S RESPONSE TO FIRST**
**AMENDED MOTION FOR SUMMARY JUDGMENT**

**(ORAL HEARING REQUESTED)**

Defendant the Dorothy Marshall Living Trust ("DMLT" or "The Trust") files this response to Plaintiffs' First Amended Motion for Summary Judgment, and shows the following:

Plaintiffs' motion is the latest act in a years-long campaign by the tax collectors of Dallas County and their agent/lawyers, Linebarger, to seize DMLT's house at the height of the Preston Hollow residential real estate market and maximize the illegal "attorneys' fees" Linebarger will extract from the Dallas-area taxpayers, all accomplished through the unlawful and mythical Dallas County "Tax Court."

The standard for summary judgments is well known:

> A traditional motion for summary judgment requires the moving party to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Provident Life*, 128 S.W.3d at 215–16. If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). In reviewing the grant of summary judgment, we must credit evidence favoring the non-movant, indulging every reasonable inference and resolving all doubts

> in his or her favor. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995).

*Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018).

Plaintiffs did not designate their motion as traditional or no evidence, as required by revised Rule 166a, but their failure to comply is of no consequence – the motion fails, as shown below.

## I. Continuance is Required and Requested

The Trust requests that the Court continue the hearing of this motion until The Trust can complete the depositions of the designated representatives of Dallas County and the City of Dallas, and supplement this response with their testimony, which The Trust asks the Court to permit. Plaintiffs filed this motion after discovery was requested by The Trust, such that the depositions could not be completed, transcribed, and this response drafted to include the testimony within the twenty-one days permitted for The Trust's response. Trustee Aff. at 28. (The affidavit of Joan E. Marshall, Trustee of DMLT and is attached and incorporated in this response for all purposes.) As shown in the attached affidavit, the witnesses are designated to testify on several issues, each of which will likely affect, and require supplementation of, this response. *Id. See* TEX. R. CIV. P. 166a(d)(3).

## II. Objections to Summary Judgment Evidence

1. DMLT objects to Plaintiffs' summary judgment evidence because it is not properly authenticated or shown to be subject to an exception to the hearsay rule – as a result it is inadmissible hearsay. TEX. R. EVID. 802.

2. DMLT objects to Plaintiffs' summary judgment evidence because DMLT has rebutted any presumption in favor of the offered documents, as shown below in section III. B. TEX. TAX CODE § 33.47; *Heritage Operating, L.P. v. Barbers Hill I.S.D.*, 496 S.W.3d 318, 333 (Tex. App. – Houston [14th Dist] 2016, *no pet.*); *Estates of Elkins v. Dallas County*, 146 S.W.3d 826, 832-33 (Tex. App. – Dallas 2004, *no pet.*).

3. DMLT objects to the Affidavit of Amber White, Exhibit K, because the document is not an affidavit because it does not contain a jurat (instead it has an acknowledgement) and does not demonstrate that it was sworn before an officer authorized to administer oaths. *Mansions in the Forest, L.P. v. Montgomery County*, 365 S.W.3d 314, 316-17 (Tex. 2012); *Perkins v. Crittenden*, 462 S.W.2d 565, 568 (Tex. 1970).

4. DMLT objects to the Affidavit of Amber White, Exhibit K, because the document does not establish personal knowledge of any individual entry, or aggregate of entries, in the books and records of the Tax Office Dallas County and, therefore, is inadmissible. TEX. R. CIV. P. 166a(l); TEX. R. EVID. 602.

5. DMLT objects to the Affidavit of Amber White, Exhibit K, because the document expresses a legal conclusion ("taxing entities which are <u>legally authorized</u> to impose and assess") (emphasis added) that the witness is not qualified to express and is, therefore, inadmissible. TEX. R. EVID. 701.

6. DMLT objects to the Affidavit of Amber White, Exhibit K, because in its final paragraph the document expresses a rote recitation of the business records exception to the hearsay rule without any showing of personal knowledge of each statement made. TEX. R. CIV. P. 166a(l); TEX. R. EVID. 602.

## IIA. Notice of Plea of Unconstitutionality

DMLT gives notice that it alleges that Texas Civil Practice and Remedies Code § 16.061 and Texas Tax Code 42.09 are unconstitutional as applied in this case.

The use of TEX.CIV. PRAC. & REM. CODE § 16.061 to revive a 37-year-old Judgment against a different piece of property violates the Texas and United States Constitution as applied to DMLT and the Trustee/beneficiary. The use of TEX.CIV. PRAC. & REM. CODE § 16.061 to revive a 32-year-old Judgment violates the Texas and United States Constitution as applied to DMLT and the Trustee/beneficiary, as well .An as-applied challenge alleges that a statute or regulation is unconstitutional in a specific context. DMLT is not arguing that the

entire statute is unconstitutional, but instead that it is being applied in an unconstitutional manner. See *Citizens United v. Federal Election Commission*, 558 U.S. 310, 331 (2010); *Los Angeles Police Dept. v. United Reporting Publishing Corp.*, 528 U.S. 32 (1999).

Texas Tax Code § 42.09 is also unconstitutional as applied in this case. Attempts to restrict defenses against unconstitutional, illegal, and unethical behavior are in themselves unconstitutional as applied. Any restriction on a party's right to complain of constitutional deprivations by a taxing authority in connection **with tax collection activities** is a violation of due process. U.S. CONST. amend. XIV, § 1; TEX. CONST. Article I, Section 19. While § 42.09 restricts defenses that may be raised in "adjudication of the grounds of protest," Plaintiffs' motion argues that under § 42.09 'only two defenses . . . are legally permissible," apparently without regard for how reprehensible the conduct is or how unrelated to the "grounds of protest" it may be. Plaintiffs' First Amended Motion for Summary Judgment at 5 n.1. As outlined in the Counterclaims and Third Party Claims in this case, DMLT's Constitutional Rights have been violated by the Plaintiffs separate and apart from any adjudication of protest. The behavior of The Linebarger Firm and the taxing authorities must be addressed.

## III. Fact Issues Preclude Summary Judgment

### A. Renewed Plea to the Jurisdiction: The "Tax Court" Lacks any Statutory Authority and has No Jurisdiction

The Trust, through its counsel, has conducted thorough legal research to determine that no enabling legislation creates the Dallas County "Tax Court." Ex.

A, Marshall Affidavit at ¶ 39 ("Trustee Aff.").[1] The Tax Court agrees: Judge Ginsberg stated from the bench that

> the Tax Court is a bit of a misnomer because it -- it is not a separate court . . . . [T]his, for lack of a better term, operation is referred to as a tax court, that is a bit of a misnomer.

*Id.* at 39 (Transcript of Feb. 17, 2025, summary judgment hearing).[2] The former judge is correct: real courts in Texas derive their authority and jurisdiction from the Texas Constitution and the Legislature.

Article V of the Texas Constitution gives the Legislature power to create courts. Some courts, including courts of appeals, are constitutionally enumerated. *See* TEX. CONST. art. V, § 6(a) ("The state shall be divided into courts of appeals districts . . . ."). The legislature also "may establish such other courts as it may deem necessary." *Id.* § 1; *see also In re Dallas County*, 697 S.W.3d 142, 150 (Tex. 2024) (Young, J.) ("Every litigant has a clear right to have its case decided by a legitimate court staffed only by lawfully empaneled judges.").

A current example of a proper exercise of Texas judicial authority is the recent establishment of the Business Court by the Texas Legislature and approved by the Governor. *See*, https://texaslawbook.net/countdown-to-business-courts-six-must-know.-rules/ (discussing Business Court

---

[1] Consistent with its "duty to the court to raise any potential defects in its . . . subject-matter jurisdiction," DMLT re-urges its plea to the jurisdiction *See Dickson v. American Gen'l Life Ins. Co.*, 698 S.W.3d 234, 237 (Tex. 2024) (Young, J., concurring). "Subject-matter jurisdiction is perhaps the one thing that courts must always address when contested or otherwise in doubt." *Id.* at 235.

[2] Dallas County offered an equally hollow explanation for the "Tax Court's" supposed authority to act: it is "constituted through the district judges, my understanding, through the district judges of Dallas County in conjunction with the Dallas County Commissioners Court." Trustee Aff. at 39. That explanation may be true, but the result is a "court" with no jurisdiction under Texas law.

establishment) (last visited March 28, 2026); https://texaslawbook.net/legislatures-expansion-of-the-business-court-proves-lone-star-states-commitment-to-commercial-justice/ (revisions to Business Court legislation) (last visited March 28, 2026). The Dallas County "Tax Court" has none of the Legislative authority required for a real court in Texas. The only nod to authenticity in the "Tax Court" is the assignment of a case number from one of the actual, statutorily-authorized Dallas County district courts, such as the "192d" in the caption of this case. In reality, "192d" is merely ink on the page and that properly constituted District Court has nothing to do with this case. Trustee Aff. at 29. Plaintiff Dallas County advertises the "Tax Court" as a free-standing court with no attachment to any other District Court on its taxpayer-funded website (thereby confusing the bar and the unrepresented taxpayer-defendants). Trustee Aff. at 29 and 39 (https://www.dallascounty.org/government/courts/civil_district/taxcourt/).

It is that the "Tax Court" is not properly established under Texas law, and the plea to the jurisdiction should be sustained. The Trust Has proven its plea as a matter of law and the case should be dismissed.[3] Alternatively, the following **fact issues preclude summary judgment**:

1. Whether Legislative authority exists for the Tax Court;
2. Whether the jurisdiction of the Tax Court is defined by statute;
3. Whether authority (including under the Local Rules) exists for assignment of this case to the Tax Court;

---

[3] All of the fact issues in this Response are based on the Trustee Affidavit and the attachments thereto.

4. Whether the Tax Court can exclude the bar and the public from proceedings conducted electronically (Zoom™ or the like).

**B. The "Tax Office" Corrupted the Tax Records Through Criminal Malfeasance and the Tax Records Offered are Inadmissible.**

Plaintiffs' motion is supported only by unsworn, unproven papers purporting to reflect unpaid taxes. Plaintiffs intend to rely at hearing on the Tax Code presumption in favor accuracy and admissibility of tax records. However, the Tax Code presumption is, in part, "that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law . . . ." TEX. TAX CODE § 33.47. Here, the primary person charged with a duty to collect taxes in Dallas County, John Ames, has engaged, or caused his Tax Office, to engage in conduct amounting to criminal behavior under Texas Law. Trustee Aff. at 30.

The Dallas County Auditor documented in 2017 and 2020 that Ames' Tax Office refused the Auditor access to Dallas County tax records, which is an offense punishable by fine and removal from office. *Id.* at 30; TEX. LOC. GOV'T CODE § 114.003. As a result, DMLT's proof rebuts the Plaintiffs' presumption that "all requirements of law" were complied with. *Heritage Operating, L.P. v. Barbers Hill I.S.D.*, 496 S.W.3d 318, 333 (Tex. App. – Houston [14th Dist] 2016, *no pet.*); *Estates of Elkins v. Dallas County*, 146 S.W.3d 826, 832-33 (Tex. App. – Dallas 2004, *no pet.*). Without the statutory presumption, Plaintiffs have no proof to authenticate or admit their evidence or, more importantly, to prove the existence or accuracy of any claimed delinquent amount. Plaintiffs' motion should be denied. In the alternative, **fact issues preclude summary judgment**:

1. Whether the Dallas County Tax Office complied with all requirements of law;

2. Whether, absent admissible evidence, Plaintiffs can establish proper notice to DMLT;

3. Whether, absent admissible evidence, Plaintiffs can establish that delinquent taxes are owed by DMLT;

4. Whether, absent admissible evidence, Plaintiffs can establish the amount of delinquent taxes owed by DMLT.

### C. Plaintiffs' Evidence is Barred because it Was Not Produced in Discovery

Plaintiffs' unauthenticated summary judgment evidence includes documents that were called for by DMLT's discovery request in 2025. Trustee Aff. 28 and 31. The documents were not produced in discovery and when DMLT pointed out Plaintiffs' failure to produce them, and suggested that Plaintiff was required to amend or supplement discovery, Plaintiffs "disagreed" and took no action. *Id.*

The Texas Rules of Civil Procedure mandate that "[a]party who fails to make, amend, or supplement a discovery response . . . in a timely manner may not introduce in evidence the material or information that was not timely disclosed . . . ." TEX. R. CIV. P. 193.6(a). *See Fort Brown Villas III Condo. Ass'n v. Gillenwater*, 285 S.W.3d 879, 882 (Tex. 2009) (Rule 193.6 applies to summary judgment proceedings). Exclusion of the offered evidence is the appropriate remedy. *Chang v. Liu*, No. 01-22-00529-CV, 2024 WL 4628401 at *4 (Tex. App.— Houston [1st Dist.] Oct. 31, 2024, no pet.) (mem. op.) (no abuse of discretion in excluding evidence where no evidence of good cause or lack of unfair surprise). As a result, Plaintiffs' summary judgment evidence must be excluded and their motion denied. Alternatively, **fact issues preclude summary judgment**:

1. Whether Plaintiffs can establish good cause for their failure to timely make, amend, or supplement the discovery response;

### D. All or part of the taxes sued for are paid

Plaintiffs claim to sue for delinquent taxes that are unpaid. However, DMLT obtained a title report that shows taxes that Plaintiffs sue to collect as "paid." Trustee Aff. at 24. Plaintiffs' motion should be denied. Alternatively, **fact issues preclude summary judgment**:

1. Whether Plaintiffs can establish that any amount of taxes are due and owing;

2. Whether Plaintiffs can establish the accurate amount of taxes that are due and owing.

### E. The Tax Collectors' Prior Statements Prove the Amount Sued for is Wrong or Unreliable

Plaintiffs ask for judgment based on tax records that they contend establish the amount due. However, Plaintiffs' agent (attorney) plainly stated in the presence of two witnesses that Dallas County's tax records were "plagued" with problems and were not reliable. Trustee Aff. 9.

Under the Rules of Evidence, even a record of a regularly conducted business activity is inadmissible if it lacks trustworthiness. TEX. R. EVID. 803(6)(E). Because all of Plaintiffs' motion is based on Dallas County tax records, the admission of the County's agent renders those records inadmissible, and their motion should be denied. Alternatively, **fact issues preclude summary judgment**:

1. Whether Plaintiffs can establish that Dallas County's tax records are reliable and accurate;

2. Whether Plaintiffs can establish that any amount of taxes are due and owing;
3. Whether Plaintiffs can establish the accurate amount of taxes that are due and owing.

### F. Plaintiffs' Attorneys' Fees Claim Fails Because they Offer No Proof of Reasonableness

Plaintiffs seek a recovery of costs, presumably including attorneys' fees, under Tax Code § 33.48. First Amended Motion for Summary Judgment; Trustee Aff. 25 and 37. Plaintiffs have not offered evidence of attorneys' fees, including evidence of reasonableness, making any award improper under *Rohrmoos Venture v. UTSW DVA, LLP*, 578 S.W.3d 469 (Tex. 2019), and its progeny. Alternatively, **fact issues preclude summary judgment**:

1. Whether Plaintiffs can establish the reasonableness of attorneys' fees;
2. Whether Plaintiffs can establish a lodestar amount for calculation of attorneys' fees;
3. Whether Plaintiffs can establish adjustments to a lodestar amount.

### G. All or Part of Plaintiffs' Claims are Barred by Limitations

Plaintiffs seemed to recognize that the Statute of Limitations is an issue when they filed the "secret" Petition in this case. When it was filed in 2022, yet unserved, it only demanded taxes back to 2002. A case is not considered "pending" in a legal sense if service of process has not been properly completed, meaning the defendant has not been formally notified of the lawsuit, as this is a crucial step to establish jurisdiction over the defendant and allow the court to proceed with the case; essentially, a case can only be considered pending once the defendant has

been served with legal documents.

> To "bring suit" within the two-year limitations period prescribed by section 16.003, a plaintiff must not only file suit within the applicable limitations period, but must also use diligence to have the defendant served with process. *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970). When a plaintiff files a petition within the limitations period, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex. 1975) (per curiam). To obtain summary judgment on the grounds that an action was not served within the applicable limitations period, the movant must show that, as a matter of law, diligence was not used to effectuate service. *Zale*, 520 S.W.2d at 891.

*Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990).

DMLT was not made aware of this case until Trustee found a copy in the records at the courthouse on January 2, 2025. Trustee Aff. at 13 and 15. The two years+ that Plaintiffs failed to serve this lawsuit constitutes lack of diligence as a matter of law. Clearly now, nothing prior to 2005 is available for collection.

> Sec. 33.05. LIMITATION ON COLLECTION OF TAXES.
>
> (a) Personal property may not be seized and a suit may not be filed:
> (1) to collect a tax on personal property that has been delinquent more than four years; or
> (2) to collect a tax on real property that has been delinquent more than 20 years.
> (b) A tax delinquent for more than the limitation period prescribed by this section and any penalty and interest on the tax is presumed paid unless a suit to collect the tax is pending.
> (c) If there is no pending litigation concerning the delinquent tax at the time of the cancellation and removal, the collector for a taxing unit shall cancel and remove from the delinquent tax roll:
> (1) a tax on real property that has been delinquent for more than 20 years;
> (2) a tax on personal property that has been delinquent for more than 10 years; and
> (3) a tax on real property that has been delinquent for more than 10 years if the property has been owned for at least the preceding eight years by a home-rule municipality in a county with a population of more than 3.3

million.

As the lawyer for the municipalities agreed, and as the various complaints seem to acknowledge, the 20-year statute of limitations bars taxes penalties and interest prior to 2005. Trustee Aff. at 10. *See Herrera v. Mata*, 702 S.W.3d 538 (2024).

Because all of Plaintiffs' motion demands taxes barred by the statute of limitations, their motion should be denied. Alternatively, **fact issues preclude summary judgment**:

1. Whether Plaintiffs can establish that the taxes demanded are not barred by the 20-year statute of limitations;
2. Whether Plaintiffs can establish that they exercised diligence in effecting service.

### H. Plaintiffs' Claims are Barred by Equitable Estoppel

Equitable estoppel is a false representation (misrepresentation) or concealment of material facts; 2) when the person making the representation had actual or constructive knowledge of the facts; 3) the person making the representation intended that it would be acted upon; and 4) the other party reasonably and detrimentally relied upon the representation. See *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515-16 (Tex. 1998).

Linebarger, the agent for the Plaintiffs, has repeatedly misrepresented material facts in this matter as outlined throughout this response and proven by the Trustee Affidavit. They had actual knowledge that the 1994 case litigated any taxes prior to that time. They knew that the statement demanding taxes back to

1991 was inaccurate. They admitted the unreliability of the tax records and misrepresented that they wished to enter a fair and reasonable settlement in this matter. Trustee Aff. at 9 and 10. They intended that their misrepresentations would be acted upon by the Trustee and the Trustee relied upon their misrepresentations. *Id.*

Plaintiffs' predatory conduct has caused great injury -- financial loss and emotional distress to the Trustee. Through the now 12-year resistance to resolving the dispute, the Plaintiffs constructively seized DMLTs property by controlling the property in a manner that meaningfully interfered with the Defendant's right to possess the property. The Trustee has been forced into a state of limbo for now 12 years: not able to get a mortgage; not able to sell the home even when receiving bona fide offers; not being able to make rational economic decisions about upkeep and repair on a 50 year old home; not being able to make employment decisions; not being able to decide whether or not to stay in a neighborhood where the property taxes have doubled; and the constant fear of losing her family home. *Id.* This now 12-year delay and the misrepresentations by Linebarger regarding the character, extent, and amount of the debt has caused the Trustee and beneficiary to suffer extreme emotional distress and financial loss. *Id.*

Because all of Plaintiffs' motion is barred by equitable estoppel their motion should be denied. DMLT has produced admissible evidence of each element of its claim. Alternatively, **fact issues preclude summary judgment**:

1. Whether Plaintiffs can establish that there was not a false representation (misrepresentation) or concealment of material facts;

2. Whether Plaintiffs can establish Edward Lopez and/or any representative of the Plaintiffs making the representation did not have actual or constructive knowledge of the facts;

3. Whether Plaintiffs can establish that Edward Lopez or any other representative of the Plaintiffs making the representations did not intend that they would be acted upon;

4. Whether Plaintiffs can establish the Trust did not reasonably and detrimentally relied upon the representations.

## I. Plaintiffs' Claims are Barred by Promissory Estoppel.

Promissory estoppel is the doctrine that a party may recover on the basis of a promise when reliance on the promise was reasonable. See *Cohen v. Cowles Media*, 501 U.S. 663 (1991). ("state law doctrine creating legal obligations never explicitly assumed by the parties that are enforceable.") The requisites of promissory estoppel in Texas are: (1) a promise; (2) foreseeability of reliance thereon by the promisor; and (3) substantial reliance by the promisee to his detriment. *Frost Crushed Stone Co. v. Odell Geer Const. Co.*, 110 S.W.3d 41, 44 (Tex. App. 2002, *no pet.*); *see English v. Fischer*, 660 S.W.2d 521, 524 (Tex.1983) Linebarger, the agent for the Plaintiffs has repeatedly induced the promise, Trustee, to believe they were acting in good faith to resolve the matter. Trustee was induced to accept the numerous delays in reliance upon the belief that Linebarger, on behalf of Plaintiffs, was acting in good faith to resolve the matter fairly. Trustee Aff. 36. They grossly harmed the Defendant through the 12-year delay. There is no way to fix the harm other than enforcement of the promise. Defendant's reliance was foreseeable and given the current lawsuit and the Motion for Summary Judgment the Plaintiff's attorney was acting in bad faith.

Plaintiffs' predatory conduct has caused great injury -- financial loss and emotional distress to the Trustee. Through the now 12-year resistance to resolving the dispute, the Plaintiffs constructively seized the Defendant's property by controlling the property in a manner that meaningfully interfered with the Defendant's right to possess the property. The Trustee has been forced into a state of limbo for now 12 years: not able to get a mortgage; not able to sell the home even when receiving bona fide offers; not being able to make rational economic decisions about upkeep and repair on a 50 year old home; not being able to make employment decisions; not being able to decide whether or not to stay in a neighborhood where the property taxes have doubled; and the constant fear of losing her family home. This 12-year delay and the misrepresentations by Linebarger regarding the character, extent, and amount of the debt has caused the Trustee and beneficiary to suffer extreme emotional distress and financial loss. Trustee Aff. 27.

Because all of Plaintiffs' motion is barred by promissory estoppel their motion should be denied. DMLT has produced admissible evidence of each element of its claim. Alternatively, **fact issues preclude summary judgment**:

1. Whether the Plaintiff's can establish they did not induce the promissee to do or not do something;
2. Whether Defendant, Trustee relied on the promises and acting accordingly;
3. Whether the Plaintiffs harmed the promisee;
4. Whether the reliance by the promisee, Trust and Trustee. was foreseeable by the promisor.

## J. Plaintiffs' Claims are Barred by Laches.

The doctrine of laches is based on the maxim that "equity aids the vigilant and not those who slumber on their rights." Black's Law Dictionary; *McMaster v. Mills*, 30 Tex. 591, 595–96 (Tex. 1868)( A legal right or claim will not be enforced or allowed if a long delay in asserting the right or claim has prejudiced the adverse party. Elements of laches include knowledge of a claim, unreasonable delay, neglect, which taken together hurt the opponent.

Contrary to Plaintiffs' argument, laches can be asserted against the government Plaintiffs. "Texas courts have repeatedly held that, although equitable defenses do not generally apply to governmental entities when they are acting in their governmental capacity, equitable defenses may apply when justice requires it and no governmental function is impaired." *See Roberts v. Haltom City*, 543 S.W.2d 75, 80 (Tex.1976) (recognizing exception to general rule and applying estoppel to city's claim); *City of Dallas v. GTE Southwest, Inc.*, 980 S.W.2d 928, 937 (Tex.App.-Fort Worth 1998, pet. denied) (applying waiver against city in franchise fee dispute because city knowingly accepted fees over six-year period); *City of Corpus Christi v. Nueces County Water Control and Improvement Dist. No. 3*, 540 S.W.2d 357, 378–79 (Tex.Civ.App.-Corpus Christi 1976, writ ref'd n.r.e.) (applying laches to claims by city, which stood by for 40 years while water district made use of and became dependent on water supply). *Houston Lighting & Power Co. v. City of Wharton*, 101 S.W.3d 633, 639 (Tex. App. – Houston [1st Dist.] 2003, *pet. denied, reh'g denied*).

Laches is an equitable remedy that prevents a plaintiff from asserting a claim due to a lapse of time. *Bluebonnet Sav. Bank, F.S.B. v. Grayridge Apartment Homes, Inc.*, 907 S.W.2d 904,912 (Tex. App.-Houston [1st Dist.] 1995, writ denied). To prevail, the party asserting laches must show two elements: (1) there was an unreasonable delay by the other party in asserting legal or equitable rights, and (2) the party asserting laches made a good faith change in position to his detriment because of the delay. *Caldwell* v. *Barnes*, 975 S.W.2d 535, 538 (Tex.1998); *Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 80 (Tex.1989). Delay coupled with disadvantage to another are essential elements of laches. *Keene v. Reed,* 340 S.W.2d 859,860 (Tex. Civ. App.-Waco 1960, writ refused). The party asserting laches has the burden of proving it. *Jamail v. Stoneledge Condominium Owners Ass'n,* 970 S.W.2d 673,676 (Tex.App.-Austin 1998, no pet.).

In this case there was an extreme delay by the Plaintiff in asserting its rights. No abstract of judgment was filed in the 1994 matter. Then the agent of the Plaintiff's delayed this suit for now **12 years** asserting that they wanted a fair and reasonable resolution without litigation yet did not respond to offers made by the Defendant and filed "secret" [4] lawsuits without serving the Trustee. Trustee Aff. 13 and 17. Plaintiffs are now attempting to collect fees and penalties that resulted from

[4] Neither the 2020 nor the 2022 Petitions were served upon the Trustee despite the attorney for Linebarger meeting with, calling and emailing Trustee throughout the time period.

their delays. These delays were unreasonable, and the Defendant made a good faith change in position to its detriment because of the delays. Defendant was unable to know, and thus to pay, the correct amount due, and penalties and interest continued to accrue. *Id.*

Laches should apply to any taxes outside of the twenty-year statute of limitations in this matter, as well as any and all fees. Linebarger's delays and misrepresentations harmed the Defendant. *Id.* The Trustee believed that Linebarger, as an agent of the municipalities, was acting in good faith to resolve the matter. *Id.* It is unconscionable that they were delaying the resolution, and filing secret lawsuits, to increase the penalties and fees. This is exactly the type of case requiring an equitable resolution.

Because all of Plaintiffs' motion is barred by laches their motion should be denied. DMLT has produced admissible evidence of each element of its claim. Alternatively, **fact issues preclude summary judgment**:

1. Whether there was an unreasonable delay by the Plaintiffs in asserting legal or equitable rights, and
2. Whether the Defendant made a good faith change in position to its detriment because of the delay.

### K. Plaintiffs' Claims are Barred by Waiver.

Plaintiff's errors, miscalculations, and its agent's bad faith requires a waiver of penalties and interest. As noted above, in January of 2014, Defendant received notice indicating that property taxes were due dating back to 1991. The Defendant contacted the Plaintiffs regarding these discrepancies

and was presented with TX 14-41112, a lawsuit which incorrectly demanded taxes back to 1974. Penalties and interest have continued to accrue since January of 2014 due to mistake of Plaintiffs in sending the Defendant differing and incorrect amounts due. Linebarger is an "officer, employee, or agent" of the Plaintiffs.

> Sec.33.011. WAIVER OF PENALTIES AND INTEREST.
>
> (a) The governing body of a taxing unit:
>
> > (1) shall waive penalties and may provide for the waiver of interest on a delinquent tax if an act or omission of an officer, employee, or agent of the taxing unit or the appraisal district in which the taxing unit participates caused or resulted in the taxpayer's failure to pay the tax before delinquency and if the tax is paid not later than the 21st day after the date the taxpayer knows or should know of the delinquency.

Then in 2025, Plaintiffs once again demanded taxes back to 1974, when in 2014, the statement issued by Linebarger only asked back to 1991. Plaintiffs knowingly demanded taxes that were litigated in 1994. This is and was an unconscionable attempt at a cash grab. It is also within the Court's equitable powers to grant such a waiver remedy and it is clearly appropriate in this case. *See Houston Lighting & Power*, 101 S.W.3d at 639, *citing cases*. The taxing authorities and their counsel presented differing and incorrect statements to DMLT regarding the amounts due. Trustee Aff. No abstract of judgment appears to have been filed in regarding the 1994 Judgment to put Defendant on notice of a lien. These errors made it impossible for Defendant to know and to pay the correct amount due. *Id.*

"Waiver has been defined as an intentional relinquishment of a known right or intentional conduct inconsistent with claiming it." *U.S. Fidelity & Guaranty Co. v. Bimco Iron & Metal Corp.,* 464 S.W.2d 353, 357 (Tex.1971). Waiver may be either express or indicated by conduct that is inconsistent with an intent to claim the right. *Tenneco Inc. v. Enterprise Products Co.* 925 S.W.2d 640, 643 (Tex. 1996) ("Silence or inaction, for so long a period as to show an intention to yield the known right, is also enough to prove waiver").

"The elements of waiver are: (1) an existing right, benefit, or advantage; (2) knowledge, actual or constructive, of its existence; and (3) actual intent to relinquish the right, which can be inferred from conduct." *First Interstate Bank of Ariz., N.A. v. Interfund Corp.*, 924 F.2d 588, 595 (5th Cir. 1991), citing, *Sun Exploration & Prod. Co. v. Benton,* 728 S.W.2d 35, 37 (Tex.1987). Once waived, a right is lost forever and cannot be reclaimed without consent of the other party. *Burton v. National Bank of Commerce,* 679 S.W.2d 115, 118 (Tex.App.—Dallas 1984, no writ).

A 12-year delay clearly demonstrates the Plaintiffs intent to waive the penalties and interest in this matter. Waiver should be implied in this case to prevent fraud or inequitable consequences. Trustee attended repeated meetings with Plaintiff's counsel asserting that the Plaintiffs wanted a fair and reasonable resolution. Trustee Aff. 9, 10 and 17. Only a ruling of waiver can prevent inequitable consequences in this case.

Plaintiffs' conduct also establishes lack of notice, as required by the Tax Code. As shown above, Plaintiffs' records are, by their agent's admission,

unreliable and "plagued" with problems, and entitled to no presumption of accuracy or admissibility. *See* sec. III.B. and E., *supra*. As a result, without independent proof of the required notice, Plaintiffs' claims fail.

Because all of Plaintiffs' motion is barred by waiver their motion should be denied. DMLT has produced admissible evidence of each element of its claim. Alternatively, **fact issues preclude summary judgment**:

1. Whether there was an existing right, benefit, or advantage to Plaintiffs;
2. Whether the Plaintiffs had knowledge, actual or constructive, of its existence;
3. Whether there was an actual intent to relinquish the right, which can be inferred from conduct; and
4. Whether waiver should be applied to prevent fraud or inequitable consequences.

### L. Plaintiffs' Claims are Barred by Usury.

Plaintiff's errors, miscalculations, and its agents' bad faith requires a waiver of penalties and interest makes the actual calculation of interest in this matter impossible. Here, the taxing authorities have given away the Legislatively-created fines and penalties to Linebarger as alleged "attorneys fees." As such, that money now is interest within the Finance Code definition. Usurious interest means interest that exceeds the applicable maximum amount allowed by law. TEX. FIN. CODE ANN. § 301.002(a)(17). "'Interest' means compensation for the use, forbearance, or detention of money. The term does not include time price differential, regardless of how it is denominated. The term does not include compensation or other amounts that are determined or stated by this

code or other applicable law not to constitute interest or that are permitted to be contracted for, charged, or received in addition to interest in connection with an extension of credit." *Id.* at (a)(4). The usury rate in Texas is ten (10) percent a year except as otherwise provided by law. TEX. FIN. CODE ANN § 302.001.

Because all of Plaintiffs' motion is barred by usury their motion should be denied. DMLT has produced admissible evidence of each element of its claim. Alternatively, **fact issues preclude summary judgment**:

1. What was contracted for by the Plaintiff's in this matter;
2. What interest rate was actually charged given the multiple misstatements and errors in miscalculation;
3. Whether the Plaintiffs calculation of interest in this case is usurious.

### M. Plaintiffs Claimed Attorneys' Fees are Excessive, Violate Ethical Rules, and are Unlawful

The 8th Amendment to the United States Constitution prohibits the imposition of excessive fines. *Timbs v. Indiana*, 586 U.S. 146 (2019) (the Excessive Fines Clause protects against fines imposed by states and municipalities). The Constitution's "[p]rotection against excessive punitive economic sanctions" is "both 'fundamental to our scheme of ordered liberty' and 'deeply rooted in this Nation's history and tradition.'" *Tim*bs, 586 U.S. at 149-150. The Excessive Fines Clause is therefore incorporated by the Due Process Clause of the Fourteenth Amendment. *Id.*; see also *People by James v. Trump*, --- N.Y.S.3d ---- (2025) 2025 WL 241268, August 21, 2025 (A fine is excessive when it is "grossly disproportional to the gravity of the defendant's offense" citing *United States v. Bajakajian,* 524 U.S. 321 (1998)). The Eighth Amendment prohibits excessive fines, including

destroying hundreds of thousands of dollars in equity in a family home to collect taxes that were never owed in the first place. In this case there was no allegation of a violation of statute or law, but rather DMLT questioned Plaintiffs calculation of the *ad valorem* taxes leading to years of intentional delays and misrepresentations by the Defendants and ever-increasing fees and penalties. Trustee Aff. 9, 12, 18, 23, 26, 27, 35 and 36. DMLT faces property seizure, which is quasi-criminal, based on the fees and penalties imposed by Plaintiffs which are clearly excessive and violative of the 8th Amendment.

The Texas Tax Code Sections 33.07 and 33.48 both address the recovery of costs associated with collecting delinquent property taxes, specifically for attorney compensation, but they are mutually exclusive. Section 33.07 authorizes a taxing unit to impose an additional penalty solely to cover the compensation of a contract attorney hired for delinquent tax collection. The penalty amount is capped by the compensation outlined in the attorney's contract.[5] This penalty can be imposed starting July 1 for taxes that became delinquent between February 1 and May 1 of that year, provided proper

---

[5] The 2020 contract with The Linebarger Firm provides: 3.01 The CLIENT agrees to pay to the FIRM from the taxes, penalties, interest and fees collected, as compensation for the Professional Services rendered herein, the following amounts pursuant to Texas Property Tax Code, Sections 6.30, 33.07, 33.08, 33.11 and all other relevant and related code provisions:

(a) fifteen percent (15%) of the amount collected for tax year 2000 and all previous years before;

(b) twenty percent (20%) of the amount collected for the tax year 2001 and all subsequent years as approved by Dallas County Court Order No. 2002-111 (January 15, 2002).

notice was given. Section 33.48 Attorney's Fees allows a taxing unit to recover attorney's fees as part of a lawsuit filed to collect delinquent taxes. Unlike Section 33.07, Section 33.48 does not have a specific trigger date, meaning a lawsuit could potentially be filed and fees recovered earlier. The fees recovered can be up to 15% of the total amount of taxes, penalties, and interest due.

The Defendants are bound by the tax laws of the State of Texas with respect to the imposition and collection of attorney's fees and penalties associated with delinquent real property taxes. No attorney collecting taxes for the Plaintiffs shall be paid an attorney's fee that exceeds 15% -20% of the total amount of taxes, penalties, and interest due. Upon information and belief, the amounts listed on the Delinquent Property Tax Statements include penalties, interest and fees well in excess of the amounts allowed by law. Defendant The Linebarger Firm seeks to collect attorney's fees in excess of 15%-20% of the delinquent property taxes paid to the Plaintiffs as a result of Defendant The Linebarger Firm's efforts.

The Linebarger Firm does not routinely separate attorneys fees from "penalties and interest." However, for example, in the first Motion for Summary Judgment filed by The Linebarger Firm stated DMLT owed the following: in Taxes $1,091,435.17 P/I $1,906,949.54 Fees $519,613.90 Total $3,517,998.61. Fees of $519, 613.90 are far in excess of the maximum 15% allowable on a tax bill of $1,091,435.17. This would be both an excessive and an **illegal** fee of over 50%.

Another example was in the First Amended Petition which lists Total Amount of Taxes Due of $959,336.69, $1,306,998.43 of penalties and interest and $428,047.54 in fees for a grand total of $2,694,382.66. Fees of $428,047.54 are

far in excess of the maximum 15%-20% allowable on a tax bill of $959, 336.69 -- an **illegal** fee of 44.6%. Given the failure of The Linebarger Firm to respond to DMLTs offers of payment, it is clear the litigation is about collecting the **illegal** fees **not** the *ad valorem* taxes.

The monetary damages flowing from unlawful, excessive legal fees are not simply the amount of fees that are sought in excess of Texas law by The Linebarger Firm. Under Texas jurisprudence, when – as in this case – a legal fee is illegal or excessive, the attorneys who have charged the illegal or excessive fee are not entitled to *quantum meruit* but, instead, must disgorge the entire legal fee. *See Burrow v. Arce,* 997 S.W.2d 229 (1999). Under the Texas Disciplinary Rules of Professional Conduct, "A lawyer shall not enter into an arrangement for, charge, or collect an illegal fee or unconscionable fee. A fee is unconscionable if a competent lawyer could not form a reasonable belief that the fee is reasonable." CLIENT-LAWYER RELATIONSHIP, Disciplinary R. Prof. Conduct 1.04 (a) Fees. An illegal fee is clearly unconscionable as a matter of law. *Id.* The Linebarger Firm does not attempt to prove the reasonableness of its claimed attorneys' fees contrary to the requirement of *Rohrmoos v. UTSW DVA, LLP*, 578 S.W.3d 469 (Tex. 2018).

Because all of Plaintiffs' motion is barred because the claimed attorneys' fees that are excessive, unproven, violate ethical rules, and are unlawful, their motion should be denied. DMLT has produced admissible evidence of each element of its claim. Alternatively, **fact issues preclude summary judgment**:

1. Whether Plaintiffs can establish the reasonableness of attorneys' fees;
2. Whether Plaintiffs can establish a lodestar amount for calculation of attorneys' fees;

3. Whether Plaintiffs can establish adjustments to a lodestar amount;
4. Whether Plaintiffs attorneys fees violate the ethical rules;
5. Whether Plaintiffs attorneys fees are unlawful.

**N. Plaintiffs' Claims are Barred because Counsel Has a Financial Conflict Prohibited by *Tumey v. Ohio***

It is clear that The Linebarger Firm and Edward Lopez have a prosecutorial conflict. They hold a financial conflict of interest in the outcome, the duration, and likely participate in any tax collection and possible foreclosure sale in this case. Trustee Aff. at 23, 26, 32, and 36. Linebarger's actions to force payment and/or foreclosure is quasi-criminal in nature and violates DMLT's due process rights under of *Tumey v. Ohio*, 273 U.S. 510 (1927), and its progeny. Even though contested, the Plaintiff DMLT calculates the entire amount taxes owed on the property since 1974 totals approximately $1.16M. The Linebarger Firm is attempting to collect the estimated value of the property $3.8M, more than triple the tax amount. Trustee Aff. 26.

Because all of Plaintiffs' Claims are Barred by Counsel's Financial Conflict as a matter of law the motion should be denied. Alternatively, DMLT has produced admissible evidence on each element of its claim, and **fact issues preclude summary judgment**:

1. Whether Linebarger and their agents/employees hold a financial conflict of interest in the outcome, the duration, and likely participation in any tax collection and possible foreclosure sale in this case.

2. Whether Plaintiffs' and their agent's actions to force payment and possible foreclosure is quasi-criminal in nature and violates Defendant's due process rights under the principles of *Tumey v. Ohio*, 273 U.S. 510 (1927), and its progeny.

### O. Plaintiffs' Claims are Barred by Their Violations of 42 U.S.C. § 1983 and Infringement of DMLT's Right to Due Process

The Linebarger Firm, its agents and employees, and the Dallas County Tax Assessor Collector John Ames acted under color of state law. Their acts deprived DMLT of its rights under the United States Constitution. They acted pursuant to contracts officially adopted by the Plaintiff taxing authorities and widespread and longstanding practices of the taxing authorities. Trustee Aff. 32, 34 and 38. The taxing authorities' failure to adopt clear policies and failure to properly train and supervise The Linebarger Firm, Edward Lopez, its agents and employees and Ames was a direct and proximate cause of the constitutional deprivations suffered by Plaintiff. *Id.* Taxing Authorities use of the "Tax Court" as outlined above, with no jurisdictional basis, further violates DMLTs Due Process rights. In the "Tax Court," with only Linebarger as the "prosecutor," citizens face property seizure, which is quasi-criminal, without the 6th Amendment right to counsel nor the 7th Amendment right to a jury trial. *See*, *Securities and Exchange Commission v. Jarkesy*, 603 U.S. 109 (2024). Citizens also face extreme discovery abuses. Trustee Aff. 33. In addition, Linebarger's vested financial interest in all the cases' outcomes compounds the violation and tramples the rule of *Tumey v. Ohio* and its progeny. Finally, Plaintiffs use of the revival statute, Tex. Civ. Prac. & Rev. Code § 16.061, and revival of dormant Judgments that are more than 30 years old, shocks the conscience and renders that statute

unconstitutional as applied in this case. The Plaintiff taxing authorities renewed the contract with The Linebarger Firm to collect *ad valorem* taxes despite the audit reports outlined herein and apparent criminal violations of the Local Government code. The taxing authorities longstanding practice caused the DMLT deprivation of rights and was the moving force that caused the ultimate injury. Plaintiffs unlawfully deprived Defendant of its property, by controlling the property in a manner that meaningfully interfered with the Defendants right to possess the property, without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States. Trustee Aff. at 27 and 32. Plaintiffs acted pursuant to a policy or custom of depriving Defendants of property without court order and without providing an opportunity for the plaintiff to be heard. The taxing authorities, Linebarger, and its employees and agents, and Ames engaged in the improper, perverted use of judicial process, and had an ulterior motive or improper purpose.

Because all of Plaintiffs' Claims are barred by their violations of 42 U.S.C. § 1983 and Infringement of DMLT's Right to Due Process, as a matter of law, their motion should be denied. Alternatively, **fact issues preclude summary judgment**:

1. Whether Plaintiffs, Linebarger and their agents/employees acted under color of law.
2. Whether Plaintiffs, Linebarger and their agents/employees violated DMLT's right to due process.

### P. Plaintiffs' Claims are Barred by Their Violations of 42 U.S.C. § 1983 and Infringement of DMLT's Fourth Amendment Rights

Under the Fourth Amendment, a person has the right to be free from an

unreasonable seizure of the person's property. The taxing authorities, Linebarger and its agents and employees and Ames deprived Defendant of its Fourth Amendment right, by seizing the Defendants property, by controlling the property in a manner that meaningfully interfered with the Trusts right to possess the property. In seizing the Defendants property, the Plaintiffs acted intentionally and unreasonably and were acting under color of state law. The taxing authorities, Linebarger, and Ames made an unreasonable and warrantless seizure of DMLTs' property in violation of the Fourth Amendment to the Constitution of the United States as incorporated and applied to the states by way of the Fourteenth Amendment to the Constitution of the United States.

The taxing authorities, Linebarger and Ames acted pursuant to a policy or custom of depriving debtors of property without court order and without providing an opportunity for the debtor to be heard. taxing authorities failed to adopt clear policies and failed to properly train and supervise The Linebarger Firm. *See, e.g., Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978)***.** A failure to train or supervise employees shows a deliberate indifference to the rights of the public where the lack of training makes a violation highly likely. In a recent admission, Edward Lopez responded to the Plaintiff's request for discovery, "As far as a representative from the City of Dallas, there's really no one at City Hall that is involved in the assessment/collection of taxes. That responsibility was contracted away to the County of Dallas when the City closed its tax office 20+ years ago. There is an interlocal agreement that grants the Dallas County\ Tax Assessor complete day to day over all tax collection functions. That interlocal

agreement is public record. I don't have a copy nor have I seen it in a few years, but I know it exists." Trustee Aff. at 34.

The taxing authorities' policy or custom, and their failure to adopt clear policies, and failure to properly train and supervise their agents and employees, was a direct and proximate cause of the constitutional deprivations suffered by DMLT. The taxing authorities, Linebarger and its employees and agents and Ames engaged in the improper, perverted use of judicial process and had an ulterior motive or improper purpose.

Because all of Plaintiffs' Claims are Barred by their violations of 42 U.S.C. § 1983 and Infringement of DMLT's Fourth Amendment Rights their motion should be denied. Alternatively, DMLT has produced admissible evidence on each element of its claim. Trustee Aff. 32 and 33.

### Q. Plaintiffs' Claims are Barred by Their Agent's Violation of the Fair Debt Collection Act 15 U.S.C. § 1692 et seq.

The Linebarger Firm is a "debt collector" under the Fair Debt Collection Practices Act (FDCPA) because it uses the mails in its business, the principal purpose of which is the collection of debt, and because it regularly collects or attempts to collect, directly or indirectly, debt owed or due another. 15 U.S.C. § 1692a (6). The FDCPA prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specifically, the Act bars debt collectors from falsely representing the character, amount, or legal status of any debt. *Id* at § 1692e(2)(A).

The Linebarger Firm, Edward Lopez, and its agents and employees repeatedly misrepresented the character, extent, or amount of a consumer debt in a judicial proceeding in violation of the Fair Debt Collection Practices Act; The

term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. 15 U.S. Code § 1692a(5). The Linebarger Firm asserts that *ad valorem* taxes are not consumer debt. DMLT asserts that attorney's fees, penalties and interest are consumer debt. *See,* http://www.jtexconsumerlaw.com/v9n3pdf/v9n3collection.pdf. Defendants The Linebarger Firm, its agents and employees made false and misleading representations to DMLT (a consumer) to excessively delay the proceedings in an attempt to increase the penalties and fees and its behavior harmed DMLT. Trustee Aff. 35, 36, 38, and 40.

Because all of Plaintiffs' Claims are Barred by Their Agent's Violation of the Fair Debt Collection Act 15 U.S.C. § 1692 et seq. their motion should be denied. Alternatively, DMLT has produced admissible evidence on each element of its claim.

**R. Plaintiffs' Claims are Barred by Their Agent's Violation of the Texas Fair Debt Collection Act, Texas Finance Code § 392.304**

The Texas Fair Debt Collection Act prohibits a debt collector from using any false, deceptive, or misleading representations or means to collect a debt. Defendants Linebarger repeatedly misrepresented the character, extent, or amount of a consumer debt in a judicial proceeding in violation of sec. 392.304.(8). They made false and misleading representations to DMLT to excessively delay the proceedings in an attempt to increase the penalties and fees allegedly owed by the DMLT. This behavior harmed the DMLT. Trustee Aff. 35, 38, 40. Because all of

Plaintiffs' Claims are barred by their agent's violation of the Texas Fair Debt Collection Act, Texas Finance Code § 392.304, their motion should be denied and DMLT has produced admissible evidence of each element of its claim.

### S. Plaintiffs' Claims are Barred by Their Violations of Texas Tax Code Sections 33.07 and 33.48 and the Homestead Provisions of the Texas Constitution

On January 26, 1839, the Republic of Texas' Congress passed a homestead act. It guaranteed every citizen or household that their homestead—up to fifty acres or a town lot, as well as the structures—could not be seized to pay debts.[6] The property owned by DMLT is a registered homestead. Trustee Aff. 35. It is the Trustee's family home.

https://statutes.capitol.texas.gov/?tab=1&code=PR&chapter=PR.41&artSec=

Despite numerous offers by DMLT to pay the taxes on the property, the Linebarger Firm has refused to acknowledge its errors in the amount of taxes claimed, has acted in bad faith, and has insisted on seizing DMLTs homestead to collect its penalties, interest and legal fees, all in violation of the Texas Constitution.

By its plain terms, Section 33.48 permits a municipal taxing unit to recover costs and expenses in a suit to collect a delinquent tax. That Section further provides (a) [i]n addition to other costs authorized by law, a taxing unit is entitled to recover the following costs and expenses in a suit to collect a delinquent tax; (5)

---

[6] DMLT assert that the unreasonable attorney's fees in this case are alleged "debts" not ad valorem taxes. As noted above, although contested, Plaintiff DMLT calculates the entire amount taxes owed on the property since 1974 totals approximately $1.16M. The Linebarger Firm is attempting to collect the estimated value of the property $3.8M, more than triple the tax amount.

attorney's fees in the amount of 15 percent of the total amount of taxes, penalties, and interest due. Section 33.07 provides a) A taxing unit or appraisal district may provide, in the manner required by law for official action by the body, that taxes that become delinquent on or after February 1 of a year but not later than May 1 of that year and that remain delinquent on July 1 of the year in which they become delinquent incur an additional penalty to defray costs of collection, if the unit or district or another unit that collects taxes for the unit has contracted with an attorney pursuant to Section 6.30. The amount of the penalty may not exceed the amount of the compensation specified in the contract with the attorney to be paid in connection with the collection of the delinquent taxes. The Dallas County contract lists a maximum fee of 20%.

Linebarger and its employees and agents attempt to, and do, extort unlawful attorney's fees to ensure that The Linebarger Firm will stop the delinquent tax lawsuits, will not request entry of a default judgment against DMLT and will remove their respective properties from the delinquent tax lawsuits (and any tax liens associated therewith) that are pending in Court. As such, DMLT sought by purchase or other disposition, *inter alia*, the services of The Linebarger Firm and/or the intangible right to acquire tax lien-free properties with respect to the tax years paid by them.

Linebarger's conduct was a regular and intended business practice, instituted and implemented with a view towards unfairly and/or deceptively profiting at the expense of DMLT. Plaintiff and its agents fraudulently concealed DMLT's causes of action, including their claims. As a result, the five (5) year statute of repose and the common law claims asserted were all tolled. As a result of the

above-described acts or practices, all of which affect the conduct of trade and commerce in Texas, the Plaintiffs have violated Texas law and DMLT has thereby suffered ascertainable losses. Trustee Aff. 27, 30, and 35. As a result of the Plaintiffs violations, Plaintiffs are liable to DMLT for all actual damages. And DMLT's reasonable attorneys' fees and costs. DMLT has produced admissible evidence of each element of its claim.

Respectfully submitted,

/s/ Joan E. Marshall
Joan E Marshall
Joan E. Marshall PLLC
Texas Bar No. 13028480
4347 N.W. Hwy, Suite 130, 220
Dallas, Texas 75220
(214) 536-1169
pachos@sbcglobal.net

Stephen G. Gleboff PLLC
Stephen G. Gleboff
Texas Bar No. 08024500
8600 Thackery, No. 143
Dallas, TX 75225
214.802.5869
gleboffs@gmail.com
ATTORNEYS FOR DOROTHY MARSHALL LIVING TRUST

**CERTIFICATE OF SERVICE**

This is to certify that on April 1, 2026, a true and correct copy of the foregoing document was served electronically upon:

Edward Lopez, Jr.
Linebarger, Goggan, Blair &
Sampson, LLP 2777 N. Stemmons

# EXHIBIT G

**SUIT NO. TX-86-30635(T-G)**

| | | |
|---|---|---|
| **COUNTY OF DALLAS, ET AL** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **134TH JUDICIAL DISTRICT** |
| | § | |
| **FRANK W MARSHALL, ET AL** | § | **DALLAS COUNTY, TEXAS** |

**ORDER GRANTING**
**PLAINTIFFS' APPLICATION OF WRIT OF SCIRE FACIAS**

Came on to be heard the Application for Writ of Scire Facias filed by the Plaintiffs, to wit: County of Dallas, the City of Dallas, and the Dallas Independent School District.

The Court heard and considered the Application, and, having found that the judgment debtor and current owner of the subject property, has been given due and lawful notice of said Application and the hearing on same, is of the opinion that such Judgment awarded by the trial court in this matter is not dormant as a matter of law;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED and DECREED that the Judgment signed on the 17th day of August 1989 is valid and enforceable, and to the extent necessary, hereby REVIVED for all purposes.

Further, Plaintiffs shall be entitled to apply for and seek all writs and processes as may be necessary for the enforcement and collection of the Judgment and the District Clerk of Dallas County, Texas shall issue same.

1/16/2026 12:55:35 PM

SIGNED this the ______ day of 1/16/2026, 2026.

JUDGE PRESIDING

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Millie Daugherty on behalf of Edward Lopez, Jr.
Bar No. 12563520
millie.daugherty@lgbs.com
Envelope ID: 110018035
Filing Code Description: Proposed Order/Judgment
Filing Description: PROPOSED ORDER GRANTING PLAINTIFFS' APPLICATION OF WRIT OF SCIRE FACIAS
Status as of 1/14/2026 8:29 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| EDward Lopez | | dallas.litigation@lgbs.com | 1/13/2026 7:17:36 PM | SENT |
| Stephen Gleboff | | gleboffs@gmail.com | 1/13/2026 7:17:36 PM | SENT |
| JOAN MARSHALL | | pachos@sbcglobal.net | 1/13/2026 7:17:36 PM | SENT |

# EXHIBIT H

SUIT NO. TX-94-30164(T-D)

| | | |
|---|---|---|
| **COUNTY OF DALLAS, ET AL** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **95TH JUDICIAL DISTRICT** |
| | § | |
| **FRANK W MARSHALL, ET AL** | § | **DALLAS COUNTY, TEXAS** |

**ORDER GRANTING**
**PLAINTIFFS' APPLICATION OF WRIT OF SCIRE FACIAS**

Came on to be heard the Application for Writ of Scire Facias filed by the Plaintiffs, to wit: County of Dallas, the Dallas County Community College District, the Parkland Hospital District, Dallas County School Equalization Fund, the City of Dallas, the Dallas Independent School District, and the Dallas Education District.

The Court heard and considered the Application, and, having found that the judgment debtor and current owner of the subject property, has been given due and lawful notice of said Application and the hearing on same, is of the opinion that such Judgment awarded by the trial court in this matter is not dormant as a matter of law;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED and DECREED that the Judgment signed on the 4th day of November 1994, is valid and enforceable, and to the extent necessary, hereby REVIVED for all purposes.

Further, Plaintiffs shall be entitled to apply for and seek all writs and processes as may be necessary for the enforcement and collection of the Judgment and the District Clerk of Dallas County, Texas shall issue same.

1/16/2026 1:03:12 PM

SIGNED this the ______ day of 1/16/2026, 2026.

JUDGE PRESIDING

Order – Application for Writ of Scire Facias
Suit No. TX-94-30164(T-D)/ mld

Account No. 00000420976000000

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Millie Daugherty on behalf of Edward Lopez, Jr.
Bar No. 12563520
millie.daugherty@lgbs.com
Envelope ID: 110019157
Filing Code Description: Proposed Order/Judgment
Filing Description: ORDER GRANTING PLAINTIFF'S APPLICATION OF WRIT OF SCIRE FACIAS
Status as of 1/14/2026 8:15 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Edward Lopez | | dallas.litigation@lgbs.com | 1/13/2026 8:57:46 PM | SENT |
| Stephen Gleboff | | gleboffs@gmail.com | 1/13/2026 8:57:46 PM | SENT |
| JOAN MARSHALL | | pachos@sbcglobal.net | 1/13/2026 8:57:46 PM | SENT |

# EXHIBIT I

FILED
1/23/2026 11:15 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Shelia Bradley DEPUTY

Cause No. TX 86-30635

| | | |
|---|---|---|
| DALLAS CO. et al | § | IN THE 134th DISTRICT COURT |
| | § | |
| v. | § | |
| | § | |
| | § | |
| | § | DALLAS COUNTY TEXAS |
| DOROTHY MARSHALL LIVING TRUST | § | |
| | § | |

# NOTICE OF APPEAL

**NOTICE IS GIVEN** that Dorothy Marshall Living Trust ("DMLT") hereby Appeals the judgment entered on January 16, 2026, by the Honorable Robert Burns in the above-captioned action. Pursuant to Tex. R. App. P 25.1, DMLT provides the following information;

1) The trial court was as stated above, TX-86-30635, 134th Judicial District Court, Dallas Co. et al. v. Dorothy Marshall Living Trust;
2) January 16, 2026;
3) DMLT desires to appeal;
4) The appeal will be taken to the 5th Court of Appeals in Dallas;
5) The Dorothy Marshall Living Trust files this Notice.

Respectfully submitted,

/s/ Joan E. Marshall
Joan E Marshall
Joan E. Marshall PLLC
Texas Bar No. 13028480
4347 N.W. Hwy, Suite 130, 220
Dallas, Texas 75220
(214) 536-1169
pachos@sbcglobal.net

Stephen G. Gleboff PLLC
Stephen G. Gleboff
Texas Bar No. 08024500
8600 Thackery, No. 143
Dallas, TX 75225
214.802.5869
gleboffs@gmail.com

ATTORNEYS FOR
DOROTHY MARSHALL LIVING TRUST

**CERTIFICATE OF SERVICE**

This is to certify that on January 23, 2026, a true and correct copy of the foregoing document was served electronically upon:

Edward Lopez, Jr.
Linebarger, Googan, Blair & Sampson,
LLP 2777 N. Stemmons Freeway Suite
1000
Dallas, TX 75207
EdwardL@lgbs.com

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

JOAN MARSHALL on behalf of JOAN MARSHALL
Bar No. 13028480
pachos@sbcglobal.net
Envelope ID: 110403191
Filing Code Description: Notice Of Appeal - CT. Of Appeals
Filing Description: DEFENDANT-DESIGNATION REQUESTED AT TIME OF ACCEPTANCE BY 12PM 1/26/2026
Status as of 1/26/2026 7:19 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| EDward Lopez | | dallas.litigation@lgbs.com | 1/23/2026 11:15:10 AM | SENT |
| Stephen Gleboff | | gleboffs@gmail.com | 1/23/2026 11:15:10 AM | SENT |
| JOAN MARSHALL | | pachos@sbcglobal.net | 1/23/2026 11:15:10 AM | SENT |
| ANDREA NATION | | nationanation@aol.com | 1/23/2026 11:15:10 AM | SENT |

# EXHIBIT J

FILED
1/23/2026 11:18 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Shelia Bradley DEPUTY

Cause No. TX 94-30164

| | | |
|---|---|---|
| DALLAS CO. et al | § | IN THE 95th DISTRICT COURT |
| | § | |
| v. | § | |
| | § | |
| | § | DALLAS COUNTY TEXAS |
| DOROTHY MARSHALL LIVING TRUST | § | |
| | § | |

**NOTICE OF APPEAL**

**NOTICE IS GIVEN** that Dorothy Marshall Living Trust ("DMLT") hereby Appeals the judgment entered on January 16, 2026, by the Honorable Robert Burns in the above-captioned action. Pursuant to Tex. R. App. P 25.1, DMLT provides the following information;

1) The trial court was as stated above, TX-94-30164, 95th Judicial District Court, Dallas Co. et al. v. Dorothy Marshall Living Trust;
2) January 16, 2026;
3) DMLT desires to appeal;
4) The appeal will be taken to the 5th Court of Appeals in Dallas;
5) The Dorothy Marshall Living Trust files this Notice.

Respectfully submitted,

/s/ Joan E. Marshall

Joan E Marshall
Joan E. Marshall PLLC
Texas Bar No. 13028480
4347 N.W. Hwy, Suite 130, 220
Dallas, Texas 75220
(214) 536-1169
pachos@sbcglobal.net

Stephen G. Gleboff PLLC
Stephen G. Gleboff
Texas Bar No. 08024500
8600 Thackery, No. 143
Dallas, TX 75225
214.802.5869
gleboffs@gmail.com

ATTORNEYS FOR
DOROTHY MARSHALL LIVING TRUST

**CERTIFICATE OF SERVICE**

This is to certify that on January 23, 2026, a true and correct copy of the foregoing document was served electronically upon:

Edward Lopez, Jr.
Linebarger, Googan, Blair & Sampson,
LLP 2777 N. Stemmons Freeway Suite
1000
Dallas, TX 75207
EdwardL@lgbs.com

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

JOAN MARSHALL on behalf of JOAN MARSHALL
Bar No. 13028480
pachos@sbcglobal.net
Envelope ID: 110403443
Filing Code Description: Notice Of Appeal - CT. Of Appeals
Filing Description: DEFENDANT-DESIGNATION REQUESTED AT TIME OF ACCEPTANCE BY 12PM 1/26/2026
Status as of 1/26/2026 7:22 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Edward Lopez | | dallas.litigation@lgbs.com | 1/23/2026 11:18:01 AM | SENT |
| Stephen Gleboff | | gleboffs@gmail.com | 1/23/2026 11:18:01 AM | SENT |
| JOAN MARSHALL | | pachos@sbcglobal.net | 1/23/2026 11:18:01 AM | SENT |

# EXHIBIT K

# 26-1019, IN RE DOROTHY MARSHALL LIVING TRUST

TX Supreme - Austin

Texas Supreme Court

**This case was retrieved on 09/29/2026**

## Header

**Case Number:** 26-1019
**Date Filed:** 09/09/2026
**Date Full Case Retrieved:** 09/29/2026
**Status:** Unknown
**Misc:** (10) Petition for Writ of Mandamus; Civil

## Details

**Case Type**: Civil

## Participants

| Litigants | Attorneys |
| --- | --- |
| Fifth Court of Appeals<br>**Respondent** | Respondent |
| City of Dallas, Parkland Hospital District<br>**Real Party in Interest** | Mr. Ethan Ranis<br>Real Party in Interest<br><br>Ms. Ashly Steele<br>Real Party in Interest<br><br>Mr. Edward Lopez Jr.<br>Real Party in Interest<br><br>Mr. Manuel H. Newburger<br>Real Party in Interest |
| Dallas County<br>**Real Party in Interest** | Mr. Edward Lopez Jr.<br>Real Party in Interest<br><br>Mr. Manuel H. Newburger<br>Real Party in Interest<br><br>Mr. Ethan Ranis<br>Real Party in Interest<br><br>Ms. Ashly Steele<br>Real Party in Interest |
| Dallas County Community College District<br>**Real Party in Interest** | Mr. Edward Lopez Jr.<br>Real Party in Interest<br><br>Mr. Manuel H. Newburger<br>Real Party in Interest<br><br>Mr. Ethan Ranis<br>Real Party in Interest |

| Litigants | Attorneys |
|---|---|
| | Ms. Ashly Steele<br>Real Party in Interest |
| Dallas County School Equalization Fund<br>**Real Party in Interest** | Ms. Ashly Steele<br>Real Party in Interest<br><br>Mr. Ethan Ranis<br>Real Party in Interest<br><br>Mr. Manuel H. Newburger<br>Real Party in Interest<br><br>Mr. Edward Lopez Jr.<br>Real Party in Interest |
| Dallas County State of Texas<br>**Real Party in Interest** | Ms. Ashly Steele<br>Real Party in Interest<br><br>Mr. Ethan Ranis<br>Real Party in Interest<br><br>Mr. Edward Lopez Jr.<br>Real Party in Interest<br><br>Mr. Manuel H. Newburger<br>Real Party in Interest |
| Dallas Independent School District<br>**Real Party in Interest** | Ms. Ashly Steele<br>Real Party in Interest<br><br>Mr. Ethan Ranis<br>Real Party in Interest<br><br>Mr. Manuel H. Newburger<br>Real Party in Interest<br><br>Mr. Edward Lopez Jr.<br>Real Party in Interest |
| Dorothy Marshall Living Trust<br>**Relator** | Mr. Stephen Gleboff<br>Relator<br><br>Joan Marshall<br>Relator |
| Linebarger, Goggan, Blair & Sampson, LLP<br>**Real Party in Interest** | Ms. Ashly Steele<br>Real Party in Interest<br><br>Mr. Ethan Ranis<br>Real Party in Interest<br><br>Mr. Edward Lopez Jr.<br>Real Party in Interest<br><br>Mr. Manuel H. Newburger<br>Real Party in Interest |

## Calendar

| Date | Description | Reason | Remarks |
|---|---|---|---|
| 09/15/2026 | Work-Up by Staff / Review by Justices | Under Review | |

## Lower Court Information

| | |
|---|---|
| Appeal Court Case Number: | 05-26-00860-CV |
| Appeal Court Disposition: | Denied |
| Appeal Court Cite: | ___ SW3d ___, 07-15-26 |
| Appeal Court Name: | 5th Court of Appeals |
| Appeal Court Judge: | Honorable Cynthia Barbare |
| Trial Court Name: | 192nd District Court |
| Trial Court County: | Dallas |
| Trial Court Case Number: | TX 22-01916 |
| Trial Court Judge: | Honorable Maria Aceves |

## Appellate Briefs

| Date | Event Type | Description | Remarks |
|---|---|---|---|
| 09/08/2026 | Petition for Writ of Mandamus filed | Relator | Petition for Writ of Mandamus filed on behalf of Dorothy Marshall Living Trust. |
| 09/09/2026 | Appendix Filed | Relator | Appendix filed on behalf of Dorothy Marshall Living Trust. |

## Proceedings

| Date | # | Proceeding Text | Details |
|---|---|---|---|
| 09/08/2026 | | Petition for Writ of Mandamus filed | Description<br>[ PDF/32.78 MB ]<br>Remarks<br>Petition for Writ of Mandamus filed on behalf of Dorothy Marshall Living Trust. |
| 09/08/2026 | | Petition for Writ of Mandamus filed | Description<br>[ PDF/40 KB ]<br>Remarks<br>Petition for Writ of Mandamus filed on behalf of Dorothy Marshall Living Trust. |
| 09/09/2026 | | Appendix Filed | Description<br>[ PDF/17.28 MB ]<br>Remarks<br>Appendix filed on behalf of Dorothy Marshall Living Trust. |
| 09/09/2026 | | Appendix Filed | Description<br>[ PDF/18.97 MB ]<br>Remarks<br>Appendix filed on behalf of Dorothy Marshall Living Trust. |
| 09/15/2026 | | Case forwarded to Court | |

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

End of Document

# EXHIBIT L

**Order entered May 5, 2025**

In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-25-00363-CV**

**IN RE DOROTHY MARSHALL LIVING TRUST, Relator**

**Original Proceeding from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. TX-22-01916**

**ORDER**
Before Justices Garcia, Clinton, and Rossini

On our own motion, we withdraw our opinion and vacate our order of April 10, 2025, and issue this new memorandum opinion and order in their stead. This is now the order of the Court.

Based on the Court's opinion of today's date, we **DENY** relator's petition for writ of mandamus.

/s/ DENNISE GARCIA
JUSTICE

# EXHIBIT M

**Order entered June 25, 2025**

**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

---

**No. 05-25-00363-CV**

---

**IN RE DOROTHY MARSHALL LIVING TRUST, Relator**

---

**Original Proceeding from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. TX-22-01916**

---

**ORDER**
**Before the Court En Banc**[1]

Before the Court is relator's May 29, 2025 motion for en banc reconsideration. Relator's motion is **DENIED**.

/s/ J.J. KOCH
CHIEF JUSTICE

Miskel and Lewis, J.J., dissenting without opinion.

---

[1] Smith, J., not participating.

# EXHIBIT N

**NO. TX 22-01916**

| | | |
|---|---|---|
| **DALLAS, CO. et al.,** <br> **Plaintiffs** | § <br> § <br> § | **IN THE DISTRICT COURT** |
| **vs.** | § <br> § | |
| **DOROTHY MARSHALL LIVING TRUST,** <br> **Defendant** | § <br> § <br> § <br> § | **192ND JUDICIAL DISTRICT** |
| **vs.** | § <br> § | |
| **LINEBARGER GOGGAN BLAIR & SAMPSON LLP, *et al.*** <br> **Third-Party Defendants** | § <br> § <br> § | **DALLAS COUNTY, TEXAS** |

**ORDER GRANTING THIRD-PARTY DEFENDANT'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT**

On the 29th day of May, 2026 the Court conducted a hearing on Third-Party Defendant Linebarger Goggan Blair & Sampson LLP's ("LGBS") Traditional Motion for Summary Judgment. The parties appeared through their respective attorneys of record. Having considered the motion and the arguments of counsel thereon, the Court makes the following findings:

1. The motion and notice of setting for the hearing were both filed and served on April 20, 2026, which makes the hearing timely under Tex. R. Civ. P. 166a(g).

2. Third-Party Plaintiff Dorothy Marshall Living Trust ("the Trust") filed no written response of any kind to the motion.

3. During the hearing counsel for the Trust argued that the abatement applicable to Plaintiff's tax suit under Tex. Tax Code § 33.06(c) also applies to the Trust's third-party claims and to LGBS' motion. That argument was not raised prior to the hearing in any document responsive to LGBS' motion.

4. LGBS argued that the abatement under Tex. Tax Code § 33.06(c) refers to abatement of "a pending suit", but that section is clarified by Tex. Tax Code § 33.06(a), which states: "(a) An individual is entitled to defer collection of a tax, abate **a suit to collect a delinquent tax**, or abate a sale to foreclose a tax lien if: . . ." (emphasis added). LGBS' counsel also cited the court to *Richardson v. Foster & Sear, L.L.P.*, 257 S.W.3d 782 (Tex. App.—Fort Worth 2008, no pet.) which held that abatement of the "suit" under Tex. Bus. & Com. Code 17.595 (the DTPA's abatement provision) abates only the DTPA claims and not the suit as a whole.

5. The Trust cited the Court to *In re Kimball Hill Homes Tex.*, 969 S.W.2d 522 (Tex. App. 1998, no pet.). That case interpreted the abatement position of the RCLA to apply to the entirety of a suit ad not just one type of claim.

6. The Court finds that the *Kimball Hill Homes* decision is not applicable, as the RCLA requires that a "court or arbitration tribunal shall abate an **action governed by this chapter** . . ." Tex. Prop. Code § 27.004(d) (emphasis added). Unlike the Tax Code, the RCLA does not provide a specific cause of action. Instead, it provides limitations and restrictions on "any action to recover damages or other relief arising from a construction defect" regardless of the

theory of recovery employed by the plaintiff. Tex. Prop. Code § 27.002(a). The Court holds that abatement under Tex. Tax Code § 33.06 is more akin to abatement under Tex. Bus. & Com. Code 17.595 and that *Richardson* is the appropriate authority to be applied. Thus, the abatement in this case does not apply to the Trust's third-party claims, as they are not asserted under the Tax Code.

7. Having concluded that the abatement of Plaintiff's claims does not affect either the Third-Party claims or LGBS' motion, the Court finds that the Motion for Summary Judgment should be granted in its entirety.

**IT IS THEREFORE ORDERED** that Third-Party Defendant Linebarger Googan Blair & Sampson LLP's Traditional Motion for Summary Judgment is hereby granted, and that Third-Party Plaintiff Dorothy Marshall Living Trust shall take nothing on its third-party claims against LGBS.

LGBS is directed to secure a setting on its pending Motion for Sanctions so that the Court may dispose of all issues relating to the third-party claims.

Signed this 3rd day of June, 2026.

JUDGE PRESIDING
Robert Burns Senior Justice sitting by assignment

# EXHIBIT O

**Denied and Opinion Filed July 15, 2026**

**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-26-00860-CV**

**IN RE DOROTHY MARSHALL LIVING TRUST, Relator**

**Original Proceeding from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. TX 22-01916**

## MEMORANDUM OPINION

Before Justices Garcia, Kennedy, and Barbare
Opinion by Justice Barbare

In this original proceeding, relator asks the Court to compel respondent to vacate a June 3, 2026 Order Granting Third-Party Defendant's Traditional Motion for Summary Judgment and to abate all proceedings in the trial court. Entitlement to mandamus relief requires relator to show that respondent clearly abused his discretion and that relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). After reviewing relator's petition and the record before us, we conclude that relator has failed to demonstrate entitlement to mandamus relief.

Accordingly, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

We also deny relator's Motion to Strike False and Scandalous Matter, and we deny as moot relator's Emergency Motion to Stay Trial Court Proceedings Pending Writ of Mandamus.

/Cynthia Barbare/
CYNTHIA BARBARE
JUSTICE

# EXHIBIT P

**NO. TX 22-01916**

| | | |
|---|---|---|
| **DALLAS, CO. et al.,** | § | **IN THE DISTRICT COURT** |
| **Plaintiffs** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **DOROTHY MARSHALL LIVING** | § | |
| **TRUST,** | § | |
| **Defendant** | § | **192ND JUDICIAL DISTRICT** |
| | § | |
| **vs.** | § | |
| | § | |
| **LINEBARGER GOGGAN BLAIR &** | § | |
| **SAMPSON, LLP *et al.*** | § | |
| **Third-Party Defendants** | § | **DALLAS COUNTY, TEXAS** |

**ORDER GRANTING THIRD-PARTY DEFENDANT'S MOTION TO SEVER AND MOTION FOR SANCTIONS AGAINST THIRD-PARTY PLAINTIFF'S ATTORNEYS STEPHEN G. GLEBOFF AND JOAN E. MARSHALL**

On the 16th day of July, 2026 came on to be heard the motions of Third-Party Defendant Linebarger Goggan Blair & Sampson, LLP ("LGBS") to sever the third-party claims against it and for sanctions against Respondents Stephen G. Gleboff and Joan E. Marshall. Movant appeared through its attorney of record. Respondents Gleboff and Marshall:

____ failed to appear.

__x_ appeared in person and pro se.

__x_ appeared through counsel.

As a preliminary matter the Court notes that Respondents have asserted that this case is abated pursuant to Tex. Tax Code § 33.06. The Court finds that position to be meritless because: (a) the third-party action that is the subject of

the pending motion is not a "suit to collect a delinquent tax"; and (b) Third-Party Plaintiff is not an "individual", and it has no standing to invoke the abatement process of Section 33.06.

Having considered the evidence and the arguments of counsel thereon, the Court finds that LGBS' Motion to Sever s meritorious, and it is hereby granted.

Having considered the evidence and the arguments of counsel thereon, the Court finds that LGBS' Motion to Sever s meritorious and should be granted. Because this order imposes sanctions against Third-Party Plaintiff's attorneys, the Court makes the following specific findings:

1. Respondents filed both an original and a First Amended Third-Party Petition against LGBS.

2. In the First Amended Third-Party Petition Respondents asserted claims against LGBS under the Fair Debt Collection Practices Act (15 U.S.C. §1692, *et seq.*), the Texas Debt Collection Act (Tex. Fin. Code § 392.001, *et seq.*), and 42 U.S.C. § 1983.

3. The Court has granted summary judgment in favor of LGBS on all of the third-party claims.

4. While Respondents argue that the court did not grant summary judgment as to Count V, that assertion is meritless. Count V did not state a separate cause of action, as the statutory and Constitutional provisions referenced therein do not confer any right to sue upon Third Party Plaintiff, and the prayer for relief requested relief only under the FDCPA, the TDCA, and section 1983. The only plausible reading of Count V is that it was asserted under

the TDCA or Section 1983, and it was therefore disposed of by the summary judgment in favor of LGBS.

5. The FDCPA defines a "consumer" as: "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

6. There was no basis in fact or law for Respondents to assert that Third-Party Plaintiff (which is a trust) is a natural person.

7. Additionally, the FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). The *ad valorem* tax obligations that are at issue are not consumer debts, as they do not arise as a result of a "transaction." Tax obligations are owed as a part of the common welfare of the public, and they are not consumer debts. *See, e.g., Staub v. Harris*, 626 F.2d 275 (3d Cir. 1980); *Beggs v. Rossi*, 145 F.3d 511, 512 (2d Cir. 1998); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 400-02 (3d Cir. 2000); *Carley v. Tomball Indep. Sch. Dist.*, No. H-18-2521, 2018 U.S. Dist. LEXIS 199703, at *8 (S.D. Tex. Nov. 26, 2018) ("Efforts to collect a delinquent *ad valorem* tax are not covered by the Fair Debt Collection Act.") (citing *Pollice* and *Beggs*).

8. There was no basis in fact or law for Respondents to assert that the *ad valorem* tax obligations that are at issue in this case are consumer debts as defined in the FDCPA.

9. The original Third-Party Petition was never formally served with citation upon LGBS, and the filing of that pleading did not toll the statute of limitations as Respondents exercised no diligence whatsoever in attempting to effect service.

10. The collection activity at issue in the First Amended Third-Party Petition began in 2022 (or earlier), years before the filing of the First Amended Third-Party Petition.

11. Claims under the FDCPA are subject to a one-year statute of limitations. 15 U.S.C. § 1692k(d). Furthermore, the Supreme Court has rejected application of a discovery rule to FDCPA cases. *Rotkiske v. Klemm*, 589 U.S. 8 (2019). Therefore, the First Amended Third-Party Petition was filed well past the applicable statute of limitations, and the FDCPA claims that it asserted were time-barred.

12. The Texas Debt Collection Act defines a "consumer" as "an individual who has a consumer debt." TEX. FIN. CODE § 392.001(1). A trust is not an "individual."

13. There was no basis in fact or law for Respondents to assert that Third-Party Plaintiff was a consumer under the TDCA.

14. Under the TDCA, a "consumer debt" is "an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction." TEX. FIN. CODE § 392.001(2). The Finance Code recognizes that an "individual" is a "natural person." TEX. FIN. CODE § 180.002(9). Furthermore, the Texas Supreme Court has said:

> A corporation is a legal fiction - a creature of the law. It accepts its charter and corporate franchises with a tacit agreement or understanding that it will exercise the powers granted to it by the state, and none other, and that if it missuses those powers, or usurps powers not so granted, it will surrender or forfeit its charter, with all corporate franchises. That the state has the power to enforce this agreement, or law of forfeiture, is not questioned by respondents; but they insist that it is a different and greater punishment than is imposed upon an individual for the commission of the same offense. In answer to that, it may be said that an individual is a natural person, created by his Maker, and not by law, and therefore has no franchises to exercise or to forfeit; consequently the same punishment, if you so term it, could not, in the very nature of things, be measured out to the individual which should be measured unto a corporation.

*Sid Westheimer Co. v. Piner*, 263 S.W. 578, 580 (Tex. 1924), quoting *State vs. Mallinckrodt Chemical Works*, 249 Mo. 702, 156 S.W. 967, (Mo.).

15. The "transaction" analysis set forth above under the FDCPA applies equally to claims under the TDCA. *Ad valorem* taxes arise pursuant to TEX. CONST. ART. VIII, § 1. They do not arise in the context of a consumer transaction.

16. There was no basis in fact or law for Respondents to assert that the *ad valorem* tax obligations that are at issue in this case are consumer debts as defined in the TDCA.

17. Respondents' also asserted claims against LGBS under 42 U.S.C. § 1983. There was no basis in fact or law for those claims, as Section 1983 does not provide a remedy to a plaintiff seeking damages for the collection or attempted collection of state taxes. *See Harris Cty. Appraisal Dist. v. Braun*, 625 S.W.3d 622, 628-29 ((Tex. App.—Houston [14th Dist.] 2021, no pet.).

18. The Court further finds that these were not the only frivolous filings in this case. Respondents have repeatedly asserted that the Court lacks

jurisdiction because Dallas County has allegedly created a "Tax Court" without the consent of the Legislature. Those assertions are material misrepresentations to this tribunal. All *ad valorem* tax cases in the Dallas District Courts are filed in and assigned to a lawfully created District Court. The term "Tax Court" does not refer to a court that was not created by the Legislature. The "Tax Court" is and has been nothing more than an administrative designation that Dallas County uses for tax cases. It does not refer to a court that was created by any party to this case and refers solely to a lawfully appointed district court.

19. TEX. CIV. PRAC. & REM. CODE § 10.001 provides:

> Sec. 10.001. Signing of Pleadings and Motions.
>
> The signing of a pleading or motion as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry:
>
> (1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) each denial in the pleading or motion of a factual contention is warranted on the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

20. Respondents Gleboff and Marshall have violated TEX. CIV. PRAC. & REM. CODE § 10.001(2) as the claims they asserted under the FDCPA, the TDCA, and 42 U.S.C. § 1983 are not warranted by existing law or by a nonfrivolous

argument for the extension, modification, or reversal of existing law or the establishment of new law. The same is true of their assertions regarding a Tax Court.

21. TEX. CIV. PRAC. & REM. CODE § 10.002 permits a party to make a motion for sanctions based on conduct that violates Section 10.001. The Court is empowered to award to a prevailing party reasonable expenses and attorney's fees incurred in presenting the motion. "A court that determines that a person has signed a pleading or motion in violation of Section 10.001 may impose a sanction on the person, a party represented by the person, or both." TEX. CIV. PRAC. & REM. CODE § 10.004(a).

22. Tex. R. Civ. P. 13 provides:

> The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. Attorneys or parties who shall bring a fictitious suit as an experiment to get an opinion of the court, or who shall file any fictitious pleading in a cause for such a purpose, or shall make statements in pleading which they know to be groundless and false, for the purpose of securing a delay of the trial of the cause, shall be held guilty of a contempt. If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215-2b, upon the person who signed it, a represented party, or both.
>
> Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. A general denial does not constitute a violation of this rule. The amount requested for damages does not constitute a violation of this rule.

23. Respondents Gleboff and Marshall have violated Rule 13. For the reasons set forth above and in LGBS' Motion for Summary Judgment the First Amended Third-Party Complaint is groundless in fact and law and it was filed and brought in bad faith and groundless and brought for the purpose of harassment.

24. The Court further finds that respondence acted with malice and spite in an effort to harass LGBS. Not only did they file and pursue the meritless third-party claims in this case, but they also: (a) filed a federal lawsuit in which they asserted the same claims; and (b) threatened LGBS attorneys with criminal prosecution and State Bar discipline.

25. The Court further finds that the Third-Party Petition was filed for an improper purpose, namely, to intimidate Plaintiff's attorneys and frustrate the collection of taxes on a property for which taxes have not been paid for five decades. Even after Respondent Marshall became trustee of the Dorothy Marshall Living Trust, neither she nor the trust paid taxes for a single year. Ms. Marshall could present no credible basis for that failure, and her testimony supports this finding of improper purpose.

26. The First Amended Third-Party Complaint is part of a pattern of bad-faith, dilatory conduct on the part of Respondents, who have argued that no judge employed by Dalas County could preside over a Dallas County property tax case. The entire course of conduct of Respondents has been designed to delay this case and hinder its prosecution.

27. As a result of their conduct Respondents should be sanctioned pursuant to TEX. CIV. PRAC. & REM. CODE § 10.002 and TEX. R. CIV. P. 13.

28. LGBS' motion for sanctions should be granted.

IT IS THEREFORE ORIDERED, ADJUDGED, AND DECREED that LGBS motion is hereby granted and it is hereby awarded judgment against Respondents in the total amount of $10,000.00 together with interest at the rate provided by law and cost of enforcement of judgment, for which let execution issue.

Respondents are hereby granted the following conditional remittiturs:

a. $50,000.00 if they do not file herein an appeal to the Court of Appeals;
b. $20,000.00 if LGBS does not make or respond to a petition for review to the Texas Supreme Court;
c. $25,000.00 if no such petition is granted;
d. $20,000.00 if no petition for a writ of certiorari is filed with the United States Supreme court in this case; and
e. $100,000.00 if no such petition is granted.

The Court finds that such remittiturs represent the reasonable and necessary fees for LGBS at each such appellate stage if it remains the prevailing party at the time this judgment becomes final. Based on expert testimony presented at the hearing the Court funds that these appellate fees reflect the services it reasonably believes will be necessary to defend at each stage of appeal and a reasonable hourly rate for those services.

LGBS is granted all such writs and processes as are necessary to collect and enforce this judgment.

Signed this 20th day of July, 2026.

JUDGE PRESIDING